# EXHIBIT 6

# 30

## NON-RECOVERY OF GUARANTEE FEE FROM AIR INDIA AND INDIAN AIRLINES

**MINISTRY OF CIVIL AVIATION**

# PUBLIC ACCOUNTS COMMITTEE 2006-2007

**THIRTIETH REPORT**

**FOURTEENTH LOK SABHA**



**LOK SABHA SECRETARIAT**
**NEW DELHI**

# THIRTIETH  REPORT

# PUBLIC  ACCOUNTS  COMMITTEE
## (2006-2007)

## (FOURTEENTH  LOK  SABHA)

## NON-RECOVERY OF GUARANTEE FEE FROM AIR INDIA AND INDIAN AIRLINES

## MINISTRY OF CIVIL AVIATION

*Presented to Lok Sabha on* 7.8.2006
*Laid in Rajya Sabha on* 7.8.2006



LOK  SABHA  SECRETARIAT
NEW DELHI

*August,* 2006/*Sravana,* 1928 *(Saka)*

<u>**PAC No. 1815**</u>

*Price :* Rs. 45.00

© 2006 By Lok Sabha Secretariat

Published under Rule 382 of the Rules of Procedure and Conduct of Business in Lok Sabha (Eleventh Edition) and printed by the Manager, Govt. of India Press, Minto Road, New Delhi-110 002

# CONTENTS

PAGE

COMPOSITION OF THE PUBLIC ACCOUNTS COMMITTEE (2006-2007) ........................ (iii)

INTRODUCTION ................................................................................ (v)

REPORT…………………………………………………………… ........................ 1

| APPENDIX  I | Paragraph 2.1 of the Report of the Comptroller and Auditor General of India for the year ended 31 March, 2004 (No. 2 of 2005), Union Government (Civil – Transaction Audit Observations) ............... | 30 |
| APPENDIX  II | Observations and Recommendations ..................... | 31 |

## PART II

Minutes   of   the   Sittings   of   the   Public Accounts Committee held on 2nd September, 2005 and 20th July, 2006.   ................................................ 37

COMPOSITION OF THE PUBLIC ACCOUNTS COMMITTEE
(2006 - 2007)

Prof. Vijay Kumar Malhotra    —    *Chairman*

*Lok Sabha*

2.  Shri Khagen Das
3.  Shri P.S. Gadhavi
4.  Shri R.L. Jalappa
5.  Shri Raghunath Jha
6.  Shri Bhartruhari Mahtab
7.  Shri Brajesh Pathak
8.  Prof. M. Ramadass
9.  Shri Magunta Sreenivasulu Reddy
10. Shri Madan Lal Sharma
11. Shri Mohan Singh
12. Shri Rajiv Ranjan 'Lalan' Singh
13. Shri Kharabela Swain
14. Shri K.V. Thangkabalu
15. Shri Tarit Baran Topdar

*Rajya Sabha*

16. Shri V. Narayanasamy
17. Shri R.K. Dhawan
18. Shri Janardhana Poojary
19. Shri Suresh Bhardwaj
20. Shri Prasanta Chatterjee
21. Dr. K. Malaisamy
22. Shri Ravula Chandra Sekar Reddy

SECRETARIAT

| 1. | Shri S.K. Sharma | — | *Additional Secretary* |
| 2. | Shri A. Mukhopadhyay | — | *Joint Secretary* |
| 3. | Shri Ashok Sarin | — | *Director* |
| 4. | Shri M.K. Madhusudhan | — | *Under Secretary* |
| 5. | Shri Rajesh Ranjan Kumar | — | *Assistant Director* |

(iii)

# INTRODUCTION

I, the Chairman, Public Accounts Committee, as authorised by the Committee, do present this 30th Report relating to "Non-recovery of guarantee fee from Air India and Indian Airlines" on Paragraph 2.1 of Report of C&AG of India for the year ended 31 March, 2004 (No. 2 of 2005), Union Government—Transaction Audit Observations.

2. The Report of the C&AG of India for the year ended 31 March, 2004 (No. 2 of 2005), Union Government—Transaction Audit Observations was laid on the Table of the House on 6th May, 2005.

3. The Committee took the evidence of the representatives of the Ministry of Civil Aviation and the Ministry of Finance (Department of Economic Affairs) on the subject at their sitting held on 2nd September, 2005. The Committee considered and finalised this Report at their sitting held on 20th July, 2006. Minutes of the sittings form Part – II of the Report.

4. For facility of reference and convenience, the Observations and Recommendations of the Committee have been printed in thick type in the body of the Report and have also been reproduced in a consolidated form in Appendix to the Report.

5. The Committee would like to express their thanks to the officers of the Ministry of Civil Aviation and the Ministry of Finance (Department of Economic Affairs) for the cooperation extended by them in furnishing information and tendering evidence before the Committee.

6. The Committee place on record their appreciation of the assistance rendered to them in the matter by the Office of the Comptroller and Auditor General of India.

NEW DELHI;                                          PROF. VIJAY KUMAR MALHOTRA,
24 *July*, 2006                                                            *Chairman,*
2  *Sravana,* 1928 *(Saka)*                        *Public Accounts Committee.*

# REPORT

**Introductory**

The Constitution of India, *vide* Article 292, empowers the Government of India to give guarantees upon the security of the Consolidated Fund of India in respect of loans raised by various organisations within such limits, if any, as may be fixed from time to time by the Parliament by law.  The Government charges guarantee fee on such guarantees at the rates prescribed from time to time which forms part of non-tax revenue of the Government. As a result of the extension of the Government guarantee, the borrowing organizations are in a position to contract loans at competitive terms at a lower rate of interest.  In fact, Government guarantee, by lowering the credit risk, facilitates the borrower to procure loans, which the borrower might otherwise not be able to obtain or to procure a loan at softer terms than what the borrower can procure on the strength of its own credit rating.  Guarantee fee is levied in consideration of the contingent liability undertaken by the Government.

2. The guarantee is to be extended only in those cases, where it is considered absolutely essential and for minimum time required.  All proposals for guarantee by the Government must be justified in public interest such as borrowings by public sector institutions for approved developmental purposes.  The credit worthiness of the borrower has to be taken into account and kept under review.  Tendency of Public Sector Undertakings to approach Government instead of banks for guarantee to avoid guarantee charges is to be discouraged.

3. The proposals for a guarantee, which amounts to undertaking a contingent liability, should be examined in the same manner as proposal for a loan.  Thus,  the proposal for extension of guarantees have to be examined with reference to:

- the public interest which will be served by the guarantee;

- the credit worthiness of the borrower;

- the terms of borrowings in case of market borrowings and negotiated loans so as to ensure that the stipulations are in line with those approved by the Reserve Bank of India;

- the conditions, which should be prescribed by the Government while giving the  guarantee.

4. This  Report is based on Paragraph 2.1 of the Report of Comptroller and Auditor General (C&AG) of India for the year ended 31 March 2004, (No.2  of  2005), Union Government – Transaction Audit Observations relating to "Non-recovery of guarantee fee from Air India and Indian Airlines".

2

5. A scrutiny of records of the Ministry of Civil Aviation was conducted by Audit in the year 2003-2004.  The main objectives of Audit were to find out whether

- The loans raised by the Public Sector Undertakings under the Ministry, namely, Air India and Indian Airlines as external borrowings and covered under the guarantee of Ministry of Finance, Government of India are still outstanding,

- The guarantee fee had been calculated as per the rates fixed by the Ministry of Finance, and

- The guarantee fee is being paid  as per the schedule or any penalty has been imposed for the period of default.

6. During the Audit scrutiny, it was revealed  that Air India Ltd. and Indian Airlines Ltd. had outstanding loans and interest thereon amounting to Rs. 24171 crore and Rs. 18392 crore respectively as on March 2004. Ministry of Civil Aviation did not recover guarantee fee for the period from January 1989 to March 2004. The guarantee fee not recovered amounted to Rs. 290.05 crore and Rs. 220.70 crore respectively at normal rate and Rs. 580.10 crore and Rs. 441.40 crore at double the normal rate applicable in case of default, for Air India Ltd. and Indian Airlines Ltd. respectively.

**Policy of Government Guarantees on internal and external borrowings raised by PSUs/PSEs**

7. The policy instructions regarding the levy of guarantee fee by the Government are issued by the Ministry of Finance from time to time.  Initially the question of levy of guarantee fee on the borrowings/loans raised by Public Sector Undertakings/ Public Sector Enterprises was examined by the concerned administrative Ministry in terms of the Ministry of Finance OM No.F.18(1)-W&M/69 dated 3rd May, 1969.  In accordance with these instructions, the rate of guarantee fees was to be determined on case to case basis.  All cases of Government guarantees are initially required to be examined in the Administrative Ministry in consultation with the Internal Finance Division and thereafter submitted for approval of Ministry of Finance.

8. On 24th April, 1992, Ministry of Finance issued fresh instructions fixing rates of guarantee fee in respect of internal borrowings.  In respect of guarantee fee for external borrowings, it was decided by the Ministry of Finance that it will be determined on case-to-case basis by the External Commercial Borrowing (ECB) Division of the Department of Economic Affairs in consultation with the Budget Division of the Ministry of Finance.  Subsequently in December 1992, the Ministry of Finance decided that as the proposals for guarantee amount to undertaking a contingent liability, therefore, all cases of extending Government guarantee should be referred to the Ministry of Finance  by the Administrative Ministries before taking a final decision.

9. External Commercial Borrowings is regulated under the guidelines of the Reserve Bank of India (RBI).  External Commercial Borrowings (ECB) refer to commercial loans in the form of bank loans, buyers' credit, suppliers' credit, securitised instruments (*e.g.* floating rate notes and fixed rate bonds) availed from non-resident lenders with minimum average maturity of three years.

3

10. Borrowers can raise ECB from internationally recognized sources such as (i) international banks, (ii) international capital markets, (iii) multilateral' financial institutions [such as International Finance Corporation (IFC), Asian Development Bank (ADB), Commonwealth Development Corporation (CDC), etc.], (iv) export credit agencies, (v) suppliers of equipment, (vi) foreign collaborators and (vii) foreign equity holders.

11. The Ministry of Finance *vide* their OM No.F.12(1)-B(SD)/92 dated 4th June, 1993 laid down the following policy with regard to extension of Government guarantee in respect of external borrowings of Public Sector Undertakings :—

"(i)   Government guarantees would be extended in respect of multilateral loans to Public Sector Undertakings, wherever required by such agencies. In case of bilateral loans, no guarantee would be extended.

 (ii)   Government guarantees for external commercial borrowings would normally not be extended.

(iii)   Guarantees may be extended, if considered necessary, in respect of foreign currency loans contracted by PSUs/developmental financial institutions in the past as and when such enterprises are restructured.

(iv)   All Government guarantees in respect of external borrowings would be subject to guarantee fee of 1.2 per cent per annum on the outstanding amount of principal plus interest.

 (v)   The guarantee fee should be levied on the date of guarantee and thereafter on 1st April every year. Such fees would also be levied in respect of guarantees already issued but still partially outstanding. While reviewing the guarantees annually, Ministries/Departments may also specifically verify payment of guarantee fees.

(vi)   Where the guarantee fee is not paid on due date, fee should be charged at double the normal rates for the period of default.

**Loans raised by the Public Sector Undertakings (Air India and Indian Airlines) and sanction of guarantees**

12. Air India and Indian Airlines approached the Ministry of Finance through their administrative Ministry *i.e.* Ministry of Civil Aviation for financing their aircraft acquisition projects and contracted External Commercial Borrowings after obtaining due approval from the Ministry of Finance. The details of the loans raised by Air India and Indian Airlines and guaranteed by the Ministry of Finance, in which loan amount remained outstanding till 4th June 1993 *i.e.* the date on which the Ministry of Finance had issued their O.M. fixing the rate of guarantee fee on external commercial borrowings, are shown at Annexure-I and Annexure-II respectively.

4

13. In respect of outstanding loans of Air India, the Ministry of Finance in a written note submitted as under :—

"As on 31st March, 2004, the total outstanding loan for aircraft purchase was Rs. 921.77 crore and not Rs. 24171 crore as stated.  Out of this, only Rs. 391.24 crores is guaranteed by the Government of India.  As on 1.4.1993, the total debt of Air India was Rs. 2097.10 crores, out of which Rs. 2007.40 crores was guaranteed by Ministry of Finance."

As regards Indian Airlines the position was stated to be as under :—

"Indian Airlines acquired 31 A-320 aircraft in two phases *i.e.* first batch of 19 aircraft and second batch of 12 aircraft.  The Government approval for 1st batch of 19 aircraft did not stipulate any payment of Guarantee Fee.  In the case of second batch of 12 aircraft, there was a stipulation towards payment of Guarantee Fee  of 1.2 per cent per annum in the Government approvals.  At normal rates, the amount of guarantee fee outstanding as on 1.4.2005 was Rs. 34.38 crores, out of which an amount of Rs. 8.50 crores has already been paid in August, 2005.  As on 31st March, 2004 an amount of USD 64.20 million (Rs. 283.90 crores) was outstanding towards these foreign currency  loans."

14. The loans raised by Air India and Indian Airlines in post-1.1.1989 cases and the guarantee fee prescribed in the sanction issued by Ministry of Finance, as furnished by Ministry of Civil Aviation, are  as under:—

**1. AIR INDIA**

| Sl. No. | Name of Loan | Amount (in US$) | Ministry of Finance Approval No. | Rate of guarantee fee prescribed in the sanction issued by Ministry of Finance |
|---|---|---|---|---|
| 1. | Indus one Loan Agreement No.1 dated 24.9.90 | 4.59 Million | F-6 (67) 90-ECB dated 19.9.90 | Nil |
| 2. | Finance Loan Agreement dated 24.9.90 | 3.675 Million | F-6 (67) 90-ECB dated 19.9.90 | Nil |
| 3. | Indus Two Loan Agreement No.2 dated 26.9.90 | 4.590 Million | F-6 (119) 90-ECB dated 22.10.90 | Nil |
| 4. | Finance Loan Agreement dated 26.10.90 | 3.618 Million | F-6  (119) 90-ECB  dated 22.10.90 | Nil |
| 5. | Export Development Corporation Loan Agreement dated 24.11.92 | 8.670 Million | F-6 (51) 91-ECB dated 14.7.92 | Nil |
| 6. | Exim Loan Agreement dated 17.7.92 | 600.039 Million | F-6 (51) 91-ECB dated 9.7.92 | Nil |
| 7. | Refinancing Exim Loan Agreement dated 9.5.95 | 482.500 Million | F-6 (51) 91-ECB dated 15.3.95 | 0.25% |

5

## 2. INDIAN AIRLINES

| Sl. No. | Name of Loan | Amount (in US$) | Ministry of Finance Approval No. | Rate of guarantee fee prescribed in the sanction issued by Ministry of Finance |
|---|---|---|---|---|
| 1. | KFW credit for financing purchase of Airbus A-320 aircrafts. | 250,000,000 | F-6 (89)/88-ECB dated 12.12.1988 | Nil |
| 2. | Japanese Tax Spared Loan for purchase of Airbus Aircraft through a group of Japanese Banks. | 200 Million | F-6 (2)/89-ECB dated 7.3.1989 | Nil |
| 3. | Acquisition of Airbus A-320 aircraft – Export credit. | 141 Million | F-6 (89)/88-ECB dated 4.9.1989 | Nil |
| 4. | Japanese Tax Spared Loan for purchase of 19 A-320 aircraft from Industrial Bank of Japan. | 50 Million | F-6 (38)/89-ECB dated 17.3.1989 | Nil |
| 5. | Foreign Currency Loan from National Westminister Bank Plc. | 50 Million | F-6 (28)/89-ECB dated 19.4.1990 | Nil |
| 6. | Foreign Currency Loan from Barclays Bank PLC London for financing 6 A-320 aircrafts. | 225 Million | F-6 (62)/92-ECB dated 12.3.1993 | 1.2% |
| 7. | Lease Financing of 6 A-320 aircraft under Export Credit Lease Financing Arrangement. | 206 Million | F-6 (62)/92-ECB dated 11.10.1993. | 1.2% |

**Outstanding guarantee fees**

15. The details of the amount of guarantee fee payable by Air India and Indian Airlines as on 1st April, 2005 as per the rates indicated in the original sanctions issued by Ministry of Finance are as under:—

| | Amount payable as on 1st April, 2005 as per original sanction issued by Ministry of Finance (Rs. in crores) | |
|---|---|---|
| | At normal rate | At penal rate |
| Air India | 24.91 | 49.82 |
| Indian Airlines | 34.38 | 68.76 |
| Total | 59.29 | 118.58 |

6

16. On the basis of the instructions issued by Ministry of Finance on 4th June 1993, the audit estimated an amount to the tune of Rs.1021.50 crores as guarantee fee outstanding from Air India and Indian Airlines for the period from 1989 to March, 2004. The amount payable as per calculation of audit is given below:—

|  | Amount payable as per calculation of Audit from 1989 to 2003-2004 (Rs. in crores) on the basis of M/o Finance instructions dated 4.6.1993 | |
| --- | --- | --- |
|  | At normal rate (1.2 per cent) | At penal rate (2.4 per cent) |
| Air India | 290.05 | 580.10 |
| Indian Airlines | 220.70 | 441.40 |
| Total | 510.75 | 1021.50 |

17. From the information furnished by the Ministry of Civil Aviation, the Committee note that the Ministry had taken a different view of the instructions issued by Ministry of Finance on 4th June, 1993, and projected the figures of guarantee fee payable by both the organisations as under:—

|  | Amount payable as per calculations of Ministry of Civil Aviation from 4.6.1993 to 2005-2006 (Rs. in crores) on the basis of M/o Finance instructions dated 4.6.1993 | |
| --- | --- | --- |
|  | At normal rate (1.2 per cent) | At penal rate (2.4 per cent) |
| Air India | 122.89 | 245.78 |
| Indian Airlines | 180.76 | 361.52 |
| Total | 303.65 | 607.30 |

In respect of guarantee fee payable by Air India, the Ministry of Civil Aviation have in a written note clarified that the amount has been calculated after excluding one loan, which had been refinanced *vide* Ministry of Finance sanction No. 6(51)/91-ECB dated 15th March 1995 wherein a specific mention was made that guarantee fee would not be payable in respect of earlier loan being refinanced.

**Difference in the calculation of figures by Audit and M/o Civil Aviation in respect of outstanding guarantee fee due by Indian Airlines and Air India**

18. The Committee note that the figures of outstanding guarantee fee calculated by the Ministry of Civil Aviation differ from that of Audit. Giving the reasons for the difference in the calculation, Audit stated that the Ministry of Civil Aviation had not calculated the guarantee fee for cases prior to 1989. According to Audit the Ministry of Finance letter dated 18.05.1999 did not contain specific order for waiver of the loans raised in this period.

7

With respect to above Audit comments, the Ministry of Civil Aviation in a written note explained as under:—

> "The guarantee fee payable in case of guarantees dating prior to 1989 was not calculated as it was indicated by Ministry of Finance *vide* their O.M. dated 18th May, 1999 that waiver of guarantee fee in case of such guarantees could be considered. Since Ministry of Civil Aviation is of the opinion that payment of guarantee fee should be insisted upon only in those cases where a stipulation requiring payment of the same had been made by Ministry of Finance at the time of giving the guarantee, the proposal was accordingly taken up for approval of Ministry of Finance for their relaxation/approval. If the request of Ministry of Civil Aviation is accepted by Ministry of Finance, no guarantee fee would be payable in case of sanctions issued prior to 1989. However, the amount payable would be recalculated in case the approach suggested by Ministry of Civil Aviation is not accepted by Ministry of Finance."

19. Audit had further pointed out that in one case loan agreement No. 1 dated 24.09.1990 between Air India and Banque Paribas, the guarantee fee was calculated @ 1 per cent instead of 1.2 per cent. In this regard, the Ministry of Civil Aviation have clarified their position as under :—

> "During 1993-94, guarantee fee has been calculated for the period from 4th June, 1993 to 31st March, 1994 *i.e.* for approximately 10 months. It therefore gives an impression that the amount calculated is @ 1 per cent, which is not correct."

20. With regard to all loans raised by Air India during 1993-94 to 2002-03, Audit in their vetted comments pointed out that Ministry of Civil Aviation had calculated guarantee fee @ 0.25 per cent regardless of stipulation or lack of it, whereas they had taken this figure as 1.2 per cent where there is no stipulation of calculating guarantee fee sanction at 0.25 per cent. According to Audit from the various circulars issued by the Ministry of Finance, it was clear that unless agreed to by the MOF, the guarantee fee would have to be paid @ 1.2 per cent for the period prior to 1989 and to the present. This clarification was made by Ministry of Finance *vide* their U.O. dated 18.5.1999 after which the companies refused to pay guarantee fee, which was not stipulated in the sanction.

In response, the Ministry of Civil Aviation in a written note, explained their position as under:—

> "Further calculations have been made in both the scenarios *i.e.* @ 1.2 per cent and also in accordance with the actual rate indicated in the sanction orders issued by Ministry of Finance at the time of giving guarantees. The matter would be regulated in accordance with the final decision of Ministry of Finance on the proposals submitted by this Ministry on the manner of recovery of guarantee fee from the two airlines."

8

**Recovery of guarantee fee**

21. When the Committee enquired about the efforts made to recover guarantee fee from Air India and Indian Airlines and the reasons for delay in recovery, the Ministry submitted as under:—

> "The instructions issued by Ministry of Finance *vide* their O.M. dated 4th June, 1993 requiring payment of guarantee fee in all cases of partially outstanding guarantees @ 1.2 per cent of the outstanding amount of principle and interest were immediately brought to the notice of Air India and Indian Airlines. An exercise to assess the amount of guarantee fee payable by Air India and Indian Airlines in terms of guidelines issued by Ministry of Finance *vide* their O.M. dated 4th June, 1993 was initiated thereafter and these organisations were advised to take necessary action for payment of the guarantee fee due to the Government in accordance with instructions of Ministry of Finance. However, both Air India and Indian Airlines did not accept the stipulation made by Ministry of Finance that guarantee fee @ 1.2 per cent p.a. is payable in all cases of guarantees extended on or after 1.1.1989 irrespective of stipulation made in the sanction issued by the Ministry of Finance at the time of extension of the guarantees. Apart from this, due to difficult financial position, Air India and Indian Airlines have been expressing their inability to pay the guarantee fee to the Government even in those cases, where a stipulation requiring payment of the guarantee fee had been made by Ministry of Finance. In view of dispute raised by the two Airlines, the guarantee fee could not be recovered."

22. The Ministry of Civil Aviation brought the matter to the notice of Ministry of Finance on 20.10.1998 regarding the inability of Air India and Indian Airlines to pay guarantee fee in those cases where no stipulation regarding guarantee fee had originally been made by the Ministry of Finance. The Ministry of Finance in their letter dated 18th May, 1999 clarified their position as under:—

> "The matter has been examined in Budget division and it has been decided that there will be no review of the cases in respect of payment/waiver of guarantee fee from PSUs in which guarantee was given on or after 1.1.1989. In such cases, the guarantee fee as prescribed as per instructions issued *vide* this Ministry's O.M. No. F12(1)-B(SD)/92 dated 4.6.1993 will be charged and also recover the outstanding guarantee fee including surcharge, if any, in respect of post 1989 need to be recovered immediately.

> In cases prior to 1989 the request of CPSUs for waiver of guarantee fee would be individually examined and considered by this Ministry on case to case basis keeping in view of the following points before taking a final decision:—

> *For profit making companies:*

> (a)  that the CPSU has been servicing the Government loans fully and timely;

> (b)  that the CPSU has paid guarantee fee payable in respect of the guarantee given after the issue of general instructions; and

> (c)  the financial health.

9

*For loss making companies:*

(a)    whether the company has been referred to BIFR; and

(b)    whether a revival package has been contemplated/approved which includes guarantee fee waiver;

   It is, therefore, requested that the individual cases giving full information detailed above like guarantee fee paid, financial statement (of pre-1989 cases) may be furnished to this Ministry."

23. According to Ministry of Civil Aviation, this view point was not accepted by Air India and Indian Airlines and they requested for reconsideration of the decision. Air India and Indian Airlines were not ready to pay guarantee fee, specifically in those cases where a stipulation requiring payment of the same had not been made by Ministry of Finance at the time of extension of guarantee. They further expressed their inability to pay guarantee fee in view of their difficult financial position even in those cases where a stipulation had been made in the sanctions.

24. The reasons given by Indian Airlines for their inability to pay the guarantee fee are stated to be as under:—

   "(i)    Indian Airlines has been regularly representing to the Govt. for waiver of guarantee fee.

   (ii)    Indian Airlines has been discharging its financial obligations in respect of repayment of foreign currency loans and interest thereon from its own resources. As such, the guarantee provided by the Govt. has been more for comfort and to comply with the requirements of the lenders.

   (iii)    Air India and Indian Airlines being public sector airlines under the same Ministry should not be charged at different rates. Air India is being charged @ 0.25 per cent whereas Indian Airlines is being charged @ 1.2 per cent per annum.

   (iv)    Financial position of Indian Airlines is not very sound and it has substantial accumulated losses."

Similarly, the reasons advanced by Air India for seeking exemption from payment of guarantee fee, are stated to be as under:—

   (i)    Air India had been substantially suffering losses during the period 1995-96 to 2000-01. The total accumulated losses of Air India during this period were of the order of Rs.1006.30 crores. In view of this, they were not in a position to pay the guarantee fee.

   (ii)    There had been no default in repayment of loans and interest thereon by Air India in respect of various loans. In view of their track record with regard to timely servicing of the loans, they should not be liable to pay the guarantee fee.

   (iii)    In one particular sanction issued by Ministry of Finance *vide* their letter No. 6(51)/91-ECB dated 15th March, 1995 in respect of refinancing of the US Exim Guarantee Loan for 4 B747-400 aircraft, Air India had been categorically

10

exempted from payment of guarantee fee on earlier loan guaranteed by the Government (which was being refinanced).  In view of this, they should not be liable to pay guarantee fee on the earlier loan which had been refinanced *vide*  sanction referred to above.

In view of above, the request of Air India was primarily for—

(i) Waiver of guarantee fee where there is no stipulation as per their original approvals;

(ii) waiver of penalty proposed to be levied for late payment of guarantee fee; and

(iii) exclude loans for which Ministry of Finance's specific exemption from payment of guarantee fee is available."

25. On being asked to  clarify the reasons for giving special dispensation to Air India by charging  guarantee fee at the rate of 0.25 per cent  whereas Indian Airlines were charged at the rate of 1.2 per cent, the Ministry of Finance replied *vide*  a written note as under:—

"Guarantee fee @ 0.25 per cent was decided as a special 'interim guarantee' for a period of 15 days to Air India /Indian Airlines as risk cover between US $ 50 Million and US $ 500 Million/1.5 Billion. Different rates of guarantee fee is not being charged from Air India /Indian Airlines."

26. The details of profits earned  and losses suffered by  Air India and Indian Airlines from 1992-1993 to 2004-2005, as furnished to the Committee by the  Ministry of Civil Aviation  are as under:—

AIR INDIA

(Rs. in crore)

| | Income | Expenditure | Profit/Loss (Before Tax) | Profit/Loss (After Tax) |
|---|---|---|---|---|
| 1992-93 | 2583.19 | 2250.05 | 333.14 | 333.14 |
| 1993-94 | 2767.96 | 2566.06 | 201.90 | 201.90 |
| 1994-95 | 3130.26 | 3089.46 | 40.80 | 40.80 |
| 1995-96 | 3532.61 | 3804.45 | (271.84) | (271.84) |
| 1996-97 | 3817.78 | 4114.72 | (296.94) | (296.94) |
| 1997-98 | 4174.16 | 4355.17 | (181.01) | (181.01) |
| 1998-99 | 4236.72 | 4411.20 | (174.48) | (174.48) |
| 1999-2000 | 4716.97 | 4754.60 | (37.63) | (37.63) |
| 2000-01 | 5278.84 | 5323.24 | (44.40) | (44.40) |
| 2001-02 | 5032.94 | 5016.22 | 16.72 | 15.44 |
| 2002-03 | 5689.88 | 5545.87 | 144.01 | 133.86 |
| 2003-04 | 6322.07 | 6228.60 | 93.47 | 92.33 |
| 2004-05 (Provisional) | 7548.00 | 7516.80 | 31.20 | |

11

INDIAN AIRLINES

(Rs. in crore)

|  | Income | Expenditure | Profit/Loss (Before Tax) | Profit/Loss (After Tax) |
|---|---|---|---|---|
| 1992-93 | 1578.83 | 1773.94 | (195.11) | (195.11) |
| 1993-94 | 1816.37 | 2074.83 | (258.46) | (258.46) |
| 1994-95 | 2070.24 | 2258.97 | (188.73) | (188.73) |
| 1995-96 | 2489.84 | 2599.82 | (109.98) | (109.98) |
| 1996-97 | 2914.38 | 2928.97 | (14.59) | (14.59) |
| 1997-98 | 3268.25 | 3220.98 | 47.27 | 47.27 |
| 1998-99 | 3445.61 | 3431.44 | 14.17 | 13.12 |
| 1999-2000 | 3565.88 | 3514.46 | 51.42 | 45.27 |
| 2000-01 | 3853.91 | 4013.08 | (159.17) | (159.17) |
| 2001-02 | 3877.29 | 4124.04 | (246.75) | (246.75) |
| 2002-03 | 4173.51 | 4370.07 | (196.56) | (196.56) |
| 2003-04 | 4725.67 | 4677.50 | 48.17 | 44.17 |
| 2004-05 (Provisional) | 5252.00 | 5233.50 | 18.50 | 17.50 |

27. When asked whether Ministry of Finance propose to give financial relief to the two Undertakings in view of the fierce competition being faced by them from the private Airlines, the Ministry of Finance in a written reply stated as under:—

"The two Airlines are commercial entities and should be run on commercial basis. Support to such entities should be provided in transparent manner."

**Waiver of guarantee fee**

28. The Ministry of Civil Aviation took up the issue of waiver of guarantee fee in those cases, where no stipulation had been made requiring payment of guarantee fee at the time of sanction, with the Ministry of Finance *vide* letter dated 9th August, 1999. In that letter the Ministry *inter alia* pleaded their case as under:—

"The stand taken by Ministry of Finance does not seem to be logical. This Ministry has been of the opinion that there should be no liability on the part of the PSUs to make payment of guarantee fee in those cases where the original sanctions did not carry any stipulation for payment of the guarantee fee. This would be a fair approach as the sanctions accorded by the Government at the time of extending guarantees are in the nature of agreement and the

12

terms of the agreement should not be changed at a later date to the disadvantage of the concerned PSUs.

In the case of guarantee given on or after 1.1.89, there is no reason for the concerned PSUs to withhold payment of guarantee fees at this stage as this is a committed liability and, therefore, Air India and Indian Airlines are being advised to make payment of guarantee fees in accordance with the instructions of the Government on the subject.  It is likely that they may approach for some moratorium for payment of guarantee fee and/or for lowering the rate of guarantee fee having regard to their financial health and such requests would be examined in consultation with the Ministry of Finance on merits.

In view of the position explained above, it is requested that the matter should be reviewed in Ministry of Finance and Air India and Indian Airlines should not be required to pay guarantee fee in respect of pre-1989 cases where the original sanctions did not envisage payment of guarantee fee by these organizations."

29. Enquired about   the action taken by the Ministry of Finance on the request of the Ministry of Civil Aviation seeking reconsideration of the decision to levy guarantee fee on Air India and Indian Airlines, the Ministry of Finance in a written note stated as under:

"In the proposal dated 9.8.1999, Secretary, Ministry of Civil Aviation, had accepted the liability for payment of guarantee fee by both the Airlines from 1989 onwards. He had, however, requested for waiver of guarantee fee in respect of period prior to 1989. The Ministry of Civil Aviation were informed *vide* UO dated 28.9.1999 and again *vide* D.O. letter dated 24.1.2001 that the levy of guarantee fee was a subsequent policy dispensation and both the undertakings had the opportunity at the time of such dispensation to opt out of guarantee cover if they felt the guarantee fee would adversely affect their financial health."

30. In their letter addressed to the Ministry of Civil Aviation on 24.1.2001 the Ministry of Finance stated that as regards liability of PSUs for payment of guarantee fee in cases where the original sanctions did not stipulate charging of guarantee fee, the same cannot be waived merely because it was not part of the initial agreement.  In that letter, the Ministry of Finance offered that the proposal of exempting Indian Airlines and Air India from payment of guarantee fee in such cases of Government guarantees will be considered keeping in view (i) the financial health of the companies; (ii) whether these Central Public Sector Undertakings have been servicing the Government loans fully in time; and (iii) whether they have paid guarantee fee in respect of the guarantee given after the issue of general instructions.

31. The Ministry of Finance have  informed the Committee  that no proposal for waiver of guarantee fee on the basis of criteria stipulated   in their letter dated 24.01.2001 was received from the Ministry of Civil Aviation.

13

32. When asked to enumerate efforts made by the Ministry of Civil Aviation to settle the issue of waiver of guarantee fee, the Ministry in a written note stated as under:—

> "Air India and Indian Airlines were requested to settle dues of the Government towards guarantee fee in accordance with the calculations made by Ministry of Civil Aviation  applying penal rate of 2.4 per cent in all cases of guarantees in accordance with Ministry of Finance O.M. dated 4th June, 1993. However, both Air India and Indian Airlines reiterated their earlier stand and requested for waiver of guarantee fee due to their difficult financial position. Based on the views expressed by Air India and Indian Airlines and also the fact that the amounts payable by the two organizations was substantial, it was felt that the recovery in accordance with Ministry of Finance OM dated 4th June, 1993 would be very harsh and there was likelihood of both the organizations going into red if the recovery of guarantee fee at the stipulated rate of 1.2 per cent/ 2.4 per cent in accordance with Ministry of Finance OM dated 4th June, 1993 was insisted upon."

33. The Ministry of Civil Aviation have further stated that the following proposals were placed before the Ministry of Finance for their consideration *vide* their O.M. No. 17/2/2000-F.1 dated 5th August, 2005 :—

> "(i)  Both Air India and Indian Airlines should be required to pay guarantee fee strictly as per sanctions issued by Ministry of Finance *i.e.* they should immediately settle dues of the Government towards guarantee fee in accordance with rates of guarantee fee indicated in the relevant sanctions;

> (ii)  Air India and Indian Airlines should not be required to pay any guarantee fee in those cases where a clear stipulation had not been made by Ministry of Finance at the time of extension of the guarantee by the Government;

> (iii)  Having regard to the difficult financial position of the two companies and also keeping in view the huge investments that are required to be made by them towards aircraft acquisition projects, it is proposed that, as a one time relaxation, they should be permitted to make payments at the normal rates indicated in the sanctions and payment of guarantee fee at the penal rate (which is double the normal rate) should not be insisted upon;

> (iv)  Air India should not be required to pay guarantee fee in case of one loan which had been refinanced *vide*  by Ministry of Finance letter No.6(51)/91-ECB dated 15th March, 1995, wherein it had been specifically indicated that guarantee fee would not be payable in case of earlier loan being refinanced.

> Further recovery of guarantee fee from Air India and Indian Airlines would be regulated in accordance with the final decision of Ministry of Finance regarding liability of these organisations to pay guarantee fee in those cases, which did not carry any stipulation requiring payment of guarantee fee as per original sanctions issued by Ministry of Finance at the time of extension of the guarantees."

14

34. The Committee desired to know the views of the Ministry of Civil Aviation regarding payment of guarantee fee at a penal rate by the two PSUs. The Secretary, Ministry of Civil Aviation, in his deposition before the Committee stated as under:—

> "…….. The two organisations have been requesting that they would pay whatever guarantee fee is due—where it has been specifically provided for in the guarantee documents – at the rate of 1.2 per cent, but would request that no penal rate of 2.4 per cent be levied on them. According to the calculations that have been made by the two companies on this basis, the amount payable by Air India is Rs. 24.91 crore, and by Indian Airlines is Rs. 34.38 crore.

> I would also like to submit here that Air India has paid the entire amount of Rs. 24.91 crore, and Indian Airlines has paid 25 per cent of its due amount, that is, about Rs. 8.50 crore. I can make this submission before the Committee that based on this calculation, Indian Airlines would also pay the remaining amount of about Rs. 26 crore in due course. It is despite the fact that the present financial situation of the two companies does not really permit them to take all this extra liability."

The witness further stated :

> "Today, Air India and Indian Airlines are working in a very competitive environment in the field of civil aviation. It is an environment in which fuel prices are rising, and literally going through the roof. The price of fuel is rising every day. Air India and Indian Airlines also have major plans of acquisition on hand, and they are now going in for a massive fleet acquisition programme, which is quite advanced. In fact, we have been asking the Government for more financial support for this acquisition programme. The Government, in the past, has also agreed to give a new equity of Rs.325 crore to Indian Airlines for financing its new acquisition plan.

> In these circumstances, my submission before this hon. Committee and through this hon. Committee to the Ministry of Finance would be to kindly take a sympathetic view of this situation. We undertake to pay whatever amount is leviable and wherever there is a specific provision of guarantee fees, but with the request that the fees specified therein, that is, at the rate of 1.2 per cent only be charged to the two companies."

35. The Committee desired to know the views of the Ministry of Finance on charging guarantee fee at a nominal rate instead of the stipulated rate of 1.2 per cent from the Public Sector Undertakings. The Ministry of Finance in a written note submitted as under:—

> "The rate of Guarantee Fee is decided keeping in view the entire gamut of issue including risks involved, requirement to fund Guarantee Redemption Fund constituted by Government of India and Savings by borrowing PSUs on account of lower cost of Guaranteed loans and moral hazard issue. Government of India extends Guarantee to only PSUs and Corporations."

15

36. When asked about the justification and the rationale behind the decision for charging guarantee fee retrospectively by the Ministry of Finance, the Ministry in a written note explained as under:—

> "The decision to levy guarantee fee in all cases was taken by the then Finance Minister on 21.12.1988. It was decided subsequently that requests for waiver of guarantee fee would be examined on case to case basis."

37. The Committee desired to know whether there is any policy/provision for relaxation or waiver in respect of payment of guarantee fee by PSUs on the ground of poor financial condition. The Ministry of Finance stated in their written note as under:

> "There is no formal policy on relaxation/waiver of guarantee fees. Requests for waivers/ relaxation are examined on case by case basis. Exemption from payment of guarantee fee is given with the approval of the Cabinet as a package for revival of sick PSUs, including on the recommendations of the BIFR. In general, relaxations are restricted to cases of developmental loans and not commercial loans."

38. The Committee enquired whether Ministry of Finance had exempted any PSU from payment of guarantee fee since issue of their OM dated 4.6.1993. In response, the Ministry of Finance furnished the following illustrative list of PSUs which were exempted from levy of guarantee fee or guarantee fee charged at reduced rate :—

| Year | Name of PSU | Rate of Guarantee Fee (per cent per annum) |
| --- | --- | --- |
| 1995 | Tyre Corp. of India | 0.25 |
|  | NABARD | 0.25 |
| 1996 | DVC | 0.25 |
|  | IREDA | 0.25 |
|  | DVC | 0.25 |
|  | RPNN | 0.25 |
|  | NABARD | 0.25 |
|  | HUDCO | 0.25 |
| 1997 | DTC | 0.25 |
|  | HUDCO | 0.25 |
| 1998 | HUDCO | 0.25 |
| 1999 | National Housing Bank | 0.25 |
|  | NABARD | 0.25 |
| 2003 | PSIF-II | 0.60 |
|  | Power Finance Corporation | 0.20 |
|  | SIDBI | 0.50 |

16

39. When asked by the Committee to explain the justification behind imposing penalty at double the rate from the two PSUs in question despite their poor financial status, Ministry of Finance explained as under:

"Penalty provision is provided to encourage compliance and make voluntary default financially unattractive. Penal rates are uniform across borrowers. It may not be advisable to prescribe lower penalty for borrowers with higher risk of default."

**Status of Payment of Guarantee Fees**

40. When enquired about the latest status of payment of guarantee fees by Air India and Indian Airlines, the Ministry of Civil Aviation in a written note stated as under:—

"Now, that the financial positions of these organisations has improved, they have started making payment of guarantee fee due to the Government in accordance with the stipulations made in the original sanctions issued by the Ministry of Finance at the time of giving the guarantees.  Air India has since paid entire amount of Rs. 24.91 crores due from them as on 1.4.2005.  Indian Airlines has paid a sum of Rs. 8.50 crores out of total dues of Rs. 34.38 crores as on 1.4.2005 and they have further indicated that balance amount would be paid in 6 monthly instalments from September 2005 to February 2006."

The status of payment of guarantee fees by Air India and Indian Airlines, as on 30.11.2005,  was stated to be as under :—

| Sl. No. | Name of PSU | Amount (Rs. in lakhs) | Date of payment to Govt. |
|---------|-------------|----------------------|--------------------------|
| 1. | Air India | 11,35.00 | 5.7.2005 |
| | | 11,35.00 | 29.7.2005 |
| | | 2,21.00 | 3.8.2005 |
| | Total: | 24,91.00 | |
| | | (or say Rs.24.91 crores) | |
| 2. | Indian Airlines | 8,50.00 | 11.8.2005 |
| | | 4,31.30 | 30.9.2005 |
| | | 4,31.30 | 31.10.2005 |
| | | 4,31.30 | 30.11.2005 |
| | Total: | 21,43.90 | |
| | | (or say Rupees Twenty one crore forty three lakh and ninety thousand only) | |

17

As per the latest information furnished by the Ministry of Civil Aviation as on 27.02.2006, the balance amount has been paid by Indian Airlines. The details of instalments paid by the Indian Airlines after 30.11.2005 are as under:

| Date of Payment | Amount ( Rs. in lakhs) |
|---|---|
| 30.12.2005 | 431.30 |
| 30.01.2006 | 431.30 |
| 27.02.2006 | 431.30 |

41. On being asked about any default in repayment of loans by Undertakings, the Secretary, Ministry of Civil Aviation submitted during evidence that:

"In case of both Air India and Indian Airlines, I am happy to state before this Hon'ble Committee that they  never defaulted on any of the loans that they have taken.  There has been no occasion for their guarantees to be invoked in any way."

**Future Aircraft Acquisition Programme**

42. The Committee desired to know about the future acquisition programme for augmenting the fleet of Air India and Indian Airlines as well as the constraints, if any, being faced by them in arranging finance for the acquisitions.  Air India in a written note submitted as under:—

"Air India has submitted a Project Report to the Government of India for acquisition of 50 aircraft between 2007-08 to 2012-13.  In addition, Air India Charters Ltd., a fully owned subsidiary of Air India has also submitted a Project Report for acquisition of 18 B737-800 aircraft between 2006-07 to 2009-10.  The aircraft induction schedule is given as under :—

Air India Limited—Acquisition of 50 Aircraft

| Year | B777-299LR | B777-300ER | B787-8 | TOTAL |
|---|---|---|---|---|
| 2007-08 | 3 | 3 | - | 6 |
| 2008-09 | 2 | 2 | 4 | 8 |
| 2009-10 | 3 | 4 | 5 | 12 |
| 2010-11 | - | 1 | 9 | 10 |
| 2011-12 | - | - | 9 | 9 |
| 2012-13 | - | 5 | - | 5 |
| Total : | 8 | 15 | 27 | 50 |

Air India Charters Limited — Acquisition of 18 Aircraft

| Year | No. |
|---|---|
| 2006-2007 | 4 |
| 2008-2009 | 4 |
| 2010-2011 | 10 |
| Total : | 18 |

18

The total cost of acquisition of Air India and Air India Charters Ltd., is estimated at around US$ 7.000 Billion and US$ 1.000 Billion respectively. The financing of the aircraft acquisition programme, like in the past, is envisaged through ECB guaranteed by Exim Bank of USA.

As the capital base of Air India and Air India Charters Ltd., is very low and the extent of debt sought to be raised for financing the aircraft acquisition is very high, Air India and Air India Charters Ltd., will need the support of the MoF in the form of a sovereign guarantee in order to raise debt, at competitive rates in international market. The sovereign guarantee will not only enable Air India and Air India Charters Ltd., to raise financing at the competitive rates, but also the processing of the loans/guarantee from Exim would be smoother."

Indian Airlines explained their position in this regard as follows:—

"The future aircraft acquisition proposal of Indian Airlines, awaiting Government approval, envisages purchase of 43 new aircraft comprising 19 A3 19, 4 A320 and 20 A321 aircraft. The purchase agreement and delivery schedule would be finalized and fixed up after the Government approval is received. Seeing the track record of Indian Airlines meeting all its loan and interest obligations, no difficulty is envisaged in arranging the finance for funding the acquisition of aircraft. Further, it is understood that the aircraft acquisition project of Indian Airlines would be backed by grant of sovereign guarantee covering the principal amount of loans and outstanding interest thereon in case of default in payment for loans to be taken by Indian Airlines to fund the purchase of aircraft."

**Monitoring Mechanism**

43. Responding to a query regarding monitoring mechanism in the Ministry of Finance to oversee the realization of charged guarantee fee, the Additional Secretary, Department of Economic Affairs, Ministry of Finance during evidence deposed as under :—

"The way the system works is that the monitoring of guarantees till October, 2003 was essentially decentralized in that the Ministries concerned and the Financial Advisors of those Ministries monitor the outstanding guarantees and the payments which have to be paid in respect of those guarantees. Since October, 2003, with the introduction of the Fiscal Responsibility Budget Management regime by the Government, there is now tighter monitoring."

44. The Ministry of Finance had issued instructions on 16th October, 2003 requesting the Ministries/Departments to furnish quarterly reports in a revised and more detailed proforma showing, *inter alia*, the details of guarantee fee receivable and received in case of each PSU/institution in whose favour guarantee has been given.

44A. According to the Ministry of Finance, under the Fiscal Responsibility and Budget Management Act, 2003 and the Rules framed thereunder, Government is also

19

mandated to disclose to Parliament each year, a Statement of Guarantees in the prescribed format.  The first such statement is to be laid with the presentation of Budget for the financial year 2006-07.  The prescribed format for the disclosure statement, *inter alia*, includes information on guarantee fee receivable and received by the Government.

45. On being asked by the Committee to explain the monitoring system in vogue in the Ministry of Civil Aviation,  the Ministry in a written note submitted as under :—

> "The Government guarantees are monitored in the Ministry of Civil Aviation on a quarterly basis with a view to ascertain whether there is any default in repayment of principal amount and interest thereon and whether there is a possibility of any guarantee being invoked.   The result of the review is communicated to Ministry of Finance regularly on a quarterly basis in the prescribed format."

46. Asked whether the quarterly reports were sent by Ministry of Civil Aviation regularly to the Ministry of Finance,  the Ministry replied in affirmative.

The Ministry further stated :—

> "The fact that guarantee fee is not being paid by Air India and Indian Airlines was reflected in the quarterly reports sent to Ministry of Finance indicating that the matter is being reviewed in the light of points raised by the two airlines and a final decision in the matter is yet to be taken."

When asked whether the Ministry of Finance had given any comments/reactions on the quarterly reports submitted by the Ministry of Civil Aviation, the Ministry in a written note stated as under :—

> "No comments/response was received from Ministry of Finance on the quarterly returns furnished to them with regard to outstanding guarantees given by Government in case of Air India and Indian Airlines."

47. The Ministry of Finance, on the other hand contended that the reports were not being furnished  to them regularly.  In a written note they stated as under :—

> "The Ministry of Civil Aviation through the quarterly reports also did not report default on payment of guarantee fee. However, the Ministry of Civil Aviation has again referred the matter on 5th August, 2005 for re-consideration of the case in which they changed the stand taken in the D.O. letter dated 9th August, 1999 of the Secretary, Civil Aviation."

The Ministry of Finance have further stated as under :—

> "Instructions have been issued from time to time on submission of reports on Government of India Guarantees. Further with the statutory obligation to report information on guarantees to Parliament under the Fiscal Responsibility & Budget  Management (FRBM) Act, 2003, better compliance is expected from Ministries/Departments."

## OBSERVATIONS AND RECOMMENDATIONS

**48. Under Article 292 of the Constitution of India, the Union Government has been empowered to give guarantees upon the security of the Consolidated Fund of India in respect of loans (both internal and external) raised by various organizations within such limits as may be fixed from time to time by an Act of Parliament, for which Guarantee Fee is levied in consideration of the contingent liability undertaken by the Government. The Government charges guarantee fee on such guarantees at the rates prescribed from time to time which forms part of non-tax revenue of the Government. The Government guarantees facilitates the borrower organisations to procure loans from lending institutions at softer terms with lower rates of interest than what the borrower can procure on the strength of its own credit rating.**

**49. Initially, the question of levy of guarantee fee on the borrowings/loans raised by Public Sector Undertakings/ Enterprises was examined by the concerned Administrative Ministry and the rate of guarantee fee was to be determined on case to case basis. In April, 1992 instructions were issued by the Ministry of Finance, fixing guarantee fee @ 1 per cent per annum in respect of internal borrowings. In respect of guarantee fee for external borrowings, it was decided that it will be determined on case to case basis. They further decided that since the proposals for guarantee amounted to undertaking a contingent liability, all cases of extending Government guarantees should be referred to the Ministry of Finance by the Administrative Ministries before taking a final decision.**

**50. The Committee note that Air India and Indian Airlines have been financing their aircraft acquisition projects through External Commercial Borrowings (ECBs). The Government guarantees issued by the Ministry of Finance to Air India and Indian Airlines in pre-1993 period in connection with external commercial borrowings did not carry stipulations for payment of any guarantee fee. It was only in 1993 that Ministry of Finance issued instructions for charging guarantee fee at the flat rate of 1.2 per cent per annum on the outstanding amount of principal plus interest in respect of external borrowings. As per these instructions, the guarantee fee was to be levied in respect of guarantee already issued but still partially outstanding. The instructions further stipulated that where the guarantee fee was not paid on due dates, fee should be charged at double the normal rates for the period of default.**

**51. As per Audit calculation the Air India and Indian Airlines had outstanding loans and interest thereon amounting to Rs. 24171 crore and Rs. 18392 crore respectively as on March, 2004 and the guarantee fee payable by these PSUs for the period from January, 1989 to March, 2004 amounted to Rs. 290.05 crore and Rs. 220.70 crore respectively at normal rates and Rs. 580.10 crore and Rs. 441.40 crore at double the normal rate in case of default. However, according to the Ministry of Civil Aviation, as on 31st March, 2004, the total outstanding loan on Air India for aircraft purchase was Rs. 921.77 crore, out of which only Rs. 391.24 crore was guaranteed by the Government of India. In the case of Indian Airlines, an amount of USD 64.20 million (Rs. 283.90 crore) was outstanding towards foreign**

20

21

currency loans as on 31st March, 2004. The Committee were informed by Ministry of Civil Aviation that while calculating the amount of guarantee fee due on Air India, they had excluded one loan which had been refinanced by the Ministry of Finance, wherein there was a specific mention in the sanction order stating guarantee fee would not be payable in respect of earlier loan being refinanced.  The Ministry of Civil Aviation further clarified that the guarantee fee payable in respect of cases prior to 1989 for both Air India and Indian Airlines  was not calculated since  they had represented to the Ministry of Finance for not charging the guarantee fee in those cases where there was no stipulation requiring payment of the same had been made at the time of giving the guarantee.

52. The Committee have been informed that both Air India and Indian Airlines did not accept the stipulation made by Ministry of Finance for payment of  guarantee fee at the rate of 1.2 per cent in all cases of external borrowing extended on or after 1.1.1989 irrespective of stipulation made in the sanction issued by the Ministry of Finance at the time of extension of guarantees.  Citing their  difficult financial position, Air India and Indian Airlines also expressed their inability to pay the guarantee fee to the Government even in those cases, where stipulations requiring payment of the guarantee fee were made by the Ministry of Finance at the time of extending guarantees.  In view of the dispute raised by the two PSUs,  the guarantee fee could not be recovered.

53. The Committee feel that the issuance of conditions in the Ministry of Finance O.M. in June, 1993 that all Government guarantees in respect of external borrowings would be subject to guarantee fee of 1.2 per cent per annum on the outstanding amount of principal plus interest was perhaps not correct as the terms and conditions of the contracts cannot be changed retrospectively. What is surprising is the fact that the Ministry of Civil Aviation took more than five years to  represent to the Ministry of Finance, *i.e.* on 20.10.1998,  for clarification with regard to liability of Air India and Indian Airlines to pay guarantee fee in those cases which did not carry any stipulation requiring payment of guarantee fee in the sanctions issued by Ministry of Finance at the time of giving the guarantee.  The Committee are constrained to point out that the Ministry of Civil Aviation failed to adduce convincing reasons in support of their request from the very beginning. In the letter dated 9.8.1999 addressed to the Ministry of Finance (Department of Expenditure), the Secretary, Ministry of Civil Aviation  projected contradictory views. While on the one hand, it was contended that  the stand taken by the Ministry of Finance was illogical on the plea that the sanctions accorded by the Government at the time of extending guarantees were in the nature of agreement and the terms of the agreement should not be changed at a later date to the disadvantage of the concerned Public Sector Undertakings. On the other hand, it was emphasized that in case of guarantees given on or after 1.1.1989, there was no reason for the concerned PSUs to withhold payment of guarantee fees at that stage as that was a committed liability and they were being advised to make payment of guarantee fees in accordance with the instructions of the Government on the subject. The response of Ministry of Finance dated 28.9.1999 was further disquietening as they took an uncompromising stand that guarantee fee could not be waived merely because it

22

was not part of the initial agreement, as the levy of guarantee fee was a subsequent policy dispensation and both the undertakings had an opportunity at the time of such dispensation to opt out of the guarantee cover if they felt the guarantee fee would adversely affect their financial health. The Committee feel that the approach adopted by the Ministry of Finance is some what rigid and uncompromising  and had apparently led to a stalemate.   The Ministry of Finance are fully aware that Indian Airlines and Air India approached them through their administrative Ministry for guarantee because they could not manage the credit themselves.  At this stage, the Air India and the Indian Airlines had no option but to continue with the loans/ guarantees and Ministry of Finance had only to re-examine or settle the issue. The Committee feel that sincere efforts were not made by both the Ministries to come to an amicable solution.

54.  From the foregoing the Committee are inclined to conclude that the matter continued to shuttle between the Ministries of Civil Aviation and Finance for years and no amount of guarantee fee could be recovered from Air India and Indian Airlines till mid-2005 as the two Ministries could not reach at a mutually acceptable solution. Whatever steps have now been initiated were taken by the Ministry of Civil Aviation  only after the Public Accounts Committee took up the subject for detailed examination in May 2005.  Air India paid Rs. 24.91 crore during July-August, 2005 and Indian Airlines began payment of Rs. 8.50 crore in August, 2005 as guarantee fee.  The Ministry of Civil Aviation, too,  has reportedly sent a comprehensive proposal to the Ministry of Finance on 5.8.2005 and subsequently on 1.9.2005, for waiver of guarantee fees in those cases where a clear stipulation had not been made at the time of sanction of guarantees as well as  for waiver of penalty,  with the submission that recovery of guarantee fee from Air India and Indian Airlines would be regulated in accordance with the final decision of the Ministry of Finance.  The Committee are surprised to note that the matter had been lingering on for several years and both the Ministries could not arrive at a consensus on this issue from 1993 till 2005 *i.e.* even after the lapse of 12 years. They feel that the two Ministries could and should have reached at a mutually acceptable solution, had there been sustained and concerted efforts on their part to resolve the matter.  That this was not done is nothing but regrettable.

55. The Committee have now been informed that Air India had since paid the entire amount of guarantee fee amounting to Rs. 24.91 crore calculated at normal rate and as per the original sanction of Ministry of Finance and similarly, the Indian Airlines had paid the  total dues of Rs. 34.38 crores in instalments.

56. The Committee are of the view that the levying of  guarantee fee at the flat rate of 1.2 per cent per annum on the outstanding amounts in respect of all loans borrowed by the Indian Airlines and the Air India irrespective of stipulations made in the original sanctions issued by the Ministry of Finance at the time of extension of guarantees was not proper. Since guarantee fee at the normal rates have already been paid by the both PSUs and in view of the difficult financial conditions of these PSUs on account of fierce competition from the private airlines the Committee feel that it would not perhaps be appropriate on the part of Ministry of Finance to insist

23

**on payment of guarantee fee at penal rates. They, therefore, recommend that Government should treat this matter as closed.  That this issue could not be settled in an amicable manner and allowed to linger on for years together till Public Accounts Committee were seized of the matter speaks volumes about the laxity, apathy and rigidity on the part of both the Departments is nothing but regrettable. The Committee hope that in future any such disputes would be expeditiously and amicably settled between the Ministry of Finance and the concerned administrative Ministry.**

New Delhi;

24 *July*, 2006

2 *Sravana*, 1928 *(Saka)*

PROF. VIJAY KUMAR MALHOTRA,

*Chairman,*

*Public  Accounts  Committee.*

AIR INDIA LIMITED

ANNEXURE-I

Statement Showing the details of Guarantees extended by Government of India in connection with Borrowings of Air India in all cases
(*i.e.* both Pre and Post 1989 Period) in which Loan Amount remained Outstanding till 4.6.1993:

(Rs. in crores)

| Sl. No. | Loan particulars | Type of Aircraft financed through loans | Reference & Dt. of sanction of approval by M/o Finance | Amount of loan sanctioned | Amount guaranteed by Ministry of Finance | Gaurantee fee stipulation in original approval | Last date as stipulated for repayment of loan | Amount outstanding (Principal & Interest thereon) | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | As on 4.6.1993 | As on 1.4.2004 | As on 1.4.2005 | As on 30.9.2005 |
| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 |
| | Loans sanctioned pre 1989 for which MoF approval contained no stipulation for payment of Guarantee Fees | | | | | | | | | | |
| 1. | Euro Dollar Loan Agreement dated 4.3.86 between Air India and Barclays Bank Intl. | 6 A 310-300 | F-6/97/84-ECB(1) dated 31-12-85 | US$ 173M | US$ 173 M | No | Mar.-96 | 251.74 | | | |
| 2. | Japanese Yen Loan Agreement dated 31.1.86 between Air India and Fuji Bank | 6 A 310-300 | F-6/97/84-ECB(2) dated 31.12.85 | Yen 10 Billion | Yen 10 Billion | No | Feb.-96 | 146.60 | | | |
| 3. | Interest Swap Loan Agreement dated 6.2.87 between Air India and Yasuda Trust & Banking Corp. | 6 A 310-300 | F-6(194)85-ECB dated 31-12-86 | US$ 80 Million | US$ 80 Million | No | Mar.-97 | 183.44 | | | |
| 4. | Refinancing Loan Agreement dated 8.7.88 between Air India and Sogen Asia Ltd. HKG (USD) | 6 A 310-300 | F-6(170)87-ECB dated 20.5.88 | US$ 100 Million | US$ 100 Million | No | Jul.-98 | 266.78 | | | |
| 5. | Refinancing Loan Agreement dated 8.7.88 between Air India and Sogen Asia Ltd. HKG (DM) | 6 A 310-300 | F-6(170)87-ECB dated 20.5.88 | DM 85.225 Million | DM 85.225 Million | No | Jul.-98 | 137.07 | | | |
| 6. | Facility Agreement dated 12.10.88 between Air India and Sakura Finance Asia Ltd. | 1B737-300 Combi | F-6(94)88-ECB dated 27.9.88 | US$ 160 Million | US$ 160 Million | No | Oct-98 | 426.85 | | | |

24

| 7. | Export Development Corporation Loan Agreement dated 16.10.87 between Air India and EDC, Canada | 6 A 310-300 Simulator | F-6(117)86-ECB dated 4.2.87 | US$ 7.450 Million | US$ 7.450 Million | No | Mar-37 | 15.88 | 7.75 | 7.53 | 7.44 |
| 8. | Indus 1 Loan Agreement No. 1 dated 24.9.90 between Air India and Banque Paribas | 7th A 310-300 | F-6(67)90-ECB dated 19.9.90 | US$ 4.590 Million | US$ 4.590 Million | No | Aug-00 | 11.96 | | | |
| 9. | Finance Loan Agreement dated 24.9.90 between Air India and Banque Paribas | 7th A 310-300 | F-6(67)90-ECB dated 19.9.90 | US$ 3.675 Million | US$ 3.675 Million | No | Aug-00 | 7.56 | | | |
| 10. | Indus Two Loan Agreement No. 2 dated 26.9.90 between Air India and Barclays Bank, London | 8th A 310-300 | F-6(119)90-ECB dated 22.10.90 | US$ 4.590 Million | US$ 4.590 Million | No | Aug-00 | 11.95 | | | |
| 11. | Finance Loan Agreement dated 26.10.90 between Air India and Banque Bank, London | 8th A 310-300 | F-6(119)90-ECB dated 22.10.90 | US$ 3.618 Million | US$ 3.618 Million | No | Aug-00 | 8.52 | | | |
| 12. | Export Development Corpn. Loan Agreement dated 24.11.92 between Air India & EDC., Canada | B747-400 Simulator | F-6(51)91-ECB dated 14.7.92 | US$ 8.670 Million | US$ 8.670 Million | No | Sep-98 | 25.73 | | | |
| 13. | Exim Guaranteed Loan Agreement dated 17.7.92 between Air India and Citibank | 4 B 747-400 | F-6(51)91-ECB dated 9.7.92 | US$ 600.039 Million | US$ 600.039 Million | No | Jul-95 | 545.02 | | | |
| | Loans sanctioned post 1989 for which MoF approval contained stipulation for payment of guarantee fee | | | | | | | | | | |
| 14. | Exim Guaranteed Refinancing Loan Agreement dated 9.6.95 between Air India and Chase Manhatan Bank* | 4B747-400 | F-6(51)91-ECB dated 15.3.95 | US$ 482.500 Million | US$ 482.500 Million | Yes @ 0.25% | Jan-06 | - 2039.09 | 383.49 391.24 | 191.88 199.41 | 96.25 103.69 |

*Exempted from payment of guarantee fee as para 4 of MoF approval F-6(51)91-ECB dated 15.3.95

INDIAN AIRLINES

Statement Showing the Details of Guarantees extended by Government of India in Connection with Borrowings of Indian Airlines
in All Cases (*i.e.* Both Pre and Post 1989 Period) in which Loan Amount Remained Outstanding Till 4.6.1993

| Sl. No. | Loan particulars | Type of Aircraft financed through loans | Reference & Dt. of sanction of approval by M/o Finance | Amount of loan sanctioned | Amount guaranteed by Ministry of Finance | Guarantee fee stipulation in original approval | Last date as stipulated for repayment of loan | Amount outstanding (Principal & Interest thereon) (USD in Million) | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | As on 4.6.1993 | As on 1.4.2004 | As on 1.4.2005 | As on 30.9.2005 |
| 1. | KFW. Germany (USD 250 Million) | A320 | F-6(89)/88-ECB dt. 12.12.88 | $250.00 | 100% | Nil | 31.3.2006 | 229.23 | 32.67 | 16.74 | 8.47 |
| 2. | Japanese Tax Spared | A320 | F-6(2)/89-ECB dt. 7.3.89 | $200.00 | 100% | Nil | 23.6.1999 | 200.00 | - | - | - |
| 3. | European Export Credit (LASU USD 141 million) | A320 | F-6(89)/88-ECB dt.4.9.89 & 11.9.89 | $141.00 | 100% | Nil | 28.9.2000 | 105.65 | - | - | - |
| 4. | Canadian Tax Spared (National Westminister Bank) | A320 | F-6(28)/88-ECB dt. 19.4.90 | $50.00 | 100% | Nil | 31.0.2002 | 50.00 | - | - | - |
| 5. | Industrial Bank of Japan | A320 | F-6(38)/89-ECB dt. 17.3.89 | Yen 6638 | 100% | Nil | 30.7.1999 | 50.00 | - | - | - |
| 6. | EDC Canada Sim-1 (USD 12.6 Million) | A320 Simulator | F-6(55)/88-ECB dt. 4.5.88 | $12.60 | 100% | Nil | 31.10.2039 | 10.09 | 3.81 | 3.7 | 3.59 |
| 7. | Barclays Bank-6A320s (USD 190.53 Million) | A320 | F-6(52)/92-ECB dt. 12.3.93 & 26.5.93 | $190.53 | 30% of Principal +100% of interest outstanding & security of asset under lease financing | 1.2% of outstanding balance | 5.8.2003 | 164.96 | - | - | - |

26

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 8. | ANZ Bank-1 A320 | A320 | F-6(62)/93-ECB dt. 4.11.93, 20.4.94, 9.8.94 & 25.8.94 | $32.79 | 30% of Principal + 100% of interest outstanding & US$ 3.9 Million & security of asset under lease financing. | 1.2% of outstanding balance | 19.12..2003 | 9.61 | – | – | – |
| 9. | ANZ Banks-5 A320s | A320 | F-6(62)/92-ECB dt. 11.10.93, | $168.83 | 30% of Principal + 100% of interest outstanding & security of asset under lease financing. | 1.2% of outstanding balance | 28.4.2006 | – | 27.72 | 6.51 | 2.27 |

INDIAN  AIRLINES

Statement Showing the Details of Guarantees extended by Government of India in Connection with Borrowings of Indian Airlines  in
All Cases (*i.e.*  Both Pre and Post 1989 Period) in which Loan Amount Remained Outstanding Till 4.6.1993

(Rs. in crores)

| Sl. No. | Loan particulars | Type of Aircraft financed through loans | Reference & Dt. of sanction of approval by M/o Finance | Amount of loan sanctioned | Amount guaranteed by Ministry of Finance | Guarantee fee stipulation original approval | Last date as stipulated for repayment of loan | Amount outstanding (Principal  & Interest thereon) | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | As on 4.6.1993 | As on 1.4.2004 | As on 1.4.2005 | As on 30.9.2005 |
| 1. | KFW. Germany (USD 250 Million) | A320 | F-6(89)/88-ECB dt. 12.12.88 | $250.00 | 100% | Nil | 31.3.2006 | 720.93 | 148.55 | 73.20 | 37.06 |
| 2. | Japanese Tax Spared | A320 | F-6(2)/89-ECB dt. 7.3.89 | $200.00 | 100% | Nil | 23.6.1999 | 629.00 | – | – | – |
| 3. | European Export Credit (LASU USD 141 Million) | A320 | F-6(89)/88-ECB dt.  4.9.89 &11.9.89 | $141.00 | 100% | Nil | 28.9.2000 | 332.27 | | | |
| 4. | Canadian Tax Spared (National  Westminister Bank) | A320 | F-6(28)/88-ECB dt. 19.4.90 | $50.00 | 100% | Nil | 31.10.2002 | 157.25 | | | |
| 5. | Industrial Bank of Japan | A320 | F-6(38)/89-ECB dt. 17.3.89 | Yen 6638 | 100% | Nil | 30.7.1999 | 157.25 | – | – | – |
| 6. | EDC Canada Sim-1 (USD 12.6 Million) | A320 Simulator | F-6(55)/88-ECB dt. 4.5.88 | $12.60 | 100% | Nil | 31.10.2039 | 31.73 | 17.32 | 16.18 | 15.71 |
| 7. | Barclays Bank-6A320s (USD 190.53 Million) | A320 | F-6(52)/92-ECB dt. 12.3.93 & 26.5.93 | $190.53 | 30% of Principal +100% of interest outstanding & security of asset under Lease financing | 1.2% of outstanding balance | 5.8.2003 | 518.80 | | | |

| 8. | ANZ Bank-1 A320 | A320 | F-6(62)/93-ECB dt. 4.11.93, 20.4.94, 9.8.94 & 25.8.94 | $32.79 | 30% of Principal + 100% of interest outstanding & US$ 3.9 Million & security of asset under lease financing. | 1.2% of outstanding balance | 19.12.2003 | 30.22 | – | – | – |
| 9. | ANZ Banks-5 A320s | A320 | F-6(62)/92-ECB dt. 11.10.93 | $168.83 | 30% of Principal + 100% of interest outstanding & security of asset under lease financing. | 1.2% of outstanding balance | 28.4.2006 | – | 126.04 | 28.47 | 9.93 |

**APPENDIX I**

PARAGRAPH 2.1 OF THE REPORT OF THE COMPTROLLER AND AUDITOR
GENERAL OF INDIA FOR THE YEAR ENDED 31 MARCH, 2004
(NO. 2 OF 2005), UNION GOVERNMENT
(CIVIL-TRANSACTION AUDIT
OBSERVATIONS)

**2.1 Non-recovery of guarantee fee from Air India and Indian Airlines**

**Ministry of Civil Aviation failed to recover Guarantee Fee amounting to Rs. 1021.50 crore as of March 2004**

Article 292 of the Constitution empowers the Union Government to give guarantees in respect of loans raised within such limits as may be fixed from time to time by an Act of Parliament. The Government charges guarantee fee on such guarantees at the rates prescribed from time to time which forms part of non-tax revenue of the Government.

In June 1993, Ministry of Finance, Department of Economic Affairs, issued instructions that all Government guarantees in respect of external borrowings would be subject to a guarantee fee of 1.2 *per cent per annum* on the outstanding amount of principal plus interest thereon. The guarantee fee was to be levied on the date of guarantee and thereafter on 1 April every year. Such fees were also leviable in respect of guarantees already issued but still partially outstanding. In cases of non-payment of guarantee fee on due date, fee for the period of default was payable at double the normal rate.

Scrutiny of records in the Ministry of Civil Aviation revealed that Air India Ltd. and Indian Airlines Ltd. had outstanding loans and interest thereon amounting to Rs. 24171 crore and Rs. 18392 crore respectively as on March 2004. Ministry did not recover guarantee fee for the period from January 1989 to March 2004. The guarantee fee not recovered amounted to Rs. 290.05 crore and Rs. 220.70 crore respectively at normal rates and Rs. 580.10 crore and Rs. 441.40 crore at double the normal rate applicable incase of default, for Air India Ltd. and Indian Airlines Ltd., respectively.

The matter was brought to the notice of the Ministry in August 2004; their reply was awaited (December 2004).

**APPENDIX II**

STATEMENT OF OBSERVATIONS AND RECOMMENDATIONS

| Sl. No. | Para No. | Ministry/ Department | Observations and Recommendations |
|---|---|---|---|
| 1 | 2 | 3 | 4 |
| 1. | 48 | Civil Aviation and Finance (Department of Economic Affairs) | Under Article 292 of the Constitution of India, the Union Government  has been empowered to give guarantees upon the security of the Consolidated Fund of India in respect of loans (both internal and external) raised by various organizations within such limits as may be fixed from time to time by an Act of Parliament, for which Guarantee Fee is levied in consideration of the contingent liability undertaken by the Government.   The Government charges guarantee fee on such guarantees at the rates prescribed from time to time which forms part of non-tax revenue of the Government.   The Government guarantees facilitates the borrower organisations to procure loans from lending institutions at softer terms with lower rates of interest than what the borrower can procure on the strength of its own credit rating. |
| 2. | 49 | Civil Aviation and Finance (Department of Economic Affairs) | Initially, the question of levy of guarantee  fee on the borrowings/loans raised by Public Sector  Undertakings/Enterprises  was examined by the concerned Administrative Ministry and the rate of guarantee fee was to be determined on case to case basis.  In April, 1992 instructions were issued by the Ministry of Finance, fixing guarantee fee @ 1 per cent per annum in respect of internal borrowings.   In respect of guarantee fee for external borrowings, it was decided that it will be determined on case to case basis.  They further  decided that since the proposals for  guarantee amounted to undertaking a contingent liability,  all cases of |

32

| 1 | 2 | 3 | 4 |
|---|---|---|---|
| | | | extending Government guarantees should be referred to the Ministry of Finance by the Administrative Ministries before taking a final decision. |
| 3. | 50 | Civil Aviation and Finance (Department of Economic Affairs) | The Committee note that Air India and Indian Airlines have been financing their aircraft acquisition projects through External Commercial Borrowings (ECBs). The Government guarantees issued by the Ministry of Finance to Air India and Indian Airlines in pre-1993 period in connection with external commercial borrowings did not carry stipulations for payment of any guarantee fee.  It was only in 1993 that Ministry of Finance issued instructions for charging guarantee fee at the flat rate of  1.2 per cent per annum on the outstanding amount of principal plus interest in respect of external borrowings.   As per these instructions, the guarantee fee was to be levied in respect of guarantee already issued but still partially outstanding.  The instructions further stipulated that where the guarantee fee was not paid on due dates, fee should be charged at double the normal rates for the period of default. |
| 4. | 51 | Civil Aviation and Finance (Department of Economic Affairs) | As per Audit calculation the Air India and Indian Airlines   had outstanding loans and interest thereon amounting to Rs. 24171 crore and Rs. 18392 crore respectively as on March, 2004 and the guarantee fee payable by these PSUs for the period from January, 1989 to March, 2004 amounted to Rs. 290.05 crore and Rs. 220.70 crore respectively at normal rates and Rs. 580.10 crore and Rs. 441.40 crore at double the normal rate in case of default.   However, according to the Ministry of Civil Aviation, as on 31st March, 2004, the total outstanding loan on Air India  for aircraft purchase was Rs. 921.77 crore, out of which only Rs. 391.24 crore was guaranteed by the Government of India. In the case of Indian Airlines, an amount of USD 64.20 million (Rs. 283.90 crore) was outstanding |

33

| 1 | 2 | 3 | 4 |
| --- | --- | --- | --- |
| | | | towards foreign currency loans as on 31st March, 2004. The Committee were informed by Ministry of Civil Aviation that while calculating the amount of guarantee fee due on Air India, they had excluded one loan which had been refinanced by the Ministry of Finance, wherein there was a specific mention in the sanction order stating guarantee fee would not be payable in respect of earlier loan being refinanced.  The Ministry of Civil Aviation further clarified that the guarantee fee payable in respect of cases prior to 1989 for both Air India and Indian Airlines  was not calculated since  they had represented to the Ministry of Finance for not charging the guarantee fee in those cases where there was no stipulation requiring payment of the same had been made at the time of giving the  guarantee. |
| 5. | 52 | Civil Aviation and Finance (Department of Economic Affairs) | The Committee have been informed that both Air India and Indian Airlines did not accept the stipulation made by Ministry of Finance for payment of  guarantee fee at the rate of 1.2 per cent in all cases of external borrowing extended on or after 1.1.1989 irrespective of stipulation made in the sanction issued by the Ministry of Finance at the time of extension of guarantees.  Citing their  difficult financial position, Air India and Indian Airlines also expressed their inability to pay the guarantee fee to the Government even in those cases, where stipulations requiring payment of the guarantee fee were made by the Ministry of Finance at the time of extending guarantees.  In view of the dispute raised by the two PSUs,  the guarantee fee could not be recovered. |
| 6. | 53 | Civil Aviation and Finance (Department of Economic Affairs) | The Committee feel that the issuance of conditions in the Ministry of Finance O.M. in  June, 1993 that all Government guarantees in respect of external borrowings would be subject to guarantee fee of 1.2 per cent per annum on the outstanding amount of principal plus interest was perhaps not correct as the terms |

34

| 1 | 2 | 3 | 4 |
|---|---|---|---|
|   |   |   | and conditions of the contracts cannot be changed retrospectively. What is surprising is the fact that the Ministry of Civil Aviation took more than five years to represent to the Ministry of Finance, *i.e.* on 20.10.1998, for clarification with regard to liability of Air India and Indian Airlines to pay guarantee fee in those cases which did not carry any stipulation requiring payment of guarantee fee in the sanctions issued by Ministry of Finance at the time of giving the guarantee. The Committee are constrained to point out that the Ministry of Civil Aviation failed to adduce convincing reasons in support of their request from the very beginning. In the letter dated 9.8.1999 addressed to the Ministry of Finance (Department of Expenditure), the Secretary, Ministry of Civil Aviation projected contradictory views. While on the one hand, it was contended that the stand taken by the Ministry of Finance was illogical on the plea that the sanctions accorded by the Government at the time of extending guarantees were in the nature of agreement and the terms of the agreement should not be changed at a later date to the disadvantage of the concerned Public Sector Undertakings. On the other hand, it was emphasized that in case of guarantees given on or after 1.1.1989, there was no reason for the concerned PSUs to withhold payment of guarantee fees at that stage as that was a committed liability and they were being advised to make payment of guarantee fees in accordance with the instructions of the Government on the subject. The response of Ministry of Finance dated 28.9.1999 was further disquietening as they took an uncompromising stand that guarantee fee could not be waived merely because it was not part of the initial agreement, as the levy of guarantee fee was a subsequent policy dispensation and both the undertakings had an opportunity at the time of such dispensation to opt out of the guarantee cover if they felt the |

35

| 1 | 2 | 3 | 4 |
|---|---|---|---|
| | | | guarantee fee would adversely affect their financial health. The Committee feel that the approach adopted by the Ministry of Finance is somewhat rigid and uncompromising  and had apparently led to a stalemate.   The Ministry of Finance are fully aware that Indian Airlines and Air India approached them through their administrative Ministry for guarantee because they could not manage the credit themselves. At this stage, the Air India and the Indian Airlines had no option but to continue with the loans/guarantees and Ministry of Finance had only to re-examine or settle the issue. The Committee feel that sincere efforts were not made by both the Ministries to come to an amicable solution. |
| 7. | 54 | Civil Aviation and Finance (Department of Economic Affairs) | From the foregoing, the Committee are inclined to conclude that the matter continued to shuttle between the Ministries of Civil Aviation and  Finance for years and no amount of guarantee fee could be recovered from Air India and Indian Airlines till mid-2005 as the two Ministries could not reach at a mutually acceptable solution. Whatever steps have now been initiated were taken by the Ministry of Civil Aviation  only after the Public Accounts Committee took up the subject for detailed examination in May 2005. Air India paid Rs. 24.91 crore during July-August, 2005 and Indian Airlines began payment of Rs.8.50 crore in August, 2005 as guarantee fee. The Ministry of Civil Aviation, too,  has reportedly sent a comprehensive proposal to the Ministry of Finance on 5.8.2005 and subsequently on 1.9.2005, for waiver of guarantee fees in those cases where a clear stipulation had not been made at the time of sanction of guarantees as well as  for waiver of penalty,  with the submission that recovery of guarantee fee from Air India and Indian Airlines would be regulated in accordance with the final decision of the Ministry of Finance.  The Committee are surprised to note that the matter |

36

| 1 | 2 | 3 | 4 |
|---|---|---|---|
| | | | had been lingering on for several years and both the Ministries could not arrive at a consensus on this issue from 1993 till 2005 *i.e.* even after the lapse of 12 years. They feel that the two Ministries could and should have reached at a mutually acceptable solution, had there been sustained and concerted efforts on their part to resolve the matter. That this was not done is nothing but regrettable. |
| 8. | 55 | Civil Aviation and Finance (Department of Economic Affairs) | The Committee have now been informed that Air India had since paid the entire amount of guarantee fee amounting to Rs. 24.91 crore calculated at normal rate and as per the original sanction of Ministry of Finance and similarly, the Indian Airlines had paid the total dues of Rs. 34.38 crores in instalments. |
| 9. | 56 | -do- | The Committee are of the view that the levying of guarantee fee at the flat rate of 1.2 per cent per annum on the outstanding amounts in respect of all loans borrowed by the Indian Airlines and the Air India irrespective of stipulations made in the original sanctions issued by the Ministry of Finance at the time of extension of guarantees was not proper. Since guarantee fee at the normal rates have already been paid by the both PSUs and in view of the difficult financial conditions of these PSUs on account of fierce competition from the private airlines the Committee feel that it would not perhaps be appropriate on the part of Ministry of Finance to insist on payment of guarantee fee at penal rates. They, therefore, recommend that Government should treat this matter as closed. That this issue could not be settled in an amicable manner and allowed to linger on for years together till Public Accounts Committee were seized of the matter speaks volumes about the laxity, apathy and rigidity on the part of both the Departments is nothing but regrettable. The Committee hope that in future any such disputes would be expeditiously and amicably settled between the Ministry of Finance and the concerned administrative Ministry. |

## PART II

MINUTES OF THE NINTH SITTING OF THE PUBLIC ACCOUNTS COMMITTEE
(2005-2006) HELD ON 2ND SEPTEMBER, 2005

The Committee sat from 1100 hrs. to 1200 hrs. on 2nd September, 2005 in Committee
Room "B", Parliament House Annexe, New Delhi.

PRESENT

Prof. Vijay Kumar Malhotra — *Chairman*

MEMBERS

*Lok Sabha*

2. Shri Ramesh Bais
3. Shri Khagen Das
4. Shri R.L. Jalappa
5. Dr. R. Senthil
6. Shri Brijbhushan Sharan Singh
7. Dr. Ramlakhan Singh
8. Shri Tarit Baran Topdar

*Rajya Sabha*

9. Shri Prasanta Chatterjee
10. Shri V. Narayanasamy
11. Shri Jairam Ramesh
12. Prof. R.B.S. Verma

SECRETARIAT

| | | | |
|---|---|---|---|
| 1. | Shri Ashok Sarin | — | *Director* |
| 2. | Smt. Anita B. Panda | — | *Under Secretary* |

OFFICER OF THE OFFICE OF THE COMPTROLLER AND AUDITOR GENERAL OF INDIA

Shri P. Sesh Kumar     —     Principal Director (RC)

REPRESENTATIVES OF THE MINISTRY OF CIVIL AVIATION

| | | | |
|---|---|---|---|
| 1. | Shri Ajay Prasad | — | Secretary |
| 2. | Shri P.K. Mishra | — | Addl. Secretary & Finance Advisor |
| 3. | Shri Raghu Menon | — | Addl. Secretary |
| 4. | Shri Sanjay Narayen | — | Joint Secretary |

37

38

Representative of the Air India Ltd.

Shri S. Punhani        —        Director (F)

Representative of the Indian Airlines Ltd.

Smt. Sushma Chawla, CMD

Representatives of the Ministry of Finance<br>(Department of Economic Affairs)

1. Shri Ashok Chawla      —      Additional Secretary
2. Smt. L.M. Vas      —      Joint Secretary (Budget)

2. At the outset, the Chairman, welcomed the Members and the Audit Officers to the sitting of the Committee. The Chairman informed the Members that the sitting has been convened to take oral evidence of the representatives of the Ministry of Civil Aviation, Ministry of Finance (Department of Economic Affairs), Air India and Indian Airlines on paragraph 2.1 of Audit Report No. 2 of 2005 (Union Government—Transaction Audit Observations) regarding "Non-recovery of guarantee fee from Air India and Indian Airlines".

3. Thereafter, the Officer from the Office of C&AG briefed the Committee on the specific points arising out of the aforesaid Audit paragraph. Then the representatives of the Ministry of Civil Aviation, Ministry of Finance (Department of Economic Affairs), Air India and Indian Airlines were called and the Committee commenced the oral evidence. The Secretary, Ministry of Civil Aviation and the representatives of the Ministry of Finance (Department of Economic Affairs) explained to the various points and queries raised by the Members. To certain queries, for which the witnesses could not give satisfactory reply, the Hon'ble Chairman directed that Ministry of Civil Aviation and Ministry of Finance (Department of Economic Affairs) might furnish the requisite information in writing at the earliest.

4. A copy of the verbatim proceedings of the sitting has been kept on record.

*The Committee then adjourned.*

MINUTES OF THE SIXTH SITTING OF THE PUBLIC ACCOUNTS
COMMITTEE (2006-2007) HELD ON 20TH JULY, 2006

The Committee sat from  1100 to 1215 hours in Committee Room 'D',
Parliament House Annexe, New Delhi.

PRESENT

Prof. Vijay Kumar Malhotra   —   *Chairman*

MEMBERS

*Lok Sabha*

2.  Shri Khagen Das
3.  Shri P.S. Gadhavi
4.  Shri Raghunath Jha
5.  Shri Brajesh Pathak
6.  Shri Madan Lal Sharma
7.  Shri Mohan Singh
8.  Shri Kharabela Swain
9.  Shri K.V. Thangkabalu
10. Shri Tarit Baran Topdar

*Rajya Sabha*

11. Shri V. Narayanasamy
12. Shri R.K. Dhawan
13. Shri Prashanta Chatterjee

SECRETARIAT

1.  Shri A. Mukhopadhyay        —   *Joint Secretary*
2.  Shri Ashok Sarin            —   *Director*
3.  Shri M.K. Madhusudhan       —   *Under Secretary*

REPRESENTATIVES OF THE OFFICE OF THE COMPTROLLER AND AUDITOR
GENERAL OF INDIA

1.  Shri B.K. Chattopadhyaya    —   Additional Deputy C&AG
2.  Dr. A.K. Banerjee           —   Director General of Audit (CR)
3.  Shri R.N. Ghose             —   Principal Director (AB)

39

40

| | | | |
|---|---|---|---|
| 4. | Shri P. Shesh Kumar | — | Principal Director (RC) |
| 5. | Smt. Sudha Krishnan | — | Principal Director (Direct Taxes) |

REPRESENTATIVES OF THE MINISTRY OF INFORMATION & BROADCASTING

| | | | |
|---|---|---|---|
| 1. | Shri S.K. Arora | — | Secretary |
| 2. | Shri Raghu Menon | — | Additional Secretary & Financial Advisor |

REPRESENTATIVES OF THE PRASAR BHARATI

| | | | |
|---|---|---|---|
| 1. | Shri Navin Kumar | — | Chief Executive Officer |
| 2. | Shri Sanjeev Datta | — | ADG(A) |

2. At the outset, the Chairman, PAC welcomed the Members and Audit Officers to the sitting of the Committee. The Committee then took up for consideration the following draft Reports and adopted the same without any modifications/amendments.

(i) Draft Report on C&AG's Report No. 14 of 2005 for the year ended March, 2004, Union Government, (Civil-Performance Audit) relating to 'Control Systems in India Security Press, Nashik'.

(ii) Draft Report on Chapter I of C&AG's Report No. 13 of 2005 for the year ended March, 2004, Union Government, (Direct Taxes — System Appraisals) on "Status of improvement of efficiency through the 'Restructuring' of the Income-Tax Department".

(iii) Draft Report on Para 2.1 of C&AG's Report No. 2 of 2005 (Civil—Transaction Audit observation) on "Non-recovery of Guarantee fee from Air India and Indian Airlines".

The Committee authorised the Chairman, to finalise these draft Reports in the light of changes suggested by Audit through factual verification, if any, or otherwise and to present the same to the Parliament.

3. Thereafter the Offices of C&AG briefed the Committee on the specific points arising out of the Para 9.1 of Report No. 3 of 2006 of C&AG of India (Civil—Autonomous Bodies) relating to "Undue benefit to a producer". Then, the representatives of the Ministry of Information & Broadcasting and Prasar Bharati were called in and the Committee took their evidence on the aforesaid para. The Secretary, Ministry of Information & Broadcasting, the Chief Executive Officer, Prasar Bharati and other representatives replied to the various points/queries raised by the Members. To certain queries, for which the witnesses couldnot give satisfactory replies, the Hon'ble Chairman directed the Ministry of Information & Broadcasting and Prasar Bharati to furnish the requisite information in writing at the earliest.

4. A copy of the verbatim proceedings of the sitting has been kept on record.

*The Committee then adjourned.*

MGIPMRND—1565LS—23-09-2006.