# EXHIBIT 10

**THE COMPANIES ACT, 2013**
**(A COMPANY LIMITED BY SHARES, INCORPORATED UNDER THE COMPANIES ACT, 1956)**
**ARTICLES OF ASSOCIATION**
**OF**
**AIR INDIA LTD.**
**Note: By a Special Resolution passed at the Extraordinary General Meeting of the Company held on 8 November 2019, these Articles were adopted as the Articles of Association of the Company in substitution for and to the exclusion of all the existing Articles thereof.**

| | | |
|---|---|---|
| Table 'F' not to apply but Company to be governed by these Articles | 1 | No regulations contained in Table 'F' in the First Schedule to the Companies Act, 2013 shall apply to this Company except so far as the said Act or any modification thereof otherwise expressly provides, but the regulations for the management of the Company and for the observance of the members thereof and their representatives shall, subject to any exercise of the statutory powers of the Company with reference to the repeal or alteration of or addition to its regulations by Special Resolution, as prescribed by the Companies Act, 2013 be such as are contained in these Articles. |
| **INTERPRETATION** | | |
| Interpretation | 2 | In the interpretation of these Articles, the following expressions shall have the following meanings unless repugnant to the subject or context. |
| The Act | | "The Act" means the Companies Act, 2013 or any statutory modification or re-enactment thereof for the time being in force and the term shall be deemed to refer to the applicable Section thereof which is relatable to the relevant Article in which the said term appears in these Articles and any Previous Company Law, so far as may be applicable, including Rules. |
| Annual General Meeting | | "Annual General Meeting" means a general meeting of the member held in accordance with the provisions of Section 96 of the Act. |
| Articles | | "Articles" means the Articles of Association of the Company as originally framed or as altered from time to time or applied in pursuance of any Previous Company Law or of this Act. |
| Beneficial Owner | | "Beneficial Owner" shall have the meaning assigned thereto by Clause (a) of Sub-Section (1) of Section 2 of the Depositories Act, 1996. |
| Board or Board of Directors | | "Board" or "Board of Directors" means the Board of Directors of the Company or the Directors of the Company collectively. |
| Capital | | "Capital" means the share capital for the time being raised or authorized to be raised, as the case may be, for the purposes of the Company. |
| Chairman | | "The Chairman" means the Chairman of the Board of Directors, for the time being, of the Company. |
| Charge | | "Charge" means an interest or lien created on the property or assets of the Company or any of its undertakings or both as security and includes a mortgage. |
| The Company or This Company | | "The Company" or 'This Company" means AIR INDIA LIMITED. |
| Debenture | | "Debenture" includes debenture-stock, bonds or any instrument of a Company evidencing a debt, whether constituting a charge on the assets of the Company or not. |
| Debenture Holder | | "Debenture Holder" means the duly registered holder from time to time of the debenture(s) of the Company. |
| Depositories Act | | "Depositories Act" means the Depositories Act, 1996 and any re-enactment or statutory modification thereof for the time being in force. |
| Depository | | "Depository" means a Depository as defined under Clause (e) of Sub-section (1) of Section 2 of the Depositories Act, 1996. |
| Directors | | "Director" means a Director appointed to the Board of the Company. |

| | | |
|---|---|---|
| *The name of the Company has been changed from National Aviation Company of India Limited to Air India Limited pursuant to the Special Resolution passed at the Extra Ordinary General Meeting held on 25 October 2010. | | |
| Dividend | | "Dividend" includes any interim Dividend. |
| Document | | "Document" includes summons, notice, requisition, order, declaration, form and register, whether issued, sent or kept in pursuance of this Act or under any other law for the time being in force or otherwise, maintained on paper or in electronic form. |
| Extra-Ordinary General Meeting | | "Extra-ordinary General Meeting" means an extra-ordinary general meeting of the members duly called and constituted and any adjourned meeting thereof. |
| Members | | "Member", in relation to the Company, means—<br><br>(i) the subscriber to the Memorandum of the Company who shall be deemed to have agreed to become Member of the Company, and on its registration, shall be entered as Member in its Register of Members;<br>(ii) every other person who agrees in writing to become a Member of the Company and whose name is entered in the Register of Members of the Company;<br>(iii) every person holding shares of the Company and whose name is entered as a beneficial owner in the records of a depository; |
| Meeting or General Meeting | | "Meeting" or "General Meeting" means a meeting of the members. |
| Memorandum | | "Memorandum" means the Memorandum of Association of the Company as originally framed or as altered from time to time in pursuance of any Previous Company Law or of this Act; |
| Office | | "Office" means the Registered Office for the time being of the Company. |
| Ordinary / Special Resolution | | "Ordinary Resolution" and "Special Resolution" shall have the meanings assigned to these terms by Section 114 of the Act. |
| Paid-up | | "Paid-up Share Capital" or "Share Capital Paid-up" means such aggregate amount of money credited as paid-up as is equivalent to the amount received as paid-up in respect of shares issued and also includes any amount credited as paid-up in respect of shares of the Company, but does not include any other amount received in respect of such shares, by whatever name called. |
| President | | "President" means the President of India. |
| Previous Company Law | | "Previous Company Law" means the Companies Act, 1956 (1 of 1956) and any Law corresponding to the said Companies Act, 1956 (1 of 1956); |
| Register of Members | | "Register of Members" means the Register of Members to be maintained by the Company pursuant to Section 88 of the Act and shall include the Register of Beneficial Owners maintained by the Depository under Section 11 of the Depositories Act. |
| The Company's Regulations | | "The Company's Regulations" means these Articles of Association for the time being for the management of the Company and includes the Memorandum of Association where the context so requires. |
| Seal | | "Seal" means the Common Seal for the time being of the Company. |
| Securities and Exchange Board | | "Securities and Exchange Board" means the Securities and Exchange Board of India established under Section 3 of the Securities and Exchange Board of India Act, 1992; |
| Share | | "Share" means a Share in the Share Capital of the Company and includes stock; |
| Subscribed Capital | | "Subscribed Capital" means such part of the Capital which is for the time being subscribed by the Members of the Company; |
| Sweat Equity Shares | | "Sweat Equity Shares" means such Equity Shares as are issued by the Company to its Directors or employees at a discount or for consideration, other than cash, for providing their know-how or making available rights in the nature of intellectual property rights or value additions, by whatever name called; |

| Tribunal | | "Tribunal" means the National Company Law Tribunal constituted under Section 408 of the Act; |
|---|---|---|
| | | Words imparting the singular number shall, where the context so permits, be construed as referring to the plural and vice versa. |
| Expression in the Act to bear the same meaning in Articles | | Save as aforesaid any words and expressions contained in these Articles shall bear the same meaning as in the Act or in the General Clauses Act, 1897 or any statutory modification thereof for the time being in force. |
| | | The marginal notes and the headings given in these Articles shall not affect the construction thereof. |
| | 3 | All terms and expressions used in the Articles will be in consonance with the Companies Act, 2013 and the Rules framed there under. |
| **DEFINITION OF THE COMPANY** | | |
| | 4 | The Company is a Public Limited Company within the meaning of Section 2(71) of the Companies Act, 2013. |
| **CAPITAL** | | |
| Authorised Share Capital | 5 | The Authorised Share Capital of the Company is Rs. 35,000,00,00,000/- (Rupees Thirty Thousand Crores) divided into 3500,00,00,000 (Three Thousand Crore) Equity Shares of Rs. 10/- (Rupees Ten) each. The Company may increase the Authorised Share Capital which may consist of Unclassified Shares, which may be issued as Equity and/or Preference Shares as the Company in a General Meeting may determine in accordance with the law for the time being in force in this behalf or reduce such capital from time to time, and divide the shares in the Capital for the time being into Equity Share Capital or Preference Share Capital and further, to attach thereto respectively any preferential, qualified, or special rights, privileges, or conditions and to vary, modify and abrogate the same in such manner as may be permitted by the Act or as may be determined by or in accordance with these presents and the minimum paid up capital of the Company shall not be less than Rs. 5,00,000/- (Five lakhs).* |
| Increase of Capital by the Company and how carried into effect | 6 | The Company in General Meeting may by Ordinary Resolution from time to time, increase the authorized capital by the creation of new shares, such increase to be of such aggregate amount and to be divided into shares of such respective amounts as the resolution shall prescribe. The new shares shall be issued upon such terms and conditions and with such rights, privileges, conditions and restrictions annexed thereto as the resolution shall prescribe. |
| New Capital same as existing Capital | 7 | Except in so far as otherwise provided by the conditions of issue or by these Articles, any capital raised by the creation of new shares, shall be considered as part of the existing share capital and shall be subject to the provisions herein contained with reference to the payment of calls and instalments, forfeiture, lien, surrender, transfer and transmission, voting and otherwise. Whenever the Authorised Share Capital of the Company has been increased under the provisions of these Articles, the company shall comply with the provisions of Section 61 of the Act. |
| Redeemable Preference Shares | 8 | Subject to the provisions of the Act and the Rules framed there-under, the Company shall have the power to issue redeemable preference shares and the resolution authorising such issue shall prescribe the manner, terms and conditions of redemption. |
| Preferential Offer / Private Placement | 9 | Subject to the provisions of the Act and the Rules framed there-under, a further issue of shares may be made in any manner whatsoever as the Board may determine including by way of preferential offer or private placement. |
| Reduction of Capital | 10 | The Company may from time to time by Special Resolution, reduce in any manner and with, and subject to, any incident authorised and consent required by law |
| | | i.  its Share Capital; |
| | | ii. any Capital redemption reserve account; or |

| | | |
|---|---|---|
| | | iii. any share premium account<br>and in particular Capital may be paid off on the footing that it may be called up again or otherwise. This Article is not to derogate from any power the Company would have, if it were omitted. |
| Consolidation, Division, Sub-Division and Cancellation of Shares | 11 | Subject to the provisions of the Act and the Rules framed there-under, the Company in General Meeting may from time to time by an Special Resolution:<br><br>(a) Increase its share capital by such amount as it thinks expedient by issuing new shares.<br><br>(b) Consolidate and divide all or any of its share capital into shares of larger amount than its existing shares. Provided that no consolidation and division which results in changes in the voting percentage of Shareholders shall take effects unless it is approved by the Tribunal on an application made in the prescribed manner.<br><br>(c) Convert all or any of its fully paid-up shares into stock and re-convert that stock into fully paid-up shares of any denomination.<br><br>(d) Sub-divide its shares, or any of them into shares of smaller amount so however, that in the sub-division the proportion between the amount paid and the amount, if any, unpaid on each reduced share shall be the same as it was in case of the share from which the reduced share is derived.<br><br>(e) Cancel any shares which, at the date of the passing of the resolution in that behalf, have not been taken or agreed to be taken by any person, and diminish the amount of its share capital by the amount of the shares so cancelled. Cancellation of shares in pursuance of this sub-clause shall not be deemed to be reduction of the share capital within the meaning of the Act.<br><br>Whenever the Company shall do any one or more of the things provided for in the foregoing sub-clauses (a), (b), (c), (d) and (e) the Company shall, within thirty days thereafter give notice thereof to the Registrar of Companies specifying, as the case may be, the shares consolidated, divided, sub-divided or cancelled. |

*1. Authorised Share Capital increased from Rs.5,00,000/- to Rs.1500,05,00,000/- pursuant to the Scheme of Amalgamation of Air India Limited and Indian Airlines Limited with National Aviation Company of India Limited, confirmed by Ministry of Corporate Affairs vide Order dated 22 August 2007 and approved by Registrar of Companies vide Certificate dated 27 August 2007.

2. Authorised Share Capital increased from Rs.1500,05,00,000/- to Rs.5000,05,00,000/- pursuant to Special Resolution passed at the Extra Ordinary General Meeting held on 30 September 2009.

3. 1,24,40,498 Preference Shares of Rs.100/- each converted into 12,44,04,980 Equity Shares of Rs.10/- each ranking pari passu in all respects to the existing Equity Shares pursuant to Special Resolution passed at the Extra Ordinary General Meeting held on 25 March 2011.

4. Authorised Share Capital increased from Rs.5000,05,00,000/- to Rs.11,000,00,00,000/- pursuant to Special Resolution passed at the Extra Ordinary General Meeting held on 26 September 2011.

5. Authorised Capital rearranged by creating 75,00,00,000 Preference Shares of Rs.100/- each pursuant to Special Resolution passed at the 5th Annual General Meeting held on 29 December 2011.

6. Authorised Capital rearranged by re-classifying Preference Shares into Equity Shares pursuant to Special Resolution passed at the Extra Ordinary General Meeting held on 30 April 2012.

7. Authorised Share Capital increased from Rs.11,000,00,00,000/- to Rs.15,000,00,00,000/- pursuant to Special Resolution passed at the Extra Ordinary General Meeting held on 26 April 2013.

8. Authorised Share Capital increased from Rs.15,000,00,00,000/- to Rs.20,000,00,00,000/- pursuant to Special Resolution passed at the 7th Annual General Meeting held on 24 December 2013.

9. Authorised Share Capital increased from Rs.20,000,00,00,000/- to Rs.25,000,00,00,000/- pursuant to Special Resolution passed at the 7th Annual General Meeting held on 29 December 2014.

10. Authorised Share Capital increased from Rs.25,000,00,00,000/- to Rs.30,000,00,00,000/- pursuant to Special Resolution passed at the Extra Ordinary General Meeting held on 21 October 2016.

11. Authorised Share Capital increased from Rs.30,000,00,00,000/- to Rs.35,000,00,00,000/- pursuant to Special Resolution passed at the Extra Ordinary General Meeting held on 5 September 2018.

| Modification of Rights | 12 | Subject to the provisions of the Act and the Rules framed there-under, whenever the capital, by reason of the issue of preference shares or otherwise is divided into different classes of shares, all or any of the rights and privileges attached to each class may, subject to the provisions of Section 48 of the Act, be modified, commuted, affected, abrogated, dealt with or varied, with the consent in writing of the holders of not less than three-fourth of the issued capital of that class or with the sanction of a special resolution passed at a separate meeting of the holders of the shares of that class, and all the provisions hereafter contained as to general meetings shall mutatis mutandis apply to every such meeting. This article shall not derogate from any power the Company would have if this article was omitted.<br><br>The rights conferred upon the holders of the shares (including preference shares, if any) of any class issued with preferred or other rights or privileges shall, unless otherwise expressly provided by the terms of the issue of shares of that class, be deemed not to be modified, commuted, affected, abrogated, dealt with or varied by the creation or issue of further shares ranking paripassu there with. |
|---|---|---|
| | | **SHARES AND CERTIFICATES** |
| Further Issue of Shares | 13 | (1) Subject to the provisions of the Act and the Rules framed there-under, where at any time, the Company proposes to increase its Subscribe Capital by the issue of further shares, such shares shall be offered—<br><br>(*a*) to persons who, at the date of the offer, are holders of the Equity Shares of the Company in proportion, as nearly as circumstances admit, to the paid-up share capital on those shares by sending a letter of offer subject to the following conditions, namely:—<br><br>(*i*) the offer shall be made by notice specifying the number of shares offered and limiting a time not being less than fifteen days and not exceeding thirty days from the date of the offer within which the offer, if not accepted, shall be deemed to have been declined;<br><br>(*ii*) the offer aforesaid shall be deemed to include a right exercisable by the person concerned to renounce the shares offered to him or any of them in favour of any other person; and the notice referred to in clause (*i*) shall contain a statement of this right;<br><br>(*iii*) after the expiry of the time specified in the notice aforesaid, or on receipt of earlier intimation from the person to whom such notice is given that he declines to accept the shares offered, the Board of Directors may dispose of them in such manner which is not dis-advantageous to the shareholders and the Company;<br><br>(*b*) to employees under a scheme of employees' stock option, subject to special resolution passed by the Company and subject to such conditions as may be prescribed; or<br><br>(*c*) to any persons, if it is authorised by a special resolution, whether or not those persons include the persons referred to in clause (*a*) or clause (*b*), either for cash or for a consideration other than cash, if the price of such shares is determined by the valuation report of a      registered valuer subject to such conditions as may be prescribed.<br><br>(*2*) The notice referred to herein above shall be despatched through |

|  |  | registered post or speed post or through electronic mode to all the existing shareholders at least three days before the opening of the issue. |
|---|---|---|
|  |  | (*3*) Nothing in this Article shall apply to the increase of the Subscribed Capital of the Company caused by the exercise of an option as a term attached to the Debentures issued or loan raised by the Company to convert such Debentures or loans into shares in the Company: |
|  |  | Provided that the terms of issue of such Debentures or loan containing such an option have been approved before the issue of such Debentures or the raising of loan by a Special Resolution passed by the Company in General Meeting. |
|  |  | (*4*) Notwithstanding anything contained in sub article (*3*) above, where any Debentures have been issued, or loan has been obtained from any Government by the Company, and if that Government considers it necessary in the public interest so to do, it may, by order, direct that such Debentures or loans or any part thereof shall be converted into shares in the Company on such terms and conditions as appear to the Government to be reasonable in the circumstances of the case even if terms of the issue of such Debentures or the raising of such loans do not include a term for providing for an option for such conversion: |
|  |  | Provided that where the terms and conditions of such conversion are not acceptable to the Company, it may, within sixty days from the date of communication of such order, appeal to the Tribunal which shall after hearing the company and the Government pass such order as it deems fit. |
|  |  | (*5*) In determining the terms and conditions of conversion under Sub Article (*4*) above, the Government shall have due regard to the financial position of the company, the terms of issue of debentures or loans, as the case may be, the rate of interest payable on such debentures or loans and such other matters as it may consider necessary. |
|  |  | (*6*) Where the Government has, by an order made under Sub Article (*4*) above, directed that any Debenture or loan or any part thereof shall be converted into shares in the Company and where no appeal has been preferred to the Tribunal under Sub Article (*4*) above or where such appeal has been dismissed, the memorandum of the Company shall, where such order has the effect of increasing the authorised share capital of the Company, stand altered and the authorised share capital of the Company shall stand increased by an amount equal to the amount of the value of shares which such Debentures or loans or part thereof has been converted into. |
| Shares under Control of Directors | 14 | Subject to the provisions of the Act and these Articles, the Shares in the Capital of the Company shall be under the control of the Directors who may issue, allot or otherwise dispose of the same or any of them to such persons, in such proportion and on such terms and conditions and either at a premium or at par and at such time as they may from time to time think fit. |
| Instalments on Shares to be duly paid | 15 | If by the conditions of allotment of any shares the whole or any part of the amount of issue price thereof shall be payable by installments, every such installment shall, when due, be paid to the Company by the person who for the time being and from time to time shall be the registered holder of the share or his legal representative and shall for the purposes of these Articles be deemed to be payable on the date fixed for payment and in the case of non-payment, the provisions of these Articles as to payment of interest and expenses, forfeiture and the like and all other relevant provisions of these Articles shall apply as if such installments were a call duly made and notified as hereby provided. |

| | | |
|---|---|---|
| **The Board may issue Shares as fully Paid-up** | 16 | Subject to the provisions of the Act and these Articles, the Board may allot and issue shares in the capital of the Company as payment for any property sold or transferred or for service rendered to the Company in the conduct of its business or in satisfaction of any outstanding debt or obligation of the Company and any shares which may be so issued shall be deemed to be fully paid-up shares.  The Directors shall cause returns to be filed of any such allotment as provided by Section 39 of the Act. |
| **Sweat Equity Shares** | 17 | 1. Subject to the provisions of the Act and other applicable provisions of law, the Company may with the approval of the shareholders by a Special Resolution in General Meeting issue Sweat Equity Shares in accordance with such Rules and Guidelines issued by the Securities and Exchange Board of India and/or other competent authorities for the time being, and further subject to such conditions as may be prescribed in that behalf.<br><br>2. The rights, limitations, restrictions and provisions as are for the time being applicable to Equity Shares shall be applicable to the Sweat Equity Shares issued and the holders of such Shares shall rank *paripassu* with other Equity Shareholders. |
| **Deposit and Calls etc. to be a Debt Payable** | 18 | The money, if any, which the Board of Directors shall, on the allotment of any shares being made by them, require or direct to be paid by way of deposit, call or otherwise in respect of any shares allotted by them, shall, immediately on the inscription of the name of the allottee in the register of members as the holder of such shares become a debt due to and recoverable by the Company from the allottee thereof and shall be paid by him accordingly. |
| **Liability of Members** | 19 | Every member, or his heirs, executors or administrators, to the extent of his assets which come to their hands shall be liable to pay to the Company the portion of the capital represented by his share or shares which may, for the time being remain unpaid thereon in such amounts, at such time or times and in such manner as the Board of Directors shall from time to time require or fix for the payment thereof. |
| **Share Certificates (including Duplicate or New Certificates)** | 20 | (i) Every person whose name is entered as Member in the Register of Members shall be entitled to receive within two months after incorporation, in case of subscribers to the Memorandum or after allotment or within one month after the application for the registration of transfer or transmission or within such period as the conditions of issue shall be provided<br><br>  (a) One certificate for all his shares without payment of any charges; or<br>  (b) Several certificates, each for one or more of his shares, upon payment of twenty rupees for each certificate after the first.<br><br>(ii) Every certificate shall be under the seal and shall specify the shares to which it relates and the amount paid-up thereon.<br>(iii) In respect of any share or shares held jointly by several persons, the Company shall not be bound to issue more than one certificate, and delivery of a certificate for a share to one of several joint holders shall be sufficient delivery to all such holders.<br>(iv) If any share certificate be worn out, defaced, mutilated or torn or if there be no further space on the back for endorsement of transfer, then upon production and surrender thereof to the Company, a new Certificate may be issued in lieu thereof, and if any certificate is lost or destroyed then upon proof thereof to the satisfaction of the Company and on execution of such indemnity as the Company deem adequate, a new certificate in lieu thereof shall be given.  Every certificate under this Article shall be issued on payment of twenty rupees for each certificate.<br>The provisions of Article (20) shall mutatis mutandis apply to Debentures of the Company. |

| The First Name of Joint Holders Deemed Sole Holder | 21 | If any share stands in the name of two or more persons, the person first named in the Register shall, as regards receipt of dividends or bonus or service of notices and all or any other matter connected with the Company, except voting at meeting and the transfer of shares, be deemed the sole holder thereof but the joint holders of a share shall severally as well as jointly be liable for the payment of all installments and calls due in respect of such share and for all incidents thereof according to the Company's Regulations. |
|---|---|---|
| Company not bound to recognise any interest in share other than that of Registered Holder | 22 | Except as ordered by a court of competent jurisdiction or as by law required, the Company shall not be bound to recognise, even when having notice thereof, any equitable, contingent, future or partial interest in any share (except only as is by these Articles otherwise expressly provided) or any right in respect of a share other than an absolute right thereto, in accordance with these Articles, in the person from time to time registered as holder thereof, but the Board shall be at liberty at their sole discretion to register any share in the joint names of any two or more persons (but not exceeding 3 persons) or the survivor or survivors of them. |
| Trust Not Recognised | | (a)  Save as herein otherwise provided, the Company shall be entitled to treat the person whose name appears on the Register of Members as the holder of any share as the absolute owner thereof, and accordingly shall not be bound to recognise any benami, trust or equitable, contingent, future or partial or other claim or claims or right to or interest in such share on the part of any other person whether or not it shall have express or implied notice thereof. |
| Notice of Trust | | (b)  Except as otherwise to the contrary provided by the Act and in particular Section 153(b) and 187(c) (if applicable), no Notice of any Trust (express, implied or constructive) shall be entered on the Register of Members or of Debenture Holders. |
| | | (c)  Shares may be registered in the name of an incorporated company or other body corporate but not in the name of a minor (except in case where they are fully paid) or in the name of a person of unsound mind or in the name of any firm or partnership. |
| Dematerialisation of Securities | 23 | a)  Notwithstanding anything contained in these Articles, the Company may in accordance with the provisions of the Depositories Act, be entitled to dematerialize its Shares, Debentures and other marketable securities and to offer the same for subscription in a dematerialized form and on the same being done, the Company shall further be entitled but not obliged to maintain a Register of Members/ Debenture holders/other Security holders with the details of Members/ Debenture holders/other Security holders holding Shares/Debentures/ other Securities both in materialized and dematerialized form in any media as permitted by law including any form of electronic media, in respect of the existing Shares / Debentures/other Securities, provided that the provisions set forth in Articles 19 and 20 shall not apply to shares which have been dematerialized. |
| | | b)  Every person subscribing to or holding securities of the Company shall have the option to receive security certificates or to hold the securities in electronic form with a Depository.  If a person opts to hold his security with a Depository, the Company shall intimate such Depository the details of allotment of the security, and on receipt of the information, the Depository shall enter in its records the name of the allottee as the Beneficial Owner of the Security. |
| | | c)  Save as herein otherwise provided, the Company shall be entitled to treat the person whose name appears as the beneficial owner of the shares in the records of the Depository as the absolute owner thereof as regards receipt  of dividends or bonus or service of notices and all or any other |

matters connected with the Company and accordingly the Company shall not (except as ordered by Court or competent jurisdiction or as required by law) be bound to recognize any equitable, contingent or other claim to or interest in such share on the part of any other person whether or not it shall have express or implied notice thereof.

d)   In the case of transfer of shares or other marketable securities where the Company has not issued any certificates and where such shares or securities are being held in an electronic and fungible form, the provisions of the Depositories Act shall apply.

Provided that in respect of the shares and securities held by the depository on behalf of a beneficial owner, provisions   of Section 9 of the Depositories Act shall apply so far as applicable.

e)   Every Depository shall furnish to the Company information about the transfer of securities in the name of the Beneficial Owner at such intervals and in such manner as may be specified by the Bye–Laws of the Depository in that behalf.

f)   Except as specifically provided in these Articles, the provisions relating to joint holders of shares, calls, lien on shares, forfeiture of shares and transfer and transmission of shares shall be applicable to shares held in electronic/dematerialised form so far as they apply to shares in physical form subject however to the provisions of the Depositories Act.

Provided that, nothing contained in Articles **53 to 56** shall apply to the transfer of shares, debentures or other marketable securities effected by the transferor and the transferee, both of whom are entered as Beneficial Owners in the records of the Depository.

| | | |
|---|---|---|
| **Company Not to Buy its own Share** | 24 | Subject to the provisions of the Act and the Rules framed there-under, none of the funds of the Company shall, except as provided by Section 67 of the Act, be employed in the purchase of its own shares, unless the consequent reduction of capital is effected and sanctioned in pursuance of Sections 52,55 and 66  of the Act and these Articles or in giving either directly or indirectly and whether by means of a loan/guarantee, the provision of security or otherwise any financial assistance for the purpose of or in connection with a purchase or subscription made or to be made by any person of or for any share in the company or in its holding company. |
| **Power of Company to Purchase its Own Shares** | 25 | Notwithstanding anything contained in these Articles, the Company may however purchase its own shares or other securities, subject to such limits and on such terms and conditions specified in Sections 68 to 70 and other applicable provisions of the Act and any Rules or Regulations framed there-under and any amendments, modification, re-promulgation or re-enactment thereof. |
| | | **UNDERWRITING AND BROKERAGE** |
| **Commission** | 26 | (i)   The Company may exercise the powers of paying commissions conferred by Sub-section (6) of Section 40, provided that the rate per cent or the amount of the commission paid or agreed to be paid shall be disclosed in the manner required by that Section and rules made thereunder. |
| | | (ii)  The rate or amount of the commission shall not exceed the rate or amount prescribed in Rules made under Sub-section (6) of Section 40. |
| | | (iii) The commission may be satisfied by the payment of cash or the allotment of fully or partly paid Shares or partly in one way and partly in the other. |
| | | **INTEREST OUT OF CAPITAL** |
| **Power to pay Interest out of Capital** | 27 | The Company shall have power to pay interest out of capital. |
| | | **DEBENTURES** |

| Debentures | 28 | Notwithstanding anything contained in these Articles but subject to the provisions of the Act and any other applicable provision of the Act or any other law for the time being in force and Rules, the Company may issue Debentures. |
|---|---|---|
| | | **CALLS** |
| Directors may make Calls | 29 | (i)     The Board may, from time to time, make calls upon the Members in respect of any monies unpaid on their Shares (whether on account of the nominal value of the shares or by way of premium) and not by the conditions of allotment thereof made payable at fixed times:<br><br> Provided that no call shall exceed one-fourth of the nominal value of the share or be payable at less than one month from the date fixed for the payment of the last preceding call.<br><br>(ii)    Each Member shall, subject to receiving at least fourteen days' notice specifying the time or times and place of payment, pay to the Company, at the time or times and place so specified, the amount called on his Shares.<br><br>(iii)  A call may be revoked or postponed at the discretion of the Board. |
| | 30 | A call shall be deemed to have been made at the time when the resolution of the Board authorising the call was passed and may be required to be paid by installments. |
| | 31 | The joint holders of a Share shall be jointly and severally liable to pay all calls in respect thereof. |
| Amount payable at fixed time or by installments to be treated as Calls | 32 | (i) Any sum which by the terms of issue of a share becomes payable on allotment or at any fixed date, whether on account of the nominal value of the share or by way of premium, shall, for the purposes of these regulations, be deemed to be a call duly made and payable on the date on which by the terms of issue such sum becomes payable.<br><br>(ii) In case of non-payment of such sum, all the relevant provisions of these regulations as to payment of interest and expenses, forfeiture or otherwise shall apply as if such sum had become payable by virtue of a call duly made and notified. |
| When Interest on Calls or Installment payable | 33 | (i) If a sum called in respect of a share is not paid before or on the day appointed for payment thereof, the person from whom the sum is due shall pay interest thereon from the day appointed for payment thereof to the time of actual payment at ten per cent. per annum or at such lower rate, if any, as the Board may determine.<br><br>(ii) The Board shall be at liberty to waive payment of any such interest wholly or in part. |
| Evidence in action by Company against Shareholders | 34 | Subject to the provisions of the Act and these Articles, on the trial or hearing of any action or suit brought by the Company against any member or his legal representatives for the recovery of any moneys claimed to  be due to the Company in respect of its shares, it shall be sufficient to prove that  the name of the member in respect of whose shares the money is sought to be  recovered is entered on the Register of Members as the holder or as one of the holders, at or subsequent to the date at which the money sought to be recovered, is alleged to have become due on the shares in respect of which the  money is sought to be recovered; that the resolution making the call is duly recorded in the minute book, and the notice of such call was duly given to the member or his legal representatives sued in pursuance of these Articles and it shall not be necessary to prove the appointment of the Directors who made such call, nor that a quorum of Directors was present at the Board Meeting at which any call was made nor that the meeting at which any call was made was duly convened or constituted nor any other matter whatsoever but the proof of the matters aforesaid shall be conclusive evidence of the debt. |

| Payment in anticipation of Calls may carry Interest | 35 | The Board— |
|---|---|---|
| | | (a) may, if it thinks fit, receive from any member willing to advance the same, all or any part of the monies uncalled and unpaid upon any shares held by him; and |
| | | (b) upon all or any of the monies so advanced, may (until the same would, but for such advance, become presently payable) pay interest at such rate not exceeding, unless the Company in General Meeting shall otherwise direct, twelve per cent per annum, as may be agreed upon between the Board and the member paying the sum in advance. |
| | | However, money so paid in advance of the amount of calls shall not confer a right to participate in profit or dividend. |
| | | No member paying any sum in advance shall be entitled to voting rights in respect of the moneys so paid by him until the same would, but for such payment, become presently payable. |
| LIEN | | |
| Company to have Lien on Shares | 36 | (i) The Company shall have a first and paramount lien |
| | | (a) On every Share (not being a fully paid share) for all monies(whether presently payable or not) called, or payable at a fixed time, in respect of that share; and |
| | | (b) On all Shares (not being fully paid Shares) standing registered in the name of a single person, for all monies presently payable by him or his estate to the Company. |
| | | PROVIDED that the Board of Directors may at any time declare any share to be wholly or in part exempt from the provisions of this Clause. |
| | | (ii)The Company's lien, if any, on a Share shall extend to all dividends payable and bonuses declared from time to time in respect of such Shares. |
| As to Enforcing Lien by Sale | 37 | (i) The Company may sell, in such manner as the Board thinks fit, any Shares on which the Company has a lien. |
| | | Provided that no sale shall be made |
| | | (a) Unless a sum in respect of which the lien exists is presently payable; or |
| | | (b) Until the expiration of fourteen days after a notice in writing stating and demanding payment of such part of the amount in respect of which the lien exists as is presently payable, has been given to the registered holder for the time being of the share or the person entitled thereto by reason of his death or insolvency. |
| | | (ii) To give effect to any such sale, the Board may authorise some person to transfer the shares sold to the purchaser thereof. |
| | | (iii)The purchaser shall be registered as the holder of the shares comprised in any such transfer. |
| | | (iv)The purchaser shall not be bound to see to the application of the purchase money, nor shall his title to the shares be affected by any irregularity or invalidity in the proceedings in reference to the sale. |
| Application of Proceeds of Sale | 38 | (i)The proceeds of the sale shall be received by the Company and applied in payment of such part of the amount in respect of which the lien exists as is presently payable. |
| | | (ii)The residue, if any, shall, subject to a like lien for sums not presently |

| | | payable as existed upon the shares before the sale, be paid to the person entitled to the shares at the date of the sale. |
|---|---|---|
| | | **FORFEITURE OF SHARES** |
| If Call or Installment not paid Notice may be given | 39 | If a Member fails to pay any call or installment of a call, on the day appointed for payment thereof, the Board may, at any time thereafter during such time as any part of the call or installment remains unpaid, serve a notice on him requiring payment of so much of the call or installment as is unpaid, together with any interest which may have accrued.<br><br>The notice aforesaid shall<br><br>(a) name a further day (not being earlier than the expiry of fourteen days from the date of service or the notice) on or before which the payment required by the notice is to be made; and<br><br>(b) State that, in the event of non-payment on or before the day so named, the shares in respect of which the call was made shall be liable to be forfeited. |
| In Default of Payment Shares to be Forfeited | 40 | If the requirements of any such notice as aforesaid are not complied with, any share in respect of which the notice has been given may, at any time thereafter, before the payment required by the notice has been made, be forfeited by a resolution of the Board to that effect. |
| Notice of Forfeiture to a Member | 41 | When any share shall have been so forfeited, notice of the forfeiture shall be given to the member in whose name it stood immediately prior to the forfeiture, and an entry of the forfeiture, with the date thereof, shall forthwith be made in the Register of Members, but no forfeiture shall be invalidated by any omission or neglect to give such notice or to make such entry as aforesaid. |
| Forfeited Shares to be Property of the Company and may be sold, etc. | 42 | Upon forfeiture of shares,   the member shall forthwith surrender the shares to the Company, and in the event of his failure to do so, the Company shall issue a public notice to the effect that the shares though forfeited have not been surrendered to the Company and shall also inform the Stock Exchanges on which the shares of the Company are listed accordingly. Any share so forfeited shall be deemed to be the property of the Company,   and may be sold, re-allotted or otherwise disposed of, either to the original holder thereof or to any other person, upon such terms and in such manner as the Board shall think fit. |
| Member still liable to pay money owing at time of forfeiture and interest | 43 | (i) A person whose shares have been forfeited shall cease to be a Member in respect of the forfeited shares, but shall, notwithstanding the forfeiture, remain liable to pay to the Company all monies which, at the date of forfeiture, were presently payable by him to the Company in respect of the shares.<br><br>(ii)The liability of such person shall cease if and when the Company shall have received payment in full of all such monies in respect of the shares. |
| Effect of Forfeiture | 44 | The forfeiture of a share shall involve extinction, at the time of the forfeiture, of all interest in and all claims and demands against the Company, in respect of the share and all other rights incidental to the share, except only such of those rights as by these Articles are expressly saved. |
| Evidence of Forfeiture | 45 | A duly verified declaration in writing that the declarant is a Director, the manager or the secretary, of the Company, and that a share in the Company has been duly forfeited on a date stated in the declaration, shall be conclusive evidence of the facts therein stated as against all persons claiming to be entitled to the share. |
| Title of Purchaser and Allottee of Forfeited Shares | 46 | (i)The Company may receive the consideration, if any, given for the share on any sale or disposal thereof and may execute a transfer of the share in favour of the person to whom the share is sold or disposed of.<br><br>(ii)The transferee shall thereupon be registered as the holder of the share.<br><br>(iii) The transferee shall not be bound to see to the application of the purchase |

| | | money, if any, nor shall his title to the share be affected by any irregularity or invalidity in the proceedings in reference to the forfeiture, sale or disposal of the share. |
|---|---|---|
| **Cancellation of Share Certificate in respect of Forfeited Shares** | 47 | Upon any sale, re-allotment or other disposal under the provisions of the preceding Articles, the certificate or certificates originally issued in respect of the relative shares shall (unless the same shall on demand by the Company have been previously surrendered to it by the defaulting member) stand cancelled and become null and void and of no effect and the Directors shall be entitled to issue a duplicate certificate in respect of the said shares to the person or persons entitled thereto. |
| **Power to Annul Forfeiture** | 48 | (i)A forfeited share may be sold or otherwise disposed of on such terms and in such manner as the Board thinks fit.<br><br>(ii)At any time before a sale or disposal as aforesaid, the Board may cancel the forfeiture on such terms as it thinks fit. |
| **Surrender of Shares** | 49 | The Directors may, subject to the provisions of the Act, accept a surrender of any share from or by any member desirous of surrendering on such terms as the Directors may think fit. |
| | 50 | The provisions of these regulations as to forfeiture shall apply in the case of non-payment of any sum which, by the terms of issue of a share, becomes payable at a fixed time, whether on account of the nominal value of the share or by way of premium, as if the same had been payable by virtue of a call duly made and notified. |
| | | **TRANSFER OF SHARES** |
| **Register of Transfers** | 51 | The Company shall maintain a Register of Transfers. |
| **Execution of the instrument of transfer** | 52 | (a)The instrument of transfer of any share in or debenture of the Company shall be executed by or on behalf of both the transferor and transferee.<br>(b)The transferor shall be deemed to remain a holder of the share or debenture until the name of the transferee is entered in the Register of Members or Register of Debenture holders in respect thereof. |
| **Transfer Form** | 53 | The instrument of transfer of any share or debenture shall be in writing. |
| **Power to Decline Incomplete Transfer** | 54 | The Board may decline to recognise any instrument of transfer unless<br><br>a. the instrument of transfer is in the form as prescribed in Rules made under Sub-Section (1) of Section 56;<br><br>b. the instrument of transfer, duly stamped and executed, is accompanied by the certificate or certificates of shares or debentures to which it relates and such other evidence as the Board may reasonably require to show the right of the transferor to make the transfer; and<br><br>c. the instrument of transfer is in respect of only one class of shares/ debenture |
| **Directors may refuse to register Transfer** | 55 | 1.   The Board may, subject to the right of appeal conferred by Section 58 decline to register<br><br>(a) the transfer of share, not being a fully paid share, to a person of whom they do not approve or<br><br>(b) Any transfer of shares on which the Company has a lien. |
| **Suspension of Transfer** | 56 | On giving not less than seven days' previous notice in accordance with Section 91 and Rules made thereunder, the registration of transfers may be suspended at such times and for such periods as the Board may from time to time determine;<br><br>PROVIDED that such registration shall not be suspended for more than thirty days at any one time or for more than forty-five days in the aggregate in any year. |

| Custody of Transfer Deeds | 57 | The instrument of transfer shall after registration be retained by the Company and shall remain in its custody. All instruments of transfer which the Directors may decline to register shall on demand be returned to the persons depositing the same. The Directors may cause to be destroyed all the transfer deeds lying with the Company after such period as they may determine. |
|---|---|---|
| Recognition of Legal Representatives | 58 | a)On the death of a member, the survivor or survivors, where the member was a joint holder, and his legal representatives where  he was a sole holder, shall be the only persons recognized by the Company as having any title to his interest in the shares.<br><br>b) Before recognising any executor or administrator or legal representative, the Board may require him to obtain a grant of probate of letters of administration or other legal representation as the case may be, from some competent court in India.<br><br>PROVIDED nevertheless  that in any case where the Board, in its absolute discretion, thinks fit, it shall be lawful for the Board to dispense with the production of probate or letters of administration or such other legal representation upon such terms as to indemnity or otherwise, as the Board in its absolute discretion, may consider adequate.<br><br>c)Nothing in clause (a) above shall release the estate of a deceased joint holder from any liability in respect of any share which had been jointly held by him with other persons. |
| Nomination | 59 | Notwithstanding anything contained in these Articles, every holder(s) of shares or holder(s) of debentures of the Company, holding either singly or jointly, may at any time, nominate a person in the prescribed manner to whom the shares and/or the interest of the member in the shares of the Company or debentures of the Company shall vest in the event of his/her death. Such holder may revoke or vary his/her nomination, at any time, by notifying the same to the Company to that effect. Such nomination shall be governed by the provisions of Section 72 of the Act, The Companies (Share Capital and Debentures) Rules, 2014, or such other regulations governing the matter from time to time. |
| TRANSMISSION OF SHARES | 60 | (i)On the death of a member, the survivor or survivors where the member was a joint holder, and his nominee or nominees or legal representatives where he was a sole holder, shall be the only persons recognised by the Company as having any title to his interest in the shares.<br><br>(ii)Nothing in Clause (i) shall release the estate of a deceased joint holder from any liability in respect of any share which had been jointly held by him with other persons. |
|  | 61 | (i)Any person becoming entitled to a share in consequence of the death or insolvency of a member may, upon such evidence being produced as may from time to time properly be required by the Board and subject as hereinafter provided, elect, either -<br><br>(a)to be registered himself as holder of the share; or<br><br>(b) To make such transfer of the share as the deceased or insolvent member could have made.<br><br>(ii)The Board shall, in either case, have the same right to decline or suspend registration as it would have had, if the deceased or insolvent member had transferred the share before his death or insolvency. |
|  | 62 | (i)If the person so becoming entitled shall elect to be registered as holder of the share himself, he shall deliver or send to the Company a notice in writing signed by him stating that he so elects.<br><br>(ii)If the person aforesaid shall elect to transfer the share, he shall testify his |

| | | |
|---|---|---|
| | | election by executing a transfer of the share.<br><br>(iii)All the limitations, restrictions and provisions of these regulations relating to the right to transfer and the registration of transfers of shares shall be applicable to any such notice or transfer as aforesaid as if the death or insolvency of the member had not occurred and the notice or transfer were a transfer signed by that member. |
| | 63 | A person becoming entitled to a share by reason of the death or insolvency of the holder shall be entitled to the same dividends and other advantages to which he would be entitled if he were the registered holder of the share, except that he shall not, before being registered as a member in respect of the share, been titled in respect of it to exercise any right conferred by membership in relation to meetings of the company.<br><br>PROVIDED that the Board may, at any time, give notice requiring any such person to elect either to be registered himself or to transfer the share, and if the notice is not complied with within ninety days, the Board may thereafter withhold payment of all dividends, bonuses or other monies payable in respect of the share, until the requirements of the notice have been complied with. |
| Refusal to Register Nominee | 64 | The Directors shall have the same right to refuse to register a person entitled by transmission to any shares or his nominee as if he were the transferee named in an ordinary transfer presented for registration. |
| Board may require evidence of Transmission | 65 | Every transmission of a share shall be verified in such manner as the Directors may require and the Company may refuse to register any such transmission until the same be so verified or until or unless an indemnity be given to the Company with regard to such registration which the Directors at their discretion shall consider sufficient, provided nevertheless that there shall not be any obligation on the Company or the Directors to accept any indemnity. |
| SECURITIES PREMIUM ACCOUNT | 66 | (a)Where the Company issues shares at a premium, whether for cash or otherwise, a sum equal to the aggregate amount of the premium received on those shares shall be transferred to an account to be called "Securities Premium Account" and the provisions of the Act relating to the reduction of the Share Capital of the Company shall, except as provided in this Article, apply as if the Securities Premium Account were the paid-up share capital of the Company.<br><br>(b)The Securities Premium Account may, notwithstanding, anything contained in clause (a) above, be applied by the Company:<br><br>i)  towards the issue of unissued shares of the Company to the members of the Company as fully paid bonus shares;<br>ii)  in writing off the preliminary expenses of the Company;<br>iii)   in writing off the expenses of, or the commission paid or discount allowed on, any issue of shares or debentures of the Company;<br>iv)  in providing for the premium  payable on the redemption of any redeemable preference shares or of any debenture of the Company;<br>v)   for the purchase of its own shares or other securities under Section 68 of the Companies Act, 2013;<br>vi)  For various other purposes in accordance with the applicable provisions of the Act or any other law for the time being in force. |
| CONVERSION OF SHARES INTO  STOCK | | |
| Conversion of Shares into Stock & Reconversion | 67 | Subject to the provisions of Section 61, the Company may, by **Special Resolution**<br><br>a. convert all or any of its fully paid-up shares into stock; and<br>b. re-convert any stock into fully paid-up shares of any denomination. |
| Transfer of Stock | 68 | The holders of stock may transfer the same or any part thereof in the same manner as, and subject to the same regulation under which the shares from which the stock arose might before the conversion have been transferred, |

| | | or as near thereto as circumstances admit, provided that, the Board may, from time to time, fix the minimum amount of stock transferable so however that such minimum shall not exceed the nominal amount of the shares from which the stock arose. |
|---|---|---|
| Right of Stockholders | 69 | The holders of stock shall, according to the amount of stock held by them, have the same rights, privileges and advantages as regards dividends, voting at meetings of the Company, and other matters, as if they held the shares from which the stock arose; but no such privilege or advantage (except participation in the dividends and profits of the Company and in the assets on winding up) shall be conferred by an amount of stock which would not, if existing in shares, have conferred that privilege or advantage. |
| Applicable Regulations | 70 | Such of the regulations of the Company as are applicable to paid-up shares shall apply to stock and the words "share" and "shareholder" in those regulations shall include "stock" and "stock-holder", respectively. |
| **BORROWING POWERS** | | |
| Power to Borrow | 71 | Subject to the provisions of the Companies Act, 2013 and these Articles, the Directors may, by resolution passed at meeting of the Board from time to time at their discretion raise or borrow or secure the payment of any sum or sums of monies for the purpose of the Company. |
| **MEETINGS OF MEMBERS** | | |
| Annual and Extra-ordinary General Meetings | 72 | 1) The Company shall, in each year, hold, in addition to any other meetings a General Meeting as its Annual General Meeting and shall specify the meeting as such in the notice calling it. And shall be held either at the registered office of the company or at some other place within the city, town or village in which the registered office of the company is situate: Provided that annual general meeting of an unlisted company may be held at any place in India if consent is given in writing or by electronic mode by all the members in advance.<br><br>2) Notice in writing of every Meeting shall be given to every Member of the Company.  Such Notice shall also be given to the Directors and Auditors of the Company, to the Secretarial Auditor, to Debenture Trustees, if any, and wherever applicable or so required, to other specified persons.<br><br>Notice and accompanying documents shall be given at least twenty-one clear days in advance of the meeting.  Notice and accompanying documents may be given at a shorter period of time if consent in writing is given thereto by not less than ninety-five per cent of the Members entitled to vote at such meeting.<br><br>3)  Every Annual General Meeting shall be called for at a time during business hours i.e. between 9 a.m. and 6 p.m. and on anyday (not being a national holiday) as the Directors may from time to time determine.<br><br>4)A general meeting may be called after giving shorter notice than that specified in this sub-section if consent, in writing or by electronic mode, is accorded thereto— (i) In the case of an annual general meeting, by not less than ninety-five per cent. of the members entitled to vote thereat; and (ii) in the case of any other general meeting, by members of the company—<br><br>(a)  Holding, majority in number of members entitled to vote and who represent not less than ninety-five per cent. of such part of the paid-up share capital of the company as gives a right to vote at the meeting;<br><br>Provided further that where any member of a company is entitled to vote only on some resolution or resolutions to be moved at a meeting and not on the others, those members shall be taken into account for the purposes of this sub |

| | | |
|---|---|---|
| | | section in respect of the former resolution or resolutions and not in respect of the latter. |
| Extra Ordinary General Meetings | 73 | All General Meetings of the Company other than Annual General Meetings shall be called Extra-ordinary General Meetings. |
| Directors may call Extra-ordinary Meetings | 74 | The Directors may call an Extra-Ordinary General Meeting whenever they think fit. |
| Meeting not to transact business not mentioned in Notice | 75 | No General Meeting, Annual or Extra-Ordinary shall be competent to enter upon, discuss or transact any business which is not specifically permitted under the Act and which has not been mentioned in the notice or notices upon which it is convened. |
| Quorum | 76 | Five members entitled to vote and present in person shall be the quorum for any general meeting. A body corporate being a member shall be deemed to be personally present if it is represented in accordance with Section 113 of the Act. The President of India or the Governor of any state, being a member of the Company shall be deemed to be personally present if he is represented in accordance with Section 112 of the Act. |
| If Quorum not present when Meeting to be dissolved and when to be adjourned | 77 | If within half an hour from the time appointed for holding a meeting of the Company a quorum is not present, the meeting, if called by or upon the requisition of members shall stand dissolved. In other cases, it shall stand adjourned to the same day in the next week at the same time and place or on such other day, not being a National Holiday, or at such other time and place, as the Board may determine. If at the adjourned meeting also a quorum is not present within half an hour from the time appointed for holding the meeting, the members present, being not less than two in number, shall constitute the quorum and may transact the business for which the meeting was called. |
| When Resolution deemed to be Passed | 78 | Where a resolution is passed at an adjourned meeting of the Company, the resolution shall for all purposes be treated as having been passed on the date on which it was in fact passed and shall not be deemed to have been passed on any earlier date. |
| Chairman of General Meeting | 79 | The Chairman of the Board shall take the chair and conduct the Meeting. If the Chairman is not present within fifteen minutes after the time appointed for holding the Meeting or if he is unwilling to act as Chairman of the Meeting, or if no Director has been so designated, the Directors present at the Meeting shall elect one of themselves to be the Chairman of the Meeting. If no Director is present within fifteen Minutes after the time appointed for holding the Meeting or if no Director is willing to take the chair, the Members present shall elect, on a show of hands, one of themselves to be the Chairman of the Meeting. |
| Business confined to Election of Chairman when Chair Vacant | 80 | No business, except the election of a Chairman, shall be discussed at any General Meeting whilst the chair is vacant. |
| Chairman may Adjourn Meeting with Consent | 81 | The Chairman may with the consent of the meeting at which a quorum is present, and shall, if so directed by the Meeting, adjourn any meeting from time to time and from place to place, but no business shall be transacted at any adjourned meeting other than the business left unfinished at the meeting from which the adjournment took place.<br><br>When the meeting is adjourned for thirty days or more, notice of the adjourned meeting shall be given as in the case of an original meeting. In other cases, and as provided in Section 103 of the Act, it shall not be necessary to give any notice of an adjournment or of the business to be transacted at an adjourned meeting. |
| Chairman's Casting Vote | 82 | In the event of equality of votes, the Chairman shall on a show of hands or electronically or on a poll (if any), have a second or casting vote in addition to the vote or votes to which he may be entitled as a member. |
| When Poll taken without | 83 | When a poll is demanded on any Resolution, the Chairman shall get the validity of the demand verified and, if the demand is valid, shall order the poll |

| Adjournment | | forthwith if it is demanded on the question of appointment of the Chairman or adjournment of the meeting and, in any other case, within forty-eight hours of the demand for poll. |
|---|---|---|
| Demand for Poll not to prevent transaction of other Business | 84 | The demand for a poll except on the question of the election of the Chairman and of an adjournment shall not prevent the continuance of a meeting for the transaction of any business other than the question on which the poll has been demanded. |
| **VOTES OF MEMBERS** | | |
| Voting Rights | 85 | No member shall be entitled to vote either personally or by proxy at any general meeting or meeting of a class of shareholders either upon a show of hands or upon a poll or be reckoned in a quorum in respect of any shares registered in his name on which any calls or other sums presently payable by him have not been paid or in regard to which the Company has exercised any right of lien. |
| Right of Member to use Votes differently | 86 | Subject to the provision of these Articles and without prejudice to any special privileges or restrictions as to voting for the time being attached to any class of shares for the time being forming part of the capital of the Company, every member, not disqualified by the last preceding Article, shall be entitled to be present and to speak and vote at such meeting, and on a show of hands every member present in person shall have one vote and upon a poll the voting right of every member present in person or by proxy shall be in proportion to his share of the paid-up equity share capital of the Company. Provided, however, if any preference shareholder be present at any meeting of the Company, he shall have a right to vote only on resolution(s) placed before the meeting which directly affect the rights attached to his preference shares, resolutions for winding-up and repayment or reduction of its equity or preference share capital and on all resolutions if dividend remains unpaid for 2 years. |
| Casting of Votes by a Member entitled to more than one Vote | 87 | On a poll taken at a meeting of the Company a member entitled to more than one vote, or his proxy, where allowed, or other person entitled to vote for him, as the case may be need not, if he votes, use all his votes or cast in the same way all the votes he uses. |
| Voting by Members of Unsound Mind and Minors | 88 | A member of unsound mind or in respect of whom an order has been made by any court having jurisdiction in lunacy may vote, whether on a show of hands or on a poll, by his committee or other legal guardian and any such committee or guardian may, on a poll, vote by proxy; if any member be a minor, the vote in respect of his share or share shall be by his guardian or if more than one, to be selected in case of dispute, by the Chairman of the meeting. |
| Votes of Joint Members | 89 | If there be joint registered holders of any shares, any one of such persons may vote at any meeting or may appoint another person (whether a member or not) as his proxy in respect of such shares, as if he were solely entitled thereto but the proxy so appointed shall not have any right to speak at the meeting and, if more than one of the said persons remain present, then the person whose name stands higher on the Register of Members shall alone be entitled to speak and to vote in respect of such shares, but the other or others of the joint holders shall be entitled to be present at the meeting. Several executors or administrators of a deceased member in whose names shares stand shall, for the purpose of these Articles, be deemed joint holders thereof. |
| Votes may be given by Proxy or Attorney | 90 | Votes may be given either personally or by attorney or by proxy or in the case of a company by a representative duly authorised under Section 113 of the Act. |
| Votes in respect of shares of deceased and insolvent member | 91 | Any person entitled under Articles 58 & 61 to transfer any share may vote at any General Meeting in respect thereof in the same manner as if he were the registered holder of such shares, provided that at least forty-eight hours before the time of holding the meeting or adjourned meeting, as the case may be, at which he proposes to vote he shall satisfy the Directors of his right to transfer such shares and give such indemnity (if any) as the Directors may require or the Directors shall have previously admitted his right to vote at such meeting in respect thereof. |

| When Proxy may vote | 92 | Subject to the provisions of the Act, no member not personally present shall be entitled to vote on a show of hands. A proxy cannot vote on a show of hands. |
|---|---|---|
| | | A company, President or Governor, present by a representative duly authorised under the provisions of the Act, in which case representative may vote on a show of hands as if he were a member of the Company. |
| | | In the case of a company, the production at the meeting of a copy of such resolution duly signed by a Director or Secretary of such company and certified by him as being a true copy of the resolution shall be accepted by the company as sufficient evidence of the authority of the appointment. |
| Form of Instrument of Proxy | 93 | The instrument appointing a proxy and the power of attorney or other authority, if any, under which it is signed or a notarised copy of that power or authority, shall be deposited at the Registered Office of the Company not less than 48 hours before the time for holding the Meeting or adjourned meeting at which the person named in the instrument proposes to vote, or, in the case of a poll, not less than 24 hours before the time appointed for the taking of the poll; and in default the instrument of proxy shall not be treated as valid. |
| | | Every instrument of proxy whether for a specified meeting or otherwise shall, as nearly as circumstances will admit, be in the Form as prescribed pursuant to Section 105(7) of the Act and the Rules made thereunder. |
| Validity of votes given by Proxy notwithstanding death of Member | 94 | i) A vote given in accordance with the terms of an instrument of proxy shall be valid notwithstanding the previous death or insanity of the principal, or revocation of the proxy or of any power of attorney under which such proxy was executed, or the transfer of the share in respect of which the proxy is given, provided that no intimation in writing of such death or insanity, revocation or transfer shall have   been received by the Company at its office before the commencement of the meeting or adjourned meeting at which the proxy is used. |
| | | ii)A person appointed as representative of the President of India or Governor of a State or a Body Corporate, shall be entitled to exercise the same rights and powers, including the right to  vote by proxy and by postal ballot, on behalf of the body corporate, President or Governor as the Body Corporate, President or Governor could exercise. |
| Time for objection to Votes | 95 | No objection shall be made to the validity of any vote, except at any meeting or poll at which such vote shall be tendered, and every vote whether given personally or by proxy, not disallowed at such meeting or poll shall be deemed valid for all purposes of such meeting or poll whatsoever. |
| Chairman of  the Meeting to be the Judge of Validity of any Vote | 96 | a) The Chairman of any meeting shall be the sole judge of the validity of every vote tendered at such meeting. |
| | | b) The Chairman present at the taking of a poll shall be the sole judge of the validity of every vote tendered at such poll. |
| | | c) Any such objection made in due time shall be referred to the Chairman of the Meeting, whose decision shall be final and conclusive. |
| DIRECTORS | | |
| Number of Directors and First Directors | 97 | The number of Directors of the Company shall-be as per the prescribed limited under section 149 of the Act subject to the any exemption provided to the government company under the Act. |
| | | And, all directors, as stated above shall be appointed by the President of India who will prescribe the period for which they will hold office as Directors and may remove them and appoint others in their places and fill in any vacancy that may occur. |
| | | The first directors of the Company shall be all first subscribers to the Memorandum. |

| | | No person shall be appointed as the Director of the Company, unless he has been allotted the Director Identification Number under Section 154 of the Act or any other number as may be prescribed under section 153. |
|---|---|---|
| **Nominee Directors of Financial Institutions** | 98 | In case the Company obtains any loans and/or other facilities from financial institutions and it is a term thereof that the said financial institution shall have a right to nominate one Director, then subject to such terms and conditions, the said financial institution shall be entitled to nominate one Director, on the Board of Directors of the Company, and to remove from office any such Director so appointed and to nominate another in his place or in place of the Director so appointed who resigns or otherwise vacates his office. Any Director or Directors so nominated shall not be liable to retire by rotation. |
| **Appointment of Debenture Director** | 99 | Any trust deed for securing the debentures or debenture stock (or a deed of mortgage of any assets of the Company) may if so arranged, provide for the appointment from time to time by the trustees thereof or by the holders of the debentures or debenture stocks (or in the case of a deed of mortgage by the person or persons having such power) of a person to be a Director of the Company and may empower such trustees or holders of debentures or debenture stocks (or such person or persons) from time to time, to remove the Director so appointed. The Director appointed under the article is herein referred to as the "Debenture Director" (or a "Mortgage Director"). The Debenture Director or the Mortgage Director shall not be liable to retire by rotation, or be removed by the Company. The trust deed (or the mortgage deed) may contain such ancillary provisions as may be arranged between the Company and the, trustees (or mortgagees) and all such provisions shall (subject to the provisions of the Act) have effect notwithstanding any of the other provisions herein contained. |
| **Appointment of Alternate Director** | 100 | Subject to the provisions of Section 161 of the Act, the Board may appoint an Alternate Director to act for a Director (hereinafter called "the Original Director") during his absence for a period of not less than three months from India. An Alternate Director appointed under this Article shall not hold office for a period longer than that permissible to the Original Director in whose place he has been appointed and shall vacate office if and when the Original Director returns to India. If the term of office of the Original Director is determined before he so returns to India, any provision in the Act or in these Articles for the automatic re-appointment of retiring Director in default of another appointment shall apply to the Original Director and not to the Alternate Director. |
| **Director's Power to fill Casual Vacancies** | 101 | Subject to the provisions of the Act and these Articles, the Board shall have power at any time and from time to time to appoint any other person to be a director to fill a casual vacancy. Any person so appointed shall hold office only upto the date up to which the director in whose place he is appointed would have held office if it had not been vacated by him. |
| **Remuneration for Services / Directors not resident of the place where Meeting held to be reimbursed** | 102 | (1) The remuneration of a Director for his services shall be such sum for each meeting of the Board of Directors or of a Committee thereof attended by him as may be determined by the Board of Directors from time to time subject to limits and directions prescribed by the Government pursuant to the provisions of the Act or otherwise.<br><br>(2)Until otherwise determined by the Company in General Meeting, each Director other than the Managing/ Whole-time Director (unless otherwise specifically provided for) shall be entitled to          sitting fees not exceeding a sum prescribed in the Act (as may be amended from time to time) for attending meetings of the Board   or Committees thereof  provided that Independent Directors and Women Directors, the sitting fee shall not be less than the sitting fee payable to other Directors subject to limits and directions prescribed by the Government of India. |
| **Directors not Resident of the place where Meeting held** | 103 | In addition to his fee for attending as above specified,  the Board may allow and pay to any Director who is not a resident of the place where the meeting of the Board or of the committee(s) are held and who shall come to such place for |

| to be reimbursed | | the purpose of attending any meeting, such sum, either in the form of reimbursement of actual expenses or on lump sum per diem basis or reimbursement of actual expenses plus daily allowance for incidental expenses as the Board may consider fair compensation for travelling, boarding, lodging and other expenses incurred in connection with the business of the Company or travelling expenses plus incidental expenses as the Board may decide from time to time. Any special invitee, specially called to attend any meeting of the Board or of the Committee may likewise be paid his charges and reimbursed/compensated expenses for travelling, lodging, boarding and other expenses and charges in that behalf. |
|---|---|---|
| Fees for attending Meeting of Committees | 104 | In addition to his fee for attending as above specified, the Directors may from time to time fix such other remuneration to be paid to any member or members of their body constituting a committee appointed by the Directors in terms of these Articles. |
| Further Remuneration for Extra Service | 105 | If any Director, being willing, shall be called upon to perform extra services or to make any special exertions in going or residing out of the city of his normal residence or otherwise for any of the purposes of the Company, the Company shall, subject as aforesaid, remunerate such Director as may be determined by the Directors. |
| Restrictions by Government | 106 | The provisions herein contained as to remuneration of directors shall always be subject to such restrictions or directions as may from time to time be prescribed or given by the Government. |
| Directors to meet to increase number of Directors if their number falls below minimum | 107 | The continuing Directors may act notwithstanding any vacancy in the Board, but so that if the number falls below the minimum number fixed by Article 96 hereof the continuing Directors not being less than two may meet for the purpose of increasing the number of Directors to that fixed for the quorum, or for summoning a general meeting of the Company, but for no other purpose. |
| Directors may contract with the Company | 108 | Subject to the restrictions imposed by these Articles, no Director in the Company shall be disqualified by his office from contracting with the Company either as vendor, purchaser, agent, broker or otherwise, nor shall any such contract, or any contract or arrangement entered into by or on behalf of the Company in which any Director shall be in any way interested, be avoided nor shall any Director so contracting or being so interested be liable to account to the Company for any profit realised by any such contract or arrangement by reason only of such Director holding that office, or of the fiduciary relationship thereby established, but it is declared that the nature of his interest must be disclosed by him as provided by the Act. |
| Directors may be Directors of Companies promoted by the Company | 109 | Subject to the provisions of the Act and these Articles, a Director of the Company may be, or become, a Director of any Company promoted by the Company, or in which it may be interested as a director-or member. |
| Loans to Directors | 110 | The Company may make loans to any Director subject to the provisions of section 185 of Companies Act, 2013. |
| PROCEEDINGS OF THE MEETINGS OF BOARD OF DIRECTORS | | |
| Meeting of Directors | 111 | The Directors may meet together as a Board for the conduct of business from time to time, –hold a minimum number of four meetings of its Board of Directors every year in such a manner that not more than one hundred and twenty days shall intervene between two consecutive meetings of the Board.<br><br>(2) The participation of directors in a meeting of the Board may be either in person or through video conferencing or other audio visual means, as prescribed under the Companies (Meetings of Board and its Powers) Rules, 2014 or amendment thereto, which are capable of recording and recognising the participation of the directors and of recording and storing the proceedings of such meetings along with date and time:<br><br>Provided further that where there is quorum in a meeting through physical presence of directors, any other director may participate through video |

| | | |
|---|---|---|
| | | conferencing or other audio visual means in such meeting on any matter specified under the first proviso. |
| Notice of Meeting / Director may call Meeting | 112 | (1)  A Meeting of the Board shall be called by giving not less than seven days' Notice in writing   to every Director at his address registered with the Company and such notice shall be sent by hand delivery or by post or by electronic means.<br><br>(2)  A Meeting of the Board may be called at shorter notice to transact urgent business subject to the condition that at least one independent director, if any, shall be present at the Meeting and in case of absence of independent director from such a Meeting of the Board, decisions taken at such a Meeting shall be circulated to all the Directors and shall be final only on ratification thereof by at least one independent director, if any.<br><br>(3)  A Director may, and the Manager or Secretary on the requisition of a Director shall, at any time, summon a Meeting of the Board. |
| Quorum of the Meeting | 113 | (a) The quorum for a meeting of the Board of Directors shall be one-third of its total strength or two Directors, whichever is higher and the participation of the Directors by video conferencing or by other audio visual means shall also be counted for the purpose of quorum.<br><br>PROVIDED that where at any time the number of interested Directors at any meeting exceeds or is equal to two-third of the total strength of the Board of Directors, the number of the remaining Directors who are not interested and are present at the Meeting, being not less than two during such time shall form the quorum.<br><br>(b) For the purpose of clause (a) -<br><br>(b) "Total Strength" means total strength of the Board of Directors of the Company determined in pursuance of the Act, after deducting therefrom the number of the Directors, if any, whose place may be vacant at the time; and,<br><br>(c) "Interested Directors" means any Director whose presence cannot by reason of any provision in the Act, count for the purpose of forming a quorum at a meeting of the Board, at the time of the discussion or vote on any matter. |
| Procedure when Meeting adjourned for want of Quorum | 114 | If a meeting of the Board could  not be held for want of quorum then the meeting shall automatically stand adjourned to the same day at the same time and place in the next week, or if that day is a national holiday, till the next succeeding day which is not a national holiday at the same time and place. |
| Chairman | 115 | The Chairman of the Board of Directors shall be nominated by the President of India from the Directors of the Company. The Chairman of the Board shall preside over all meetings of the Board. If at any meeting the Chairman is not present within five minutes after the time appointed for holding the same, the Directors present may choose one of their numbers to be the chairman of the meeting.<br>In case, Chairman of the Board is not appointed by the President of India, appointment of Chairman shall be followed as per provisions of the Act. |
| Questions to be decided by Majority | 116 | Question arising at any meeting of the Board or the Committee of the Board shall be decided by Majority of Votes and in case of an equality of Votes, the Chairman of the Meeting shall have a second or casting vote. |
| Board competent to exercise powers | 117 | Meeting of the Board of Directors for the time being at which a quorum is present shall be competent to exercise all or any of the authorities, powers and discretion which by or under the Act or these articles or the regulations for the time being of the Company are vested in or exercisable by the Board of Directors generally. |

| Power to appoint Committee and Delegation | 118 | The Board of Directors may, subject to the provisions of the Act and these Articles, by a resolution passed at a meeting, delegate any of the powers other than the powers to make calls, to authorise buy-back of securities,  to issue securities including debentures, to approve financial statement and Board's Report, to diversity the business and to approve amalgamation, merger or reconstruction to such  committee or committees and may from time to time revoke and discharge any such committee of the Board either wholly or in part and either as to the person or purposes, but every committee of the Board so formed shall, in exercise of the powers so delegated, conform to any regulation that may from time to time be imposed on it by the Board of Directors. All acts done by any such committee of the Board in conformity with such regulations and in fulfillment of the purpose of their appointments, but not otherwise, shall have the like force and effect, as if done by the Board. |
| Meeting of the Committee how to be governed | 119 | The meetings and  proceedings of any such committee of the Board shall be governed by the provisions herein contained for regulating the meetings and proceedings of the Directors, so far as the same are applicable thereto and are not superseded by any regulations made by the Directors under the last preceding Article. |
| Circular Resolution | 120 | (1)A resolution passed by circular by the Board or a Committee of the Board appointed under Article 118 shall subject to the provisions of sub-clause (2) hereof and the Act be as valid and effectual as the resolution duly passed at a meeting of the Directors or of a committee duly called and held.<br><br>(2) A resolution shall be deemed to have been duly passed by the Board or by a committee  thereof by circulation, if the resolution, has been circulated in draft together with necessary papers, if any, to all the Directors, or to all the members of the committee, as the case may be, at their addresses registered with the Company in India by hand delivery or by post or by courier or through such electronic means as may be prescribed not being less in number than the quorum fixed for a meeting of the Board or committee (as the case may be) and has been approved by a majority of the directors or members, who are entitled to vote on the resolution<br><br>PROVIDED THAT where not less than one third of the total number of Directors of the Company for the time being require that any resolution under circulation must be decided at the meeting, the Chairman shall put the resolution to be decided at a Meeting of the Board. |
| Validity of Acts, notwithstanding defect | 121 | All acts done by any meeting of the Board or of a committee of the Board or by any person acting as a Director shall, notwithstanding that it shall afterwards be discovered that there was some defect in the appointment of any one or more of such Directors or any person acting as aforesaid, or that they or any of them were disqualified, be as valid as if every such director or such person had been duly appointed and was qualified to be a Director.<br><br>Provided that nothing in this Article shall be deemed to give validity to any acts done by a Director after his appointment has been noticed by the Company to be invalid or to have been terminated. |
| POWERS OF DIRECTORS | 122 | (1)Subject to the provisions of the Act and these Articles, the Board of Directors of the Company shall be entitled to exercise all such powers, and do all such acts and things, as the Company is authorised to exercise and do.<br><br>PROVIDED THAT in exercising such power or doing such act or thing, the Board shall be subject to the provisions contained in that behalf in the Act or in these Articles or in any regulations not inconsistent therewith and duly made thereunder, including regulations made by the Company in general meeting.<br><br>PROVIDED FURTHER THAT the Board shall not exercise any power or do any act or thing which is directed or required, whether under the Act or by these Articles or otherwise, to be exercised or done by the Company in general |

| | | meeting. |
|---|---|---|
| | | (2)No regulation made by the Company in General Meeting shall invalidate any prior act of the Board which would have been valid if that regulation had not been made. |
| **Power to Borrow** | 123 | The Board shall have the power from time to time, at its discretion, to accept deposits, either in advance of calls or otherwise and generally raise or borrow or secure the payment of any sum or sums of money for the purposes of the Company. The payment or repayment of such moneys may be secured in such manner and upon such terms and conditions in all respects as the Board may think fit, and in particular by issues of bonds, commercial paper, a mortgage or mortgages of, or the issue of redeemable debentures or debenture stock of the Company, charged upon all or any of the property of the Company (both present and future) including its uncalled capital for the time being. The Company shall not issue any debentures carrying voting rights. |
| **Bonds, Debentures, etc to be subject to control of Directors** | 124 | Any bonds, debentures, debenture stock or other securities issued or to be issued by the Company shall be under the control of the Directors who may issue them upon such terms and conditions and in such manner and for such consideration as they shall consider to be for the benefit of the Company. |
| **Securities may be assignable free from Equities** | 125 | Debentures, debenture-stock, bonds or other securities may be made assignable free from any equities between the Company and the person to whom the same may be issued. |
| **Issue at Discount etc. or with special Privileges** | 126 | Subject to the provisions of the Act and these Articles, any bonds, debentures, debenture-stock or other securities may be issued at a discount, premium or otherwise and with such privileges and conditions as to redemption, surrender, drawings, allotment of shares, appointment of Directors and otherwise. Provided that debentures with the right to allotment of or conversion into shares shall not be issued except with the consent of the Company in general meeting and subject to the provisions of Companies Act, 2013. |
| **If Uncalled Capital is included in Security** | 127 | If any uncalled capital of the Company is included in or charged by any mortgage or other security the Directors shall, subject to the provisions of the Act and these Articles, make calls on the members in respect of such uncalled capital in trust for the person in whose favour such mortgage or security is executed or, if permitted by the Act, may authorise the person in whose favour such mortgage or security is executed or any other person in trust for him to make calls on the members in respect of such uncalled capital and the provisions hereinbefore contained in regard to calls shall *mutatis mutandis* apply to calls made under such authority and such authority may be made exercisable either conditionally or unconditionally of the Directors' power or otherwise and shall be assignable if expressed so to be. |
| **Indemnity may be given** | 128 | Subject to the provisions of these Articles if the Directors or any of them or any other person shall incur or be about to incur any liability whether as principal or surety for the payment, of any sum primarily due from the Company, the Directors may execute or cause to be executed any mortgage, charge or security over or affecting the whole or any part of the assets of the Company by way of indemnity to secure the Directors or persons so becoming liable as aforesaid from any loss in respect of such liability. |
| **Certain Powers of the Board** | 129 | Without prejudice to the general powers conferred by the preceding Articles and so as not in any way to limit or restrict those powers and without prejudice to other powers conferred by these Articles, but subject to the restrictions contained in the Act and the preceding Articles, it is hereby declared that the Directors shall have the following powers, that is to say, power – |
| | | (1)To pay out of the funds of the Company all costs, charges and expenses which the Company may lawfully incur with respect to promotion, formation and registration of the Company or the issue of its capital including brokerage |

and commission for obtaining applications for or taking, placing or under-writing or procuring the underwriting of shares, debentures or other securities of the Company.

(2) To purchase, lease, hire or otherwise acquire for the Company any aircraft, engines, machinery, equipment or movable or immovable property, rights or privileges which the Company is authorised to acquire, at or for such price or consideration and generally on such terms and conditions as they may think fit; and in any such purchase or other acquisition to accept such title as the Directors may believe or may be advised to be reasonably satisfactory.

(3) At their discretion to pay for any property, rights or privileges acquired by or services rendered to the Company either wholly or partially, in cash or in shares, bonds, debentures, mortgages, or other securities of the Company, and any such shares may be issued either as fully paid up or with such amount credited as paid up thereon as may be agreed upon and any such bonds, debentures, mortgages, or other securities may be either specifically charged upon all or any part of the property of the Company and its uncalled capital or not so charged.

(4) Subject to any statutory provisions and regulations or rules prescribed by the Government, the Board shall be competent to determine the fares and the rates for any or all sectors on which the Company operates or proposes to operate any flight, whether scheduled or chartered and whether for carriage of passengers, cargo, baggage, mail, etc. and from time to time to revise, all or any of the fares and the rates and without prejudice, to the generality of the foregoing, the Board may offer any discounts or rebates or promotional or concessional fare(s), rate(s) in such manner and to such extent the Board deems appropriate.

(5) To secure the fulfillment of any contracts or engagements entered into by the Company by mortgage or charge of all or any of the property of the Company and its uncalled capital for the time being or in such other manner as they may think fit.

(6) To sell, lease, grant licenses, easements and other rights over and in any other manner deal with or dispose of the undertaking, property, assets, rights and effects of the Company, or any part thereof, for such consideration as the Directors may think fit, and in particular for shares, debentures or securities of any other company.

(7) To accept payment of any property or rights sold or otherwise disposed off or dealt with by the Company, either in cash, by installments or otherwise or by means of fully or partly paid-up shares of any company or corporation, including shares with or without preferred or guaranteed rights in respect of dividend or repayment of capital or otherwise or by means of debentures or mortgage debentures or debenture stock, mortgages or other securities of any company or corporation or partly in one mode and partly in another, and generally on such terms as the Directors may determine, and to hold, dispose off or otherwise deal with any shares, stock or securities.

(8) To accept from any member, as far as may be permissible by law, a surrender of his shares or any part thereof, on such terms and conditions as shall be agreed.

(9) To appoint any person to accept and hold in trust for the Company any property belonging to the Company or in which it is interested, or for any other purposes  and to execute and do all such deeds and things as may be required In relation to any trust, and to provide for the remuneration of such trustees.

(10)To institute, conduct, defend, compound, or abandon any legal proceedings (including quasi-legal or arbitral proceedings) by or against the Company or its officers, or otherwise concerning the affairs of the Company and also to compound and allow time for payment or satisfaction of any debts due and of any claims or demands by or against the Company and to refer any claims, demands or differences to arbitration and observe and perform any awards made thereon.

(11)To appoint and remunerate whether on retainership or otherwise consultants and professionals including but not limited to solicitors, advocates, accountants, engineers, valuers, architects and from time to time vary or terminate such appointments as the Board may deem appropriate.

(12)To act on behalf of the Company in all matters relating to bankrupts and insolvents.

(13)To make and give receipts, releases and other discharges for moneys payable to the Company and for the claims and demands of the Company.

(14)Subject to the provisions of the Act, to invest and deal with any moneys of the Company not immediately required for the purposes thereof upon such security (not being shares of this Company) or without security and in such manner as they may think fit and from time to time to vary or realise such investments.  Save as provided by the Act, all instruments shall be made and held in the Company's own name.

(15)To execute in the name and on behalf of the Company in favour of any Director or other person who may incur or be about to incur any personal liability whether as principal or surety, for the benefit of the Company, such mortgages of the Company's property (present and future) as they think fit, and any such mortgage may contain a power of sale and such other powers, provisions, covenants and agreements as shall be agreed upon.

(16)To open, operate and close current, cash-credit, overdraft or other bank accounts and to draw, make, accept, endorse, negotiate, discount and execute cheques, promissory notes, bills of exchange, bills of lading, warrants, debentures and other negotiable instruments or transferable instruments or securities.

(17)To invest and deal with the moneys not immediately required by the Company in any investments, moveable or immoveable in such manner as may from time to time seem expedient and be determined.

(18)To determine from time to time who shall be entitled to sign, on the Company's behalf, bills of exchange, bills of lading, notes, receipts, acceptances, endorsements, cheques, dividend warrants, releases, contracts and documents and to give the necessary authority for such purpose.
(19)To apply for, promote and obtain any Act, charter, privilege, Concession, license, provisional order or authorisation, if any, from any Government, State or Municipality or authority for enabling the Company  to carry on any of its objects into effect, or for extending any of the powers of the Company or for effecting any modification of the Company's constitution, or for any other purpose which may seem expedient and to oppose any proceedings or applications which may seem calculated, directly or indirectly to prejudice the Company's interests.

(20)To insure the whole or  any part of the property of the Company either fully or partially, to protect and indemnify the Company from liability or loss in

any respect either fully or partially and also to insure and to protect and indemnify any part or portion thereof either on mutual principle or otherwise.

(21)To distribute by way of bonus amongst the staff of the Company a share or shares in the profit of the Company, and to give to any officer or other person employed by the Company, a commission on the profits of any particular business or transaction and to charge such bonus or commission as part of the working expenses of the Company.

(22)Before recommending any dividend, to set aside out of the profits of the Company such sums as they think proper for appropriation to a Depreciation Fund, or to an Insurance Fund, or as a Reserve Fund or Sinking Fund or any Special Fund to meet contingencies or to repay redeemable preference shares, debentures or debenture   stock, for special dividends or for equalising dividends or for repairing, improving, extending and maintaining any of the property of the Company and for such other purposes (including the purposes referred to in the preceding clause) as the Board may, in their absolute discretion think conducive to the interest of the Company, and subject to the provisions of the Act, to invest the several sums so set aside or so much thereof as is required to be invested upon such investments as they may think fit and from time to time to deal with and vary such investments and dispose of and apply and deploy all or any part thereof for the benefit of the Company in such manner and for such purposes as the Board in its absolute discretion thinks conducive to the interest of the Company, notwithstanding that the matters to which, the Board applies or upon which it expends the same, or any part thereof, may be matters to or upon which the capital moneys of the Company might be applied or expended and to divide the Reserve Fund into such special funds as the Board may think fit, with full power to transfer the whole or any portion of a Reserve Fund or division of a Reserve Fund to another Reserve Fund or division of Reserve Fund and with full power to employ the assets constituting all or any of the above funds, including the depreciation fund, in the business of the Company or in the purchase or repayment of redeemable preference shares or debentures or debenture stock and without being bound to keep the same separate from the other assets and without being bound to pay interest on the same with power, however, to the Board at its discretion to pay or allow to the credit such funds interest at such rate as the Board may think proper.

(23)To appoint and at their discretion remove or suspend such general managers, managers, secretaries, assistants, supervisors, officers, clerks, agents and employees for permanent, temporary or special services as they may; from time to time, think fit and to determine their powers and duties, and fix their salaries or emoluments or remuneration, and to require security in such instances and for such amounts as they may think fit; and also from time to time to provide for the management and transaction of the affairs of the Company in any specified locality in India or elsewhere in such manner as they think fit.

(24) From time to time and at any time to establish any local board for managing any of the affairs of the Company in any specified  locality in India or elsewhere and to appoint any persons to be members of such Local Boards, and to fix their remuneration.

(25) From time to time and at any time, to delegate to any person so appointed any of the powers, authorities, and discretions for the time being vested in the Board, and to authorise the members for the time being of any such local board, or any of them to fill up any vacancies therein and to act notwithstanding vacancies, and any such appointment or delegation may be made on such terms and subject to such conditions as the Board may think fit

| | | and the Board may at any time remove any person so appointed, and may annul or vary any such delegation. |
|---|---|---|
| | | (26)At any time and from time to time by Power of Attorney to appoint any person or persons to be the attorney or attorneys of the Company, for such purposes and with such powers, authorities and discretions and for such period and subject to such conditions as the Board may, from time to time, think fit, and any such appointment may (if the Board thinks fit) be made in favour of the members or any of the members of any local board, established as aforesaid or in favour of any company or the shareholders, directors, nominees, or managers of any company or firm or otherwise in favour of any fluctuating body of persons whether nominated directly or indirectly by the Board and any such power of attorney may contain such powers for the protection or convenience of persons dealing with such attorneys as the Board may think fit and may contain powers enabling any such delegates or attorneys as aforesaid to sub-delegate all or any of the powers, authorities and discretions for the time being vested in them. |
| | | (27)Subject to the provisions of the Act, for or in relation to any of the matters aforesaid or otherwise for the purpose of the Company to enter into all such negotiations and contracts and rescind and vary all such contracts, and execute and do all such acts, deeds and things in the name and on behalf of the Company as they may consider expedient, for or in relation to any of the matters aforesaid or otherwise for the purposes of the Company. |
| | | (28)Generally, subject to the provisions of the Act, and these Articles to delegate the powers, authorities and discretions vested in the Directors to any person, firm, company or fluctuating body or persons as aforesaid. |
| | | (29)From time to time to make, vary and repeal bye-laws for the regulation of the business of the Company, its officers and servants. |
| **MANAGING DIRECTOR** | | |
| Appointment of Managing Director(s) | 130 | The President of India will appoint one or more Managing Director(s) and if the President so desires he may direct any one of the Managing Directors to function as Chairman under Clause 115. |
| Remuneration of Managing Director | 131 | The Managing Director(s) shall receive such remuneration as may from time to time be sanctioned by the Board of Directors or the President of India or the administrative ministry or any other concerned authority under Government of India. |
| Duties of Managing Director | 132 | The Managing Director(s) shall, subject to the superintendence, control and direction of the Board of Directors of the Company, be entrusted with substantial powers of management of the affairs of the Company and in particular conduct and assume primary responsibility for the performance and supervision of the technical, administrative and day to day operations of the Company. |
| **COMPANY SECRETARY & CHIEF FINANCIAL OFFICER** | | |
| | 133 | Subject to the provisions of Section 203 of the Act, the Board may from time to time appoint a Company Secretary and a Chief Financial Officer at its discretion and remove any such Company Secretary and Chief Financial Officer and also authorize him to perform any functions and to execute any other ministerial or administrative duties, which may from time to time be assigned to such Company Secretary and the Chief Financial Officer by the Board. |
| **THE SEAL** | | |
| The Seal, its Custody and use | 134 | (1) A bill of exchange, humid or promissory note shall be deemed to have been made, accepted, drawn or endorsed on behalf of a company if made, accepted, drawn, or endorsed in the name of, or on behalf of or on account of, the company by any person acting under its authority, express or implied. (2) A company may, by writing under its common seal, if any, authorise any |

| | | |
|---|---|---|
| | | person, either generally or in respect of any specified matters, as its attorney to execute other deeds on its behalf in any place either in or outside India.<br> Provided that in case a company does not have a common seal, the authorisation under this sub-section shall be made by two directors or by a director and the Company Secretary, wherever the company has appointed a Company Secretary]<br>(3) A deed signed by such an attorney on behalf of the company and under his seal shall bind the company |
| Deeds how Executed | 135 | Every deed or other instrument, to which the Seal of the Company is required to be affixed shall, unless the same is executed by a duly constituted attorney, be signed by two Directors or one Director and the Secretary |
| **DIVIDENDS** | | |
| | 136 | **Division of Profits**<br><br>The profits of the Company, subject to any special rights relating thereto created or authorised to be created by these Articles, and subject to the provisions of these Articles, shall be divisible among the members in proportion to the amount of capital paid up or credited as paid up on the shares held by them respectively. |
| | 137 | **The Company in General Meeting may declare a Dividend**<br><br>The Company in general meeting may, declare a dividend to be paid to the members according to their respective rights, but no dividend shall exceed the amount recommended by the Board, but the Company in general meeting may declare a smaller dividend. |
| Time and Mode for payment of Dividend | 138 | The Company in general meeting may, declare a dividend to be paid to the members according to their respective rights and interests in the profits and subject to the provisions of the Act may fix the time for payment.<br><br>When dividend has been so declared, the warrants in respect thereof shall be posted within such period as may be prescribed under Section 127 of the Act to the shareholders entitled to the payment of the same. |
| Interim Dividend | 139 | Subject to the provisions of Section 123, the Board may from time to time pay to the members such interim dividends as appear to it to be justified by the profits of the Company. |
| Capital paid-up in advance at interest not to earn Dividend | 140 | Where capital is paid in advance of calls, such capital may carry interest but shall not in respect thereof confer a right to dividend or to participate in profits. |
| Dividends in proportion to amount paid-up | 141 | All dividends shall be apportioned and paid proportionately to the amounts paid or credited as paid on the shares during any portion or portions of the period in respect of which the dividend is paid, but if any share is issued on terms providing that it shall rank for dividend as from a particular date, such share shall rank for dividend accordingly. |
| Board may retain Dividend | 142 | The Board may retain the dividends payable upon shares in respect of which any person is, under Article 58, entitled to become a member, or which any person under that Article is entitled to transfer, until such person shall become a member in respect of such shares or shall duly transfer the same subject to the provisions of the Act. |
| No Entitlement to Dividend or Interest if Money owing to Company | 143 | No member shall be entitled to receive payment of any interest or dividend in respect of his share or shares, while any money may be due or owing from him to the Company in respect of such share or shares or otherwise howsoever, either alone or jointly with any other person or persons, and the Board may deduct from the interest or dividend payable to any member all sums of money so due from him to the Company. |
| Transfer not to pass right to Dividend declared before | 144 | A transfer of shares shall not pass the right to any dividend declared thereon before the registration of the transfer. |

| Transfer Registered | | |
|---|---|---|
| Dividend how to be paid | 145 | Unless otherwise directed any dividend may be paid by cheque or warrant or by a payslip or receipt having the force of a cheque or warrant, sent through the post to the registered address of the member or person entitled or through the Electric Clearing System of the Reserve Bank of India or in case of joint-holders to that one of them first named in the register in respect of the joint holdings. Every such cheque or warrant shall be made payable to the order of the person to whom it is sent. The Company shall not be liable or responsible for any cheque or warrant or payslip or receipt lost in transit or for any dividend lost to the member or person entitled thereto by the forged endorsement of any cheque or warrant or the forged signature of any payslip or receipt or the fraudulent recovery of the dividend by any other means. |
| Dividend and Call together | 146 | Any general meeting declaring a dividend may, on the recommendation of the Directors, make a call on the members of such amount as the meeting fixes so that the call on each member shall not exceed the dividend payable to him and so that call made payable at the same time as the dividend, and the dividend may, if so arranged between the Company and the member, be set off against the calls. |
| | | **CAPITALISATION OF PROFITS** |
| Capitalisation | 147 | (1)(I) The company in General Meeting may, upon the recommendation of the Board, resolve— |
| | | (a) that it is desirable to capitalise any part of the amount for the time being standing to the credit of any of the company's reserve accounts, or to the credit of the profit and loss account, or otherwise available for distribution; and |
| | | (b) That such sum is accordingly set free for distribution in the manner specified in clause (ii) amongst the members who would have been entitled thereto, if distributed by way of dividend and in the same proportions. |
| | | (ii) The sum aforesaid shall not be paid in cash but shall be applied, subject to the provision contained in clause (iii), either in or towards— |
| | | (A) paying up any amounts for the time being unpaid on any shares held by such members respectively; |
| | | (B) paying up in full, unissued shares of the company to be allotted and distributed, credited as fully paid-up, to and amongst such members in the proportions aforesaid; |
| | | (C) partly in the way specified in sub-clause (A) and partly in that specified in sub-clause (B); |
| | | (D) A securities premium account and a capital redemption reserve account may, for the purposes of this regulation, be applied in the paying up of unissued shares to be issued to members of the company as fully paid bonus shares; |
| | | (E) The Board shall give effect to the resolution passed by the company in pursuance of this regulation. |
| | | (2)(i)Whenever such a resolution as aforesaid shall have been passed, the Board shall— |
| | | (a) make all appropriations and applications of the undivided profits resolved to be capitalised thereby, and all allotments and issues of fully paid shares if any; and |

|  |  | (b) Generally do all acts and things required to give effect thereto.<br><br>(ii) The Board shall have power—<br><br>(a) to make such provisions, by the issue of fractional certificates or by payment in cash or otherwise as it thinks fit, for the case of shares becoming distributable in fractions; and<br><br>(b) to authorise any person to enter, on behalf of all the members entitled thereto into an agreement with the company providing for the allotment to them respectively, credited as fully paid-up, of any further shares to which they may be entitled upon such capitalisation, or as the case may require, for the payment by the company on their behalf, by the application thereto of their respective proportions of profits resolved to be capitalised, of the amount or any part of the amounts remaining unpaid on their existing shares;<br><br>(iii) Any agreement made under such authority shall be effective and binding on such members. |
| Capitalisation in respect of Partly Paid-up Shares | 148 | Subject to the provisions of the Act and these Articles, in cases where some of the shares of the Company are fully paid and others are partly paid only, such capitalization may be effected by the distribution of further shares with the whole or part of the unpaid liability thereon but so that as between the holders of the fully paid shares, and the partly paid shares the sums so applied in payment of such further shares and in the extinguishment or diminution of the liability on the partly paid shares shall be so applied pro rata in proportion to the amount then already paid or credited as paid on the existing fully paid and partly paid shares respectively. |
| **ACCOUNTS** | | |
| As to Inspection of Accounts and Books by Members | 149 | The Board shall from time to time determine whether and to what extent and at what times and places and under what conditions or regulations, the accounts and books of the company, or any of them, shall be open to the inspection of members not being directors.<br><br>No member (not being a director) shall have any right of inspecting any account or book or document of the company except as conferred by law or authorised by the Board or by the company in general meeting. |
| Financial Statement to be furnished to General Meetings | 150 | The Directors shall from time to time, in accordance with the provisions of the Act cause to be prepared and to be laid before the Company in general meeting, such Financial Statement which inter alia includes balance sheets, profit and loss accounts and reports as are required by the Act and within the periods therein mentioned. |
| Foreign Register | 151 | The Company may exercise the powers conferred on it by the provisions of the Act with regard to the keeping of a Foreign Register of its members or debenture holders and the Board may, make and vary such regulations as it may think fit, in regard to the keeping of any such registers. |
| **DOCUMENTS ANDSERVICE OF NOTICES** | | |
| Service of Documents on Members by the Company | 152 | Any documents may be served or sent by the Company on or to any member in the manner and in accordance with the applicable provisions of the Act. |
| Members bound by documents or Notices served on or given to previous Holders | 153 | Every person who, by operation of law, transfer or other means whatsoever, shall become entitled to any share, shall be bound by every document or a notice in respect of such share, which previous to his name and address being entered on the Register of Members, shall have been duly served on or given to the person from whom he derives his title to such shares. |
| Document or Notice by Company and Signature thereto | 154 | Any document or notice to be served or given by the Company may be signed by a Director or Secretary or some person duly authorised by the Board of Directors for such purpose and the signature thereto may be written, printed or lithographed. |

| Service of Notice Valid | 155 | Any notice or document delivered or sent by post or left at the registered address of any member in pursuance of these presents shall, notwithstanding such member be then deceased and whether or not the Company have notice of his death be deemed to have been duly served in respect of any registered share whether held solely or jointly with other person by such member until some other person be registered in his stead as the holder or joint holder thereof and such service shall, for all purposes of these presents, be deemed a sufficient service of such notice or document on his or her heirs, executors or administrators and all persons, if any, jointly interested with him or her in any such shares. |
|---|---|---|
| | | **WINDING UP** |
| | 156 | If the company wound up, provisions of Insolvency and Bankruptcy Code shall apply. |
| | | **INDEMNITY AND RESPONSIBILITY** |
| Directors' and others' Right to Indemnity | 157 | (a)Subject to the provisions of the Act, every Director, Managing Director, Manager, Secretary and other officer or employee of the Company shall be indemnified by the Company against and it shall be the duty of the Directors, out of the funds of the Company, to pay all costs, losses and expenses (including travelling expenses) which any such Director, Manager, etc. may incur or become liable to by reason of any contract entered into or act or deed done by him as such Director, officer or servant or in any way in the discharge of his duties.<br><br>(b)Subject to the provisions of the Act and the Rules framed there-under and the provisions of these Articles, every Director, Managing Director, Manager, Secretary or other officer or employee of the Company shall be indemnified against any liability incurred by him in defending any proceedings whether civil or criminal or in connection with any application under Section 463 of the Act in which relief is given to him by the Court. |
| Not Responsible for acts of others | 158 | No Director, Managing Director or other Officer of the Company shall be liable for the acts, receipts, neglects or defaults of any other Director or officer or for joining in any receipt or other act for conformity, or for any loss or expense happening to the Company through insufficiency or deficiency of title to any property acquired by order of the Directors for or on behalf of the Company, or for the insufficiency or deficiency of any security in or upon which any of the moneys of the Company shall be invested, or for any loss or damage arising from the bankruptcy, insolvency or tortious act of any person, company or corporation, with whom any moneys, securities or effects shall be entrusted or deposited, or for any loss occasioned by any error of judgment or oversight on his part, or for any other loss or damage or misfortune whatsoever which shall happen in the execution of the duties of his office or in relation thereto, unless the same happens through his own dishonesty. |
| | | **SECRECY CLAUSE** |
| | 159 | **Secrecy**<br>(a) Every Director, Manager, Auditor, Trustee, Member of Committee, Officer, Servant, Agent, Accountant or other person employed in the business of the Company shall, if so required by the Directors, before entering upon his duties sign a declaration pledging himself to observe strict secrecy respecting production techniques and processes and all transactions and affairs of the Company with the customers and the state of the accounts with individuals and in matters relating thereto, and shall by such declaration pledge himself not to reveal any of the matters which may come to his knowledge in the discharge of his duties except when required to do so by the Directors or by the persons to whom such matters relate or by a court of law and except so far as may be necessary in order to comply with any of the provisions in these presents contained. |

| | | |
|---|---|---|
| | | **Access to property information, etc.**<br><br>(b) Subject to the provisions of the Act and these Articles, no member or other person (other than a Director) shall be entitled to enter the property of the Company or to inspect or examine the Company's premises or properties or the books of accounts of the Company without the permission of the Board of Directors of the Company for the time being or to require discovery of or any information respecting any detail of the Company's trading or any matter which is or may be in the nature of trade secret, mystery of trade  or secret process or promotion behaviour and processes or of any matter whatsoever which may relate to the conduct of the business of the Company and which in the opinion of the Board it will be inexpedient in   the interest of the Company to disclose or communicate. |
| | | **GENERAL AUTHORITY** |
| | 160 | Subject to and in accordance with Indian Insurance Laws, wherever in the Act, it has been provided that the Company shall have any right, privilege or authority or that the Company could carry out any transaction only if the Company is so authorised by its Articles, then and in that case by virtue of this Article, the Company is hereby specifically authorised, empowered and entitled to have such right, privilege, authority, to carry out such transactions as have been permitted by the Act without there being any separate Articles in that regard. |
| | | **POWER OF PRESIDENT TO ISSUE DIRECTIVES** |
| | 161 | The President may from time to time issue such directives or instructions as may be considered necessary in regard to conduct of business and affairs of the Company and in like manner may vary or annul any such directive or instructions.<br><br>Provided that all directives issued by the President shall be in writing addressed to the Chairman.  The Board shall, except where the President considers that the interest of the national security requires otherwise, incorporate the contents of directives issued by the President in the annual report of the Company and also indicate its impact on the financial position of the Company. |

We, the several persons, whose names, addresses and descriptions are hereunder subscribed, are desirous of being formed into a company in pursuance of this Memorandum of Association and we respectively agree to take the number of shares in the capital of the Company set opposite to our respective names.

| Name, addresses, description and occupation of subscribers Witness | No. of Equity shares taken by each subscriber | Signature of subscribers | Signature, name, address, description & occupation of |
|---|---|---|---|
| ASHOK CHAWLA<br>Late Shri M.R. Chawla<br>Secretary, Ministry of<br>Aviation, Civil Aviation, Rajiv Gandhi<br>Bhawan, New Delhi-110 003.<br><br>for and on behalf of the<br>President of India. | 1 (One) | sd/- | S.K. CHHIKARA S/o<br>Under Secretary,<br>Ministry of Civil<br>Rajiv Gandhi Bhawan,<br>New Delhi-110 003. |
| RAGHU MENON<br>Late Shri A.D. Menon<br>Additional Secretary &<br>Aviation, Financial Adviser, Ministry of<br>Civil Aviation, Rajiv Gandhi<br>Bhawan, New Delhi-110 003.<br><br>for and on behalf of the<br>President of India. | 1 (One) | sd/- | S.K. CHHIKARA S/o<br>Under Secretary,<br>Ministry of Civil<br>Rajiv Gandhi Bhawan,<br>New Delhi-110 003. |
| KAILASH NATH SHRIVASTAVA<br>Shri Rajendra Prasad<br>Joint Secretary, Ministry of<br>Aviation, Civil Aviation, Rajiv Gandhi<br>Bhawan, New Delhi-110 003.<br><br>for and on behalf of the<br>President of India. | 1 (One) | sd/- | S.K. CHHIKARA S/o<br>Under Secretary,<br>Ministry of Civil<br>Rajiv Gandhi Bhawan,<br>New Delhi-110 003. |
| RAJESH KUMAR SINGH<br>Late Shri Shankar Dayal Singh<br>Joint Secretary, Ministry of<br>Aviation, Civil Aviation, Rajiv Gandhi<br>Bhawan, New Delhi-110 003.<br><br>for and on behalf of the<br>President of India. | 1 (One) | sd/- | S.K. CHHIKARA S/o<br>Under Secretary,<br>Ministry of Civil<br>Rajiv Gandhi Bhawan,<br>New Delhi-110 003. |