# EXHIBIT 95


SCC Online Web Edition, Copyright © 2021
Page 1     Wednesday, January 20, 2021
Printed For: S & R Associates
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Supreme Court Cases

---

PRADEEP KUMAR BISWAS v. INDIAN INSTITUTE OF CHEMICAL BIOLOGY    111

## (2002) 5 Supreme Court Cases 111

(BEFORE S.P. BHARUCHA, C.J. AND SYED SHAH MOHAMMED QUADRI, R.C. LAHOTI, N. SANTOSH HEGDE, DORAISWAMY RAJU, RUMA PAL AND ARIJIT PASAYAT, JJ.)

PRADEEP KUMAR BISWAS . . Appellant;

*Versus*

INDIAN INSTITUTE OF CHEMICAL BIOLOGY
AND OTHERS . . Respondents.

Civil Appeal No. 992 of 2002†, decided on April 16, 2002

A. **Constitution of India — Art. 12 — "State" — Scope —** (Per majority, Lahoti and Raju, JJ., dissenting) Council of Scientific and Industrial Research, held, covered — *Sabhajit Tewary case*, (1975) 1 SCC 485 overruled

B. **Constitution of India — Arts. 12 and 13(2) — "State" — "Other authorities" —** A body when can be said to fall within the scope of — (Per majority) Tests to determine, as formulated in *Ajay Hasia case*, (1981) 1 SCC 722, held, are not a rigid set of principles so that a body falling within any one of them must be considered to be "State" — The question in each case would be: whether on facts the body is financially, functionally and administratively dominated by, or under the control of, the Government — Such control must be particular to that body and must be pervasive — If yes, then that body is a State — However, mere regulatory control, whether statutory or otherwise, not sufficient — Council of Scientific and Industrial Research, although a registered society, on facts held, is a State within the meaning of Art. 12 — *Sabhajit Tewary case*, (1975) 1 SCC 485 overruled on this point — (Per Lahoti and Raju, JJ., dissenting) An instrumentality or agency of State is not necessarily an authority within Art. 12 — To be an authority, the entity should have been created by or under a statute and should be functioning with liability or obligations to the public — Moreover, in the former case the statute creating it, and in the latter case some other statute, should vest it with power to make law within the meaning of Art. 13(2) governing its relationship with other people or the affairs of other people — In either case it should be entrusted with functions which are governmental or closely associated therewith by being of public importance or fundamental to the life of the people — Whether an entity is an authority cannot be answered by applying *Ajay Hasia* tests which are relevant only for determining whether an entity is instrumentality or agency of State — Method of applying the said tests, stated — Burden to prove an entity having an independent legal existence to be an instrumentality or agency of the State lies on the person making such allegation — On facts, CSIR is not a State and *Sabhajit Tewary case* was correctly decided — Council of Scientific and Industrial Research Rules, 1999, Rr. 2(iii), 43 and 41 — Council of Scientific and Industrial Research Bye-laws, 1942 — Bye-laws 44, 12, 14, 15, 19, 20, 1, 69 and 6 — Council of Scientific and Industrial Research Memorandum of Association, cl. 5 — Societies Registration Act, 1860, S. 14 — Service Law — Administrative Tribunals Act, 1985, S. 14(2) &

---

† From the Judgment and Order dated 12-2-1986 of the Calcutta High Court in FMAT No. 314 of 1986