# EXHIBIT 96


SCC Online Web Edition, Copyright © 2021
Page 1 Friday, January 29, 2021
Printed For: S & R Associates
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Supreme Court Cases
-----------------------------------------------------------------------------------------------------------------------------------------------------

October 10, 1986 written by the Executive Officer of Town Area Committee, Baldev to the President of the Union requiring the bus operators to stop their buses at the bus stand and to start from there and to permit the passengers to get into and to get out of their buses at that bus stand. It is open to the Regional Transport Authority to take action immediately for determining any convenient place or places within the Town Area of Baldev (Mathura) as a bus stand.

**8.** The appeal is accordingly allowed. There shall, however, be no order as to costs.

---

**(1987) 2 Supreme Court Cases 402**

(BEFORE V. KHALID AND G. L. OZA, JJ.)

MISS LENA KHAN    .. Petitioner;

*Versus*

UNION OF INDIA AND OTHERS    .. Respondents.

Civil Writ Petition No. 231 of 1987,
decided on March 30, 1987

**Service Law — Retirement — Discrimination — Air hostesses — **Age of superannuation of air hostesses employed by Air India in India fixed at 35 years with extension till 45 years but air hostesses employed outside India by Air India entitled to continue beyond age of 45 years — Held, such discrimination should not be sustained merely because it complies with local law abroad; but in view of Air India's submission to maintain same age of retirement everywhere in future, no interference called for (per Oza, J.) — Having regard to Air India's policy to phase out air hostesses recruited outside India at 45 and the fact that they are not entitled to benefits of promotion, no interference called for (Per Khalid, J.) — U. K. Sex Discrimination Act, 1975, Section 6(4) — Constitution of India, Articles 14 and 15 — Air Corporations Act, 1953, Section 45(2)(b) — Regulations framed by Air India under    (Paras 6 and 10)

Air India v. Nergesh Meerza, (1981) 4 SCC 335 : 1981 SCC (L&S) 599 : (1982) 1 SCR 438 : (1981) 2 LLJ 314, affirmed

**Constitution of India — Article 14 — Classification — **Air hostesses and Deputy Chief Air Hostess belong to the same class, having regard to the nature of duties performed by them (Per Khalid, J.) — Service Law   (Para 7)

**Constitution of India — Article 12 — "State" — **Air India covered by definition of    (Para 10)

**Constitution of India — Generally — Extra-territorial operation — **An instrumentality or agency of the State having operations outside India cannot to comply with the municipal law abroad violate provisions of the



SCC Online Web Edition, Copyright © 2021
Page 2    Friday, January 29, 2021
Printed For: S & R Associates
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Supreme Court Cases

---

LENA KHAN v. UNION OF INDIA (*Khalid, J.*)     403

**Constitution of India — In such situation it must withdraw its operations from there — Constitution of India, Preamble and Articles 12 and 14**
(Para 10)

Petition dismissed     R-M/7870/C

The Judgments of the Court were delivered by

KHALID, J.—In this writ petition, filed by an Air India employee, who at the relevant time was Deputy Chief Air Hostess, notice was taken for the respondents when the matter came up for admission. We directed the respondents to file their counter-affidavit. Accordingly counter-affidavit has been filed. The petitioner has filed her rejoinder affidavit also. Heard the learned counsel on both sides at some length.

2. Under the existing rules, namely Regulation 46(1)(c) of the Service Regulations the petitioner was to retire on February 28, 1987 and in fact she retired on that date. The prayer in the writ petition is to quash the letter sent to her retiring her on February 28, 1987, to declare Regulation 46(1)(c) ultra vires, to direct reconsideration of the decision in *Air India* v. *Nergesh Meerza*[1] and to declare that the petitioner will retire only on her attaining the age of 58 years.

3. Identical questions were raised before this Court in a few writ petitions earlier by some other employees of Air India and they were considered at length by a Bench of three Judges in *Air India* v. *Nergesh Meerza*[1] and were considered in favour of Air India. We are bound by this decision. The learned counsel for the petitioner submits that this decision needs reconsideration and made a fervent appeal to us to refer the matter for that purpose. We do not feel persuaded to accept this request.

4. The main thrust of the submissions by the petitioner's counsel is based on Article 14 and Article 15 of the Constitution of India, in that Air India discriminates between the Air Hostesses and the officers like petitioner of Indian origin and of foreign origin who are employees of Air India. The contention is that while the employees of Indian origin have to retire at 35 years with extension till 45, those of foreign origin can go beyond 45 years. This contention also was considered by this Court in the decision referred to above.

5. The case that Air Hostesses recruited outside India can be in the employment of Air India beyond 45 years is met in the counter-

---

1. (1982) 1 SCR 438 : (1981) 4 SCC 335 : 1981 SCC (L & S) 599 : (1981) 2 LLJ 314

SCC Online Web Edition, Copyright © 2021
Page 3 Friday, January 29, 2021
Printed For: S & R Associates
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Supreme Court Cases

affidavit in the following paragraph :

> Therefore, I submit that so far as Air India is concerned, it has not fixed any higher retirement age for Air Hostesses who are recruited outside India. In UK there are only six Air Hostesses and they are also being phased out. The seniormost Air Hostess in UK in terms of age is 41 years old. It is further pertinent to note that there are only six Air Hostesses presently employed in UK. These Air Hostesses belong to different nationalities and speak different European languages with a view to dealing with passengers conversant only with these languages. I say that Air India has been encouraging its Indian Air Hostesses to learn European languages. In view of this position Air India is in the process of phasing out the European Air Hostesses employed in UK. It is also pertinent to note that Air India has appointed a few Air Hostesses in Japan. These Air Hostesses were also appointed for the same reason i.e. their knowledge of the Japanese language. The Air Hostesses employed in Japan would also retire upon reaching the normal age of retirement applicable to Indian Air Hostesses. I say that the service conditions and terms of appointment of the Air Hostesses appointed abroad are different than the service conditions of Air Hostesses appointed in India. It is of utmost importance to note that no Air Hostess appointed (*sic* abroad) is promoted to the post of Deputy Chief Air Hostess, Additional Chief Air Hostess or Chief Air Hostess. These promotional avenues are available only to the Air Hostesses appointed in India....

**6.** From the above extract we find that Air India's policy now is to phase out Air Hostesses recruited outside India and restore uniformity in their retirement age. In UK, there are only six Air Hostesses, the seniormost among whom is only aged 41. The provisions of Sex Discrimination Act, 1975 applicable to United Kingdom was brought to our notice. Part II deals with discrimination in the employment field. Section 6(1)(*b*) and Section 6(2) make discrimination against a woman in the terms of service, promotion opportunities and termination unlawful. But Section 6(4) protects provisions which relate to death and retirement from the vice of the above sections. We refer this only to reassure ourselves that it would be possible for Air India to phase out UK incumbents when they attain the age of 45. Air Hostesses employed in Japan would also retire upon reaching the normal age of retirement applicable to Indian Air Hostesses. It is useful to note that Air Hostesses who are recruited outside India are not entitled to the benefits of promotion to which



SCC Online Web Edition, Copyright © 2021
Page 4    Friday, January 29, 2021
Printed For: S & R Associates
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Supreme Court Cases
-----------------------------------------------------------------------------------------------------------------------------------------------------------

LENA KHAN v. UNION OF INDIA (*Oza, J.*)   405

Indian Air Hostesses are entitled. We are of the view that this should satisfy the petitioner.

7. The case that the petitioner is not an Air Hostess, but belongs to a separate class can also not be accepted. This case did not find favour with this Court in the above decision[1] either. The duties and functions of Deputy Chief Air Hostess includes operation service as a regular line Air Hostess and she will be required to perform the same functions as that of other Air Hostesses. The writ petition thus is devoid of any merit and hence is dismissed.

OZA, J. (*concurring*)—Having gone through the judgment dictated by my learned brother Khalid, J. although I agree with the conclusions arrived at by him but will like to add my own reasons for the conclusions.

9. When this petition came up before us the main ground which moved us to issue notice was that the Air India employs Indian as well as girls coming from different nationalities as Air Hostesses and in respect of the age of retirement there are different rules for Air Hostesses recruited from different countries. It was alleged that whereas an Indian recruited as Air Hostess will normally retire at the age of 35 years which could be extended up to 45, a British girl recruited as Air Hostess retires at the age of 55 years and this, according to the petitioner, was discrimination on the basis of colour.

10. In return the stand taken by the Air India is that "As a matter of fact the Air Hostess recruited by British Airways in India retire at the age of 36 years in India whereas their counterparts in UK retire at the age of 55 years". It is unfortunate that the second respondent a Corporation which is for all purposes State within the meaning of the term as provided in Article 12 of Constitution of India should follow the British Airways in treating Indians differentially and discriminate against them. Reliance was also placed in return on the decision of this Court in *Air India* v. *Nergesh Meerza*[1]. In return a passage has been quoted which appears at page 472 (SCC p. 360), of the judgment. It is true that this is what has been observed in this judgment by a Bench of three Judges of this Court. It is observed : (SCC p. 360, para 62)

> ...There is no complaint by the petitioners that between the separate class of AHs inter se there has been any discrimination regarding any matter. In fact, the only point raised on this aspect was that AHs employed by A.I. in UK have different conditions of service from AHs serving A.I. in countries other than UK. Doubtless this distinction is there but this is really a fortuitous circumstance because A.I. was forced to comply


SCC Online Web Edition, Copyright © 2021
Page 5   Friday, January 29, 2021
Printed For: S & R Associates
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Supreme Court Cases

with the local laws of UK in order to increase the age of retirement of AHs posted in England. Surely we cannot expect A.I. to commit an offence by violating the laws of UK....

It appears as it was also contended that they are bound by the decision of this Court. It is no doubt true that this is the decision which is binding but even in a situation as has been indicated in this judgment that Air India in order to avoid committing an offence in accordance with the law of United Kingdom is choosing to disregard Article 14 of the Constitution. But I have no hesitation that an Indian citizen in such a situation would prefer to walk off from a State where he may have to flout our Constitution to save himself from commission of an offence. All the more the same is expected of respondent 2, a corporation controlled by the Government of India. It is expected that this corporation would abide by the requirement of Article 14 rather than anything else. If need be, it has to walk out of a country where it may become impossible to act in accordance with the ideals of our Constitution or where it may become necessary to disregard the provisions of our Constitution and it is not something new as we have been keeping away from countries which follow apartheid policies. But I am happy that Shri Venugopal, senior advocate appearing for respondent 2 frankly stated that his colleague learned counsel Shri Lalit Bhasin got the United Kingdom Sex Discrimination Act, 1975 further examined and now it is clear that in view of Section 6 sub-clause (4) of that Act it will not be a contravention of that law to have the same age of retirement for an Air Hostess recruited in UK as is provided for an Air Hostess recruited of Indian origin. It appears that this was the law [(United Kingdom) Sex Discrimination Act, 1975] which was perhaps in the minds of the Judges in *Air India case*[1].

**11.** In view of this learned counsel frankly stated that henceforth Air Hostesses recruited anywhere will be treated in the same manner as Air Hostesses recruited from India and it is only on this frank admission made by learned counsel for respondent 2 that we see no reason to entertain the petition. In this view of the matter I agree with the conclusions reached by my learned brother Khalid, J.