# EXHIBIT 98



SCC Online Web Edition, Copyright © 2021
Page 1    Thursday, February 04, 2021
Printed For: Mr Abhishek Tewari
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Maharashtra Law Journal

---

18    RAKESH RAI vs. NATIONAL AVIATION CO.    [2014(1) Mh.L.J.

**18.** For these reasons we have come to the conclusion that on the basis of the material on the record, the Plaintiff made out a strong prima facie case for the grant of interlocutory reliefs. The rights which enured to the benefit of the Plaintiff under its agreement dated 30 October, 1992 were within the knowledge of the Defendants. In breach of those rights, the Defendants created rights among themselves in respect of different aspects of the picture and for different periods. The learned Single Judge has recorded that the facts as disclosed indicate that some of the Defendants have in turn transferred some of their rights for certain periods to parties who are not before the Court. Hence, the Single Judge clarified that their rights will not be affected in any manner whatsoever. Liberty has, however, been granted to apply for reliefs in respect of the other prayers after giving notice to and/or impleading or adopting proceedings against those third parties. The balance of convenience was clearly in favour of the Plaintiff and it is evident that irreparable injury would be caused unless the rights of the Plaintiff are protected by an injunctive order. We, however, find on perusing the record that the relief which has been granted in terms of prayer clause (e) by the learned Single Judge is in the following terms :

> "(e) that pending the hearing and final disposal of the suit, the 3rd, 4th, 5th, 6th and 8th Defendants may be directed to render true and faithful accounts to the Plaintiffs in respect of telecast, exhibition, distribution and exploitation of the said picture and recoveries made/to be made by them in relation thereto *and be ordered and directed to pay to the Plaintiffs the amounts realized and recovered as per the said accounts together with interest at 18% p.a. till payment and realization.*" (emphasis supplied)

The latter part of prayer (e) directing the Third to Sixth and Eighth Defendants to pay to the Plaintiff the amounts realised and recovered together with interest would not be warranted at the interim stage. The aforesaid direction for payment together with interest shall hence stand set aside. We, however, confirm the grant of reliefs by the learned Single Judge in terms of prayer clauses (a), (b), (c), (e) (with the modification noted above) and (e-1).

**19.** The appeal shall accordingly stand disposed of. There shall be no order as to costs.

**20.** In view of the disposal of the appeal, the Notice of Motion in the appeal does not survive and is hence, disposed of.

*Order accordingly.*

---

RESIGNATION : WITHDRAWAL OF

*(V. M. Kanade and Smt. R. P. SondurBaldota, JJ.)*

RAKESH RAI                                                                       *Petitioner.*
    vs.
NATIONAL AVIATION COMPANY OF INDIA
    and another                                                     *Respondents.*

**Resignation** — *Petitioner submitted his resignation of post of co-pilot in the respondent-company, seeking its acceptance with effect from 31-5-2000 —*

<hr>

W. P. No. 287 of 2003 decided on 8-7-2013. (O.O.C.J., Bombay)


SCC Online Web Edition, Copyright © 2021
Page 2    Thursday, February 04, 2021
Printed For: Mr Abhishek Tewari
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Maharashtra Law Journal

2014(1) Mh.L.J.]    RAKESH RAI vs. NATIONAL AVIATION CO.    19

*Respondent No. 1-Company conveyed its willingness to accept resignation subject to certain conditions — Petitioner declined to accept those conditions and sought permission to rejoin services — Held, petitioner had withdrawn his resignation before it was accepted by the respondent No. 1. (1997) 4 SCC 280, (2001) 1 SCC 158, (1978) 2 SCC 301 and 2007(3) SLJ 168 (Delhi), Rel.* (Paras 17 to 21)

For petitioner : *Arshad Shaikh with Mahesh Londhe* instructed by *Sanjay Udeshi and Co.*

For respondents : *S. K. Talsania, Senior Counsel with S. Das Gupta* instructed by *Ms. Chaya Pawar*

**List of cases referred :**

| | | |
|---|---|---|
| 1. | *Union of India and anr. vs. Wing Commander T. Parthasarathy,* (2001) 1 SCC 158 | (Paras 11, 15, 16) |
| 2. | *Power Finance Corporation Ltd. vs. Pramod Kumar Bhatia,* (1997) 4 SCC 280 | (Paras 11, 14) |
| 3. | *Union of India and others vs. Gopal Chandra Misra and others,* (1978) 2 SCC 301 | (Paras 11, 15, 16) |
| 4. | *Secretary, Home Department, Govt. of Maharashtra vs. Sanjay Pandey, Ex-IPS and ors., WP(C) No. 12804 of 2005 decided on 15-12-2005, 2007(3) SLJ 168 (Delhi)* | (Paras 11, 15) |
| 5. | *Steel Authority of India Ltd.. vs. Union of India and others,* (2006) 12 SCC 233 | (Paras 12, 22, 26) |
| 6. | *P. Lal vs. Union of India and others, (2003) 3 SCC 393* | (Paras 12, 22, 27) |

**ORAL JUDGMENT**

**V. M. KANADE, J.** :— Petitioner, by this Petition, is invoking writ jurisdiction of this Court under Article 226 of the Constitution of India, seeking appropriate writ, order and direction for quashing and setting aside the order dated 17-6-2000 passed by the Respondents accepting the Petitioner's resignation with effect from 1-6-2000 and for further direction, directing that the Petitioner may be deemed to be in service during the aforesaid period and for all consequential benefits.

**2.** Brief facts which are necessary for the purpose of deciding this Petition are as under :—

**3.** Respondent No. 1 is a Company fully owned by the Government of India and it is admittedly the "State" within the meaning of Article 12 of the Constitution of India. Petitioner, initially, was an Officer in the Indian Air Force which he joined in 1983 and after meritorious service in Indian Air Force, Petitioner took premature retirement and took training in commercial flying and, thereafter, he joined Respondent No. 1 – Company as a Co-pilot on and around 21-11-1994 as per the terms and conditions contained in letter of offer No. 4-15/5368 dated 15-11-1994 and the Agreement dated 21-11-1994.

**4.** Sometime in 1997, according to the Petitioner, inter se seniority of the Petitioner and one Capt. C. S. Randhawa and others was altered and the Petitioner challenged the said alteration by filing Writ Petition No. 1745 of 1997 in this Court which is still pending.

**5.** Sometime in May, 2000 Petitioner submitted his resignation from the service of Respondent No. 1 by his letter dated 18-5-2000. Petitioner had sought




SCC Online Web Edition, Copyright © 2021
Page 3    Thursday, February 04, 2021
Printed For: Mr Abhishek Tewari
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Maharashtra Law Journal

acceptance of the resignation with effect from 31-5-2000. Petitioner had taken the said decision of resigning since his wife had migrated to USA and, therefore, in the larger interest of the family harmony, he had no choice but to join his wife in USA. Respondent No. 1 gave reply to the Petitioner by their letter dated 13/14-6-2000, stating therein that Petitioner's letter of resignation could be processed only if certain conditions mentioned in the letter were accepted by the Petitioner viz (i) Petitioner withdrawing Writ Petition No. 1745/1997, (ii) Petitioner returning excess pay and allowances received by the Petitioner in view of the order passed by the High Court in the said Writ Petition, (iii) Petitioner agreeing to pay training cost incurred by Respondent No. 1 on the Petitioner, (iv) Petitioner agreeing to return all emoluments drawn by the Petitioner as Co-Pilot on pro-rata basis from the time his training commenced and (v) Petitioner paying Respondent No. 1 liquidated damages, a sum computed on the basis of 12 times the last drawn emoluments. It was stated in the letter that if the Petitioner confirmed the acceptance of these conditions, only thereafter Respondents would be in a position to process the said letter. Petitioner, thereafter, was further informed by the Respondent No. 1 by their letter dated 17-6-2000 that the Petitioner's resignation had been accepted by the Managing Director with effect from 1-6-2000 subject to terms as contained in the letter dated 13/14-6-2000 and the Petitioner was asked to communicate his acceptance of the conditions so that the said letter could be processed expeditiously.

    **6.** In the meantime, Petitioner also received a letter dated 21/24-7-2000 in which he was informed that he was scheduled to operate flight AI-101 of 5-6-2000 and again Flight AI-101 of 17-7-2000 and since the Petitioner had not reported for the said Flights and had neither applied for leave, this amounted to unauthorized absence and was a misconduct as per the provisions of Standing Orders applicable to the Petitioner.

    **7.** Petitioner gave reply to the letters dated 13/14-6-2000 and 17-6-2000 by his letter dated 26-9-2000 in which Petitioner stated that it was not possible for him to accept the terms and conditions contained in the said letter and, therefore, had requested that he may be permitted to rejoin the services at earliest possible time. Petitioner was informed by letter dated 13/16-10-2000 stating therein that since the Petitioner's resignation had been accepted with effect from 1-6-2000, Respondent No. 1 was unable to accept the Petitioner's request.

    **8.** Thereafter, there was correspondence between the Petitioner and Respondent No. 1 and the Petitioner requested Respondent No. 1 to permit the Petitioner to rejoin Air India on humanitarian considerations. Thereafter, Petitioner received a letter dated 25/26-6-2002 in which he was informed that decision had been taken as a special case to offer the Petitioner fresh employment as a Co-pilot. Thereafter, Respondent No. 2 issued notice to Respondent No. 1 stating therein that if the Petitioner was re-employed, Pilots would go on strike and, accordingly General Secretary of the Union, Capt. C. S. Randhawa issued a strike notice dated 24-7-2002. In view of the strike notice, Regional Labour Commissioner fixed the conciliation proceedings on 31-7-2002. However, conciliation proceedings failed and since Respondent No. 1 refused to take the Petitioner back in service, Petitioner filed this Petition under Article 226 of the Constitution of India.



Case 1:21-cv-04375-PGG Document 1-98 Filed 05/14/21 Page 5 of 16
SCC Online Web Edition, Copyright © 2021
Page 4  Thursday, February 04, 2021
Printed For: Mr Abhishek Tewari
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Maharashtra Law Journal

---

2014(1) Mh.L.J.]          RAKESH RAI vs. NATIONAL AVIATION CO.          21

**9.** When this Petition came up for admission on 9-4-2003, following order was passed by the Division Bench (Coram : H. L. Gokhale and D. G. Deshpande, JJ.)

"P.C :

Heard Mr. Singh for the petitioner. Mr. Talsania for Respondent No. 1 and Mr. Anil Kumar for Respondent No. 2.

2. In view of the letter dated 25-6-2002 annexed at Exhibit 'P' to the petition, the respondents will permit medical examination of the petitioner by their own Medical Officer. If found medically fit the petitioner will be offered fresh employment as per that letter. It is clear that the petitioner will not claim any seniority. His ranking will be below the junior most pilot on the pay roll of the 1st Respondent. This is by way of an ad-interim order. Respondent No. 1 is expected to comply with the above directions in the meanwhile.............."

Accordingly, in view of the ad-interim order, Petitioner has been working as co-pilot.

**10.** Respondents have filed their affidavit-in-reply and in the reply it is contended that the resignation of the Petitioner having been accepted with effect from 1-6-2000, it was not open for the Petitioner to claim that there was non-acceptance of the letter by Respondent No. 1. It is contended that the Petitioner was working with the United Airlines in USA which was not only contrary to Standing Order 35 but also indicated that there was severance of relationship of Master and Servant between the Petitioner and Respondent No. 1. It is contended that the Petitioner by his letter dated 21-10-2002 had accepted to work as fresh Co-pilot and had further accepted that the Writ Petition No. 1745 of 1997 filed by him would be infructuous on account of his fresh employment. It is contended that the Petitioner was estopped now from claiming that there was no acceptance of his resignation in view of the categorical statement made in the said letter. Petitioner filed rejoinder and denied the said averments.

**11.** Mr. Shaikh, the learned Counsel appearing on behalf of the Petitioner submitted that letters dated 13/14-6-2000 and 17-6-2000 could not be treated as acceptance of the Petitioner's letter of resignation since the said acceptance was subject to Petitioner's accepting the terms and conditions laid down in the said letter. It is submitted that the said letter of conditional acceptance would not amount to acceptance of resignation. It is secondly submitted that in reply to the said two letters, Petitioner had informed Respondent No. 1 that since it was not possible for him to accept the terms and conditions laid down in the said letter, he was withdrawing his resignation and, therefore, he should be permitted to join the services of Respondent No. 1. He submitted that it is a settled position in law that if the letter of resignation is withdrawn by the employee before acceptance, the employer would be duty bound to permit the employee to rejoin the services and therefore Respondent No. 1 is duty bound to permit the Petitioner to rejoin the services of Respondent No. 1. In support of the said submission, he has relied upon the following judgments :—

(1) *Union of India and anr. vs. Wing Commander T. Parthasarathy, (2001) 1 SCC 158* (2) *Power Finance Corporation Ltd. vs. Pramod Kumar Bhatia, (1997) 4 SCC 280* (3) *Union of India and others vs.*


22       RAKESH RAI vs. NATIONAL AVIATION CO.       [2014(1) Mh.L.J.

*Gopal Chandra Misra and others*, (1978) 2 SCC 301 (4) *Secretary, Home Department, Govt. of Maharashtra vs. Sanjay Pandey, Ex-IPS and ors.*, Judgment of Delhi High Court dated 15-12-2005 in WP (C) No. 12804 of 2005.

**12.** On the other hand, Mr. Talsania, the learned Senior Counsel appearing on behalf of Respondents submitted that the Respondents had informed the Petitioner that his resignation had been accepted with effect from 1-6-2000 and, as such, it was not open for the Petitioner to contend that there was no acceptance of his resignation. The learned Senior Counsel then invited our attention to the correspondence between the parties which had been annexed to the Petition. He contended that by letter dated 21-10-2002, Petitioner had in terms stated that if the Petitioner was permitted to join the services as a fresh Co-pilot, Writ Petition filed by him claiming seniority would become infructuous and secondly he also in terms admitted that his letter of resignation was accepted by Respondent No. 1. It is contended that the Petitioner having given the categorical admission in the said letter, he was estopped from seeking a direction from this Court that there was no acceptance of his resignation. He then submitted that the Petitioner had even before his letter of resignation was accepted, had migrated to USA and had joined the United Airlines as a pilot. He submitted that this clearly indicated that there was severance of relationship of Master and Servant between Respondent No. 1 and the Petitioner. He submitted that this was true test to find out whether relationship of Master and Servant had existed after letter of resignation was sent. He then invited our attention to the Standing Orders and more particularly Standing Order No. 18. In support of the said submission, he relied upon the judgment of the Supreme Court in *Steel Authority of India Ltd. vs. Union of India and others*, (2006) 12 SCC 233 and in *P. Lal vs. Union of India and others*, (2003) 3 SCC 393.

**13.** Before we take into consideration the rival submissions, it will be necessary to examine relevant provisions relating to acceptance and resignation. The Standing Orders of Air India lay down rules of acceptance of resignation. Rule 18 reads as under :—

> "18. RESIGNATION
>
> (i) No workman shall resign from the service of the Corporation except by giving such notice as he would have received under Standing Order 17 if his services were to be terminated, or compensation in lieu of such notice, unless, at the request of the workman, the notice is waived or shorter notice accepted in writing by the Competent Authority. Such compensation shall be equivalent to the amount of the wages as defined in the explanation to Standing Order 17 which the workman would have drawn during the period by which the notice falls short of the prescribed period, and shall be deemed to be a liability owed to the Corporation for the purpose of Regulation 22(2) of the Air-India Employees' Provident Fund Regulations, 1954.
>
> (ii) A resignation given under (i) above may be accepted with immediate effect or at any time before the expiry of the period of notice, in which the case the workman shall be paid his wages in respect of the entire period of notice given by him.



Case 1:21-cv-04375-PGG   Document 1-98   Filed 05/14/21   Page 7 of 16
SCC Online Web Edition, Copyright © 2021
Page 6    Thursday, February 04, 2021
Printed For: Mr Abhishek Tewari
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Maharashtra Law Journal

---

(iii) In case of shorter period of notice is accepted at the request of the workmen, he shall be entitled to receive his wages only for the actual number of days worked.

(iv) If a workman leaves the service of the Corporation without giving any notice or by giving inadequate notice, such resignation shall be liable to be construed as misconduct and may entail any of the punishments prescribed under Standing Order 20.

(v) Notwithstanding anything contained in clauses (i) to (iii) above, a workman shall not be entitled to tender his resignation and any resignation tendered by him shall not be effective or operative against the Corporation, unless the Corporation decides to accept the resignation, if at the time when such resignation is tendered, disciplinary action is pending against him or is intended or proposed to be taken against him by the appropriate authority."

There is no provision in the said rule as to what happens when there is conditional acceptance of a resignation. Prima facie, it does appear that the said rule envisages that the resignation has to be accepted by the employer.

**14.** The legal position as laid down by the Apex Court also needs to be taken into consideration. The Apex Court in *Power Finance Corporation Ltd. vs. Pramod Kumar Bhatia, (1997) 4 SCC 280* in paras 6 and 7 has observed as under :—

"6. Having regard to the respective contentions, the question that arises for consideration is whether the respondent acquired a vested right after acceptance of the voluntary retirement by proceedings dated 20-12-1994. It is seen that the order is a conditional order in that until the dues are paid, the order does not become effective. The respondent himself admitted that outstanding dues could be adjusted from the amount payable to him. Admittedly, no such adjustment has been made. He, therefore, rightly understood that unless he is relieved of the duties of the post, after the payment of the outstanding dues, the order accepting his voluntary retirement does not become effective."

"7. It is now settled legal position that unless the employee is relieved of the duty, after acceptance of the offer of voluntary retirement or resignation, jural relationship of the employee and the employer does not come to an end. Since the order accepting the voluntary retirement was a conditional one, the conditions ought to have been complied with. Before the conditions could be complied with, the appellant withdrew the scheme. Consequently, the order accepting voluntary retirement did not become effective. Thereby no vested right has been created in favour of the respondent. The High Court, therefore, was not right in holding that the respondent has acquired a vested right and, therefore, the appellant has no right to withdraw the scheme subsequently."

The Apex Court, therefore, has observed in the said case that unless the employee is relieved of the duty after acceptance of offer of voluntary retirement or resignation, the jural relationship of the employee and employer does not come to an end.


SCC Online Web Edition, Copyright © 2021
Page 7    Thursday, February 04, 2021
Printed For: Mr Abhishek Tewari
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Maharashtra Law Journal
------------------------------------------------------------

**15.** In *Union of India vs. Wing Commander T. Parthasarathy, (2001) 1 SCC 158* the Apex Court in para 6 has observed that before acceptance of the resignation by the appropriate authority in consonance with the rules governing the acceptance, the public servant was entitled to withdraw his resignation. The Apex Court in the said judgment has referred to majority of the Constitution Bench Judgment in *Union of India vs. Gopal Chandra Misra, (1978) 2 SCC 301 : 1978 SCC (L and S) 303: (1978) 3 SCR 12 : AIR 1978 SC 694* and quoted the observations of the Constitution Bench made in its judgment in para 50, which has been reproduced in para 6 of the said judgment which reads as under:—

"6. We have carefully considered the submissions of the learned counsel appearing on either side. The reliance placed for the appellants on the decision reported in *Rajkumar* Case [*AIR 1969 SC 180 : (1968) 3 SCR 857*] is inappropriate to the facts of this case. In that case this Court merely emphasised the position that when a public servant has invited by his letter of resignation determination of his employment his service clearly stands terminated from the date on which the letter of resignation is accepted by the appropriate authority and in the absence of any law or rule governing the condition of the service to the contrary, it will not be open to the public servant to withdraw his resignation after it is accepted by the appropriate authority and that till the resignation is accepted by the appropriate authority in consonance with the rules governing the acceptance, the public servant concerned had locus penetentiae but not thereafter. This judgment was the subject-matter of consideration alongside the other relevant case law on the subject by a Constitution Bench of this Court in the decision reported in *Union of India vs. Gopal Chandra Misra* [*(1978) 2 SCC 301 : 1978 SCC (L and S) 303: (1978) 3 SCR 12 : AIR 1978 SC 694*]. A request for premature retirement which required the acceptance of the competent or appropriate authority will not be complete till accepted by such competent authority and the request could definitely be withdrawn before it became so complete. It is all the more so in a case where the request for premature retirement was made to take effect from the future date as in this case. The majority of the Constitution Bench analysed and declared the position of law to be as hereunder : (SCC p. 317, para 50)

"50. It will bear repetition that the general principle is that in the absence of a legal contractual or constitutional bar, a 'prospective' resignation can be withdrawn at any time before it becomes effective, and it becomes effective when it operates to terminate the employment or office tenure of the resigner. This general rule is equally applicable to government servants and constitutional functionaries. In the case of a government servant/or functionary/who cannot, under the conditions of his service/or office, by his own unilateral act of tendering resignation give up his service/or office, normally, the tender of resignation becomes effective and his service/or office tenure terminated when it is accepted by the competent authority. In the case of a Judge of a High Court, who is a constitutional functionary and under Proviso (a) to Article 217(1) has a unilateral right or privilege to resign his office, his resignation becomes


SCC Online Web Edition, Copyright © 2021
Page 8    Thursday, February 04, 2021
Printed For: Mr Abhishek Tewari
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Maharashtra Law Journal

Case 1:21-cv-04375-PGG   Document 1-98   Filed 05/14/21   Page 9 of 16

2014(1) Mh.L.J.]        RAKESH RAI vs. NATIONAL AVIATION CO.        25

effective and tenure terminate on the date from which he, or his own volition, chooses to quit office. If in terms of the writing under his hand addressed to the President, he resigns in praesenti, the resignation terminates his office tenure forthwith, and cannot therefore, be withdrawn or revoked thereafter. But, if he by such writing, chooses to resign from a future date, the act of resigning office is not complete because it does not terminate his tenure before such date and the Judge can at any time before the arrival of that prospective date on which it was intended to be effective, withdraw it, because the Constitution does not bar such withdrawal. (emphasis supplied)"

Similarly, Division Bench of the Delhi High Court in *Secretary, Home Department, Govt. of Maharashtra vs. Sanjay Pandey, Ex-IPS and ors., 2007(3) SLJ 168 (Delhi)* has observed in paras 6 and 7 as under :—

"6. It will be appropriate to refer to the decision of the Supreme Court in the case of *Bank of India and ors. vs. O. P. Swarnakar and ors.* MANU/SC/1179/2002 : (2003) ILLJ 819 SC. In the said case the Supreme Court examined voluntary retirement schemes that had been floated by several Banks and held that though the issue involved related to service jurisprudence, the principles of offer and acceptance under the Indian Contract Act, 1872 would be applicable. Distinction was made between "invitation to treat" and an "offer/proposal". Scheme for voluntary retirement was held to be akin to "invitation inviting offers" and request of an employee seeking voluntary retirement was treated as a mere "offer", that does not take effect till acceptance by the Competent Authority. It was further held that acceptance was required to be communicated to the employee."

"7. In the case of *Shambhu Murari Sinha vs. Project and Development India* (supra), it has been held that offer for voluntary retirement can be withdrawn at any time by an employee till he is relieved from service. In the said case an employee had submitted application seeking voluntary retirement on 18-10-1995, which was accepted on 13-7-1997 and the said acceptance was also duly communicated. However, the employee in the said case was to continue in service till 26-9-1997, when he was to be relieved. Before the relieving date the employee changed his mind and submitted a letter on 7-8-1997 withdrawing his letter dated 18-10-1995 by which he had sought voluntary retirement. The Supreme Court held that the employee had to continue in service till 26-9-1997 and this would be the "effective date" and before the said date the employee had the right to withdraw his option to go on voluntary retirement. In the said judgment, the Supreme Court relied upon earlier decisions in the case of *Union of India vs. Gopal Chandra Misra* (supra); *Balram Gupta vs. Union of India* MANU/SC/0608/1987 : (1987) IILLJ 541 SC : *J. N. Srivastava vs. Union of India* MANU/SC/1577/1998 : (1999) ILLJ 546 SC; and *Power Financial Corporation Limited vs. Pramod Kumar Bhatia 1997 (3) SLJ 271 (SC) : (1997) 4 SCC 820*, in which it has been held that a resignation which has already been accepted can be withdrawn before the "effective date". In the case of *J. N. Srivastava* (supra), it has been held as follows :


SCC Online Web Edition, Copyright © 2021
Page 9         Thursday, February 04, 2021
Printed For: Mr Abhishek Tewari
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Maharashtra Law Journal

It is now well settled that even if the voluntary retirement notice is moved by an employee and gets accepted by the authority within the time fixed, before the date of retirement is reached, the employee has locus penetentiae to withdraw the proposal for voluntary retirement. The said view has been taken by Bench of this Court in the case of *Balram Gupta vs. Union of India.*

**16.** We respectfully agree with the observations made by the Delhi High Court. The Apex Court has also clearly laid down firstly that if a conditional acceptance is given by the employer, in that case, it is open for the employee to withdraw the resignation, if the conditions imposed by the employer are not acceptable to him in which case, it will have to be held that his resignation stands withdrawn. Similarly, the Apex Court also in *Wing Commander T. Parthasarathy, (2001) 1 SCC 158* (supra) has clearly held that where the resignation is to take effect on a future date, it can be withdrawn at any time before that date. The Constitutional Bench in *Gopal Chandra Misra, (1978) 2 SCC 301 : 1978 SCC (L and S) 303: (1978) 3 SCR 12 : AIR 1978 SC 694* (supra) has also reiterated that prospective resignation can be withdrawn at any time before it becomes effective.

**17.** Taking into consideration the well settled position in law, we will have to see the factual position in this case.

**Factual position :**

It is necessary to see the chronology of dates and events :—

(i)   Petitioner submitted his letter of resignation dated 18-5-2000 and stated that it should take effect from 31-5-2000.

(ii)  On 14-6-2000, Respondent No. 1 put various conditions of acceptance of the resignation and further stated in the letter that Petitioner should first convey his acceptance of those conditions before his resignation could be processed further.

(iii) Then, a letter dated 17-6-2000 was issued by Respondent No. 1 to the Petitioner informing him that his letter of resignation had been accepted with effect from 1-6-2000 subject to complying with the conditions contained in letter dated 14-6-2000. Further it is stated in the said letter that the Petitioner should confirm the terms so that the employer could process the Petitioner's application expeditiously.

(iv)  The letter dated 21/24-7-2000 was written by Respondent No. 1 to the Petitioner informing him that since he had not reported for the Flight which was to operate on 5-6-2000 and 17-7-2000, the said act amounted to unauthorized absence and was a misconduct as per the provisions of Certified/Order applicable to him. Petitioner was asked to give explanation within three days from the receipt of the said letter.

(v)   On 26-9-2000, Petitioner gave reply to the Respondents' letter dated 13-6-2000 and 17-6-2000 informing the Respondents that it was not possible for him to accept the conditions imposed by Respondent No. 1 in the said two letters and he, therefore, asked for permission to rejoin the services.

SCC Online Web Edition, Copyright © 2021
Page 10    Thursday, February 04, 2021
Printed For: Mr Abhishek Tewari
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Maharashtra Law Journal

---

2014(1) Mh.L.J.]    RAKESH RAI vs. NATIONAL AVIATION CO.    27

**18.** From the aforesaid chronology of events, therefore, it will have to be tested whether the Petitioner's resignation had been accepted by Respondent No. 1 or prior to acceptance of the resignation, he had withdrawn his resignation.

**19.** In order to appreciate the said factual position, it will be necessary to see the contents of the said letters dated 13/14-6-2000 and 17-6-2000 written by Respondents. The letter dated 13/14-6-2000 read as under :—

**"AIR INDIA"**

From : Operations
Department                                    Date 13/14-6-2000
Santacruz                                     Ref No. 4-IR/2823

To :
Capt. Rakesh Rai
Staff No. 26484
Co-Pilot
Santa Cruz
Sub : *Resignation from the services*

With reference to your letter on resignation from the services of Air India, dated 18th May, 2000, please note that same will be processed subject to following :—

1. You will withdraw the pending case on the issue of your inter-se seniority vis-à-vis other Pilots in your batch.
2. You will withdraw any excess pay and allowances received by you in view of Clause 1 above.
3. You are liable to pay the training cost incurred on you on pro-rata basis (as per the Contract).
4. You shall return all emoluments drawn by you as Co-Pilot on pro-rata basis from the time your training commenced.
5. Pay back the liquidated damages, a sum computed on the basis of 12 times the last drawn emoluments.

Please confirm above so that your application can be processed.

sd/-
(CAPT. U.C. SAXENA)
GENERAL MANAGERS–OPS"

Secondly, the letter dated 17-6-2000 reads as under :—

**"AIR INDIA"**

From : Operations
Department                                    Date 17th June, 2000
Santacruz                                     Ref No. 4-IR/2945
To : Capt. Rakesh Rai
Staff No. 26484
Co-Pilot
Santa Cruz
Sub : *Resignation from the services*

Further to our letter No. 4-IR/2823 dated 13/14-6-2000, please note that your resignation has been accepted by the Managing Director on 1-6-


Case 1:21-cv-04375-PGG   Document 1-98   Filed 05/14/21   Page 12 of 16
SCC Online Web Edition, Copyright © 2021
Page 11          Thursday, February 04, 2021
Printed For: Mr Abhishek Tewari
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Maharashtra Law Journal

---

2000 subject to the terms and conditions as indicated in our above mentioned letter.

Please confirm the terms to enable us to process your application expeditiously.

Sd/-
(Capt. M. K. Hathi)
Dy. Director – Operations"

Perusal of the said two letters, therefore, make it abundantly clear that Respondent No. 1 had not accepted resignation of the Petitioner and had asked the Petitioner to convey to Respondent No. 1 whether conditions which were imposed in the letter dated 13/14-6-2000 were acceptable to him. In the letter dated 13/14-6-2000, Respondent No. 1 had, in terms, stated as under :—

"Please confirm above so that your application can be processed."

In the letter dated 17-6-2000, it was stated as under :—

"Please confirm the terms to enable us to process your application expeditiously."

It is abundantly clear, therefore, that Respondent No. 1 had not accepted the resignation and had not even processed it and had called upon the Petitioner whether conditions imposed in letter dated 13/14-6-2000 were acceptable to him.

**20.** Petitioner had, in fact, in reply to the said two letters within two months had informed Respondent No. 1 as under :—

"Capt. Rakesh Rai
1404, Valentine Tower No. 1
Gen. A. K. Vaidya Marg,
Malad (E), Mumbai-400097.

Director of Operations
Air India Ltd.
Santa Cruz (E),
Mumbai – 400 029

*REJOINING THE SERVICE*

Sir,

1. Reference is made to my letter dated 18 May, 2000 and your letters dated 13/14 June, 2000 and 17 June, 2000.

2. Due to personal reasons I am not in a position to confirm the terms in the letter hence I would like to rejoin my service at the earliest possible. I request you to kindly allow me to rejoin the service at my previously held position and seniority. I shall remain grateful to you for this.

3. Please let me know the earliest date when I can rejoin the service. Thanking you.

26 Sep. 2000

Yours Faithfully
Sd/-
(Capt. Rakesh Rai)
Staff No. 26484"



SCC Online Web Edition, Copyright © 2021
Page 12    Thursday, February 04, 2021
Printed For: Mr Abhishek Tewari
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Maharashtra Law Journal

**21.** From the aforesaid position, therefore, it is clear that the Petitioner had withdrawn his resignation and had declined to accept the conditions for acceptance of resignation imposed by Respondent No. 1. The ratio of the judgments, therefore, in our view, which are referred to hereinabove is squarely applicable to the facts of the present case and it will have to be held that the Petitioner had withdrawn his resignation before it was accepted by Respondent No. 1.

**22.** Apart from that, from the chronology mentioned hereinabove, it is also clear that after the resignation was tendered by the Petitioner in May, 2000, two letters were sent by Respondent No. 1 dated 13/14-6-2000 and 17-6-2000. Thereafter, Respondent No. 1 had issued show-cause notice to the Petitioner, stating therein why action should not be taken against him for not joining the duty on 5-6-2000 and 17-7-2000. This clearly indicates that Respondent No. 1 had treated the Petitioner as servant and had not accepted that relationship of employer and employee between the Petitioner and Respondent No. 1 had been severed. Therefore, the contention of the learned Senior Counsel appearing on behalf of the Respondents that there was severance of relationship of employer and employee is without any substance. The learned Counsel appearing on behalf of Respondents has relied on two judgments of the Apex Court; one in *Steel Authority of India Ltd. vs. Union of India and others, (2006) 12 SCC 233* and the other in *P. Lal vs. Union of India and others, (2003) 3 SCC 393*. In our view, ratio of the said two judgments is not applicable to the facts of the present case.

**23.** Further, correspondence between parties which is annexed to the Petition also reveals that the Petitioner, on account of pressure exerted by Union of which Mr. Randhawa was General Secretary who had an axe to grind against the Petitioner, Respondent No. 1 was not allowing the Petitioner to join the services. Even the attempt of conciliation made by Conciliation Officer had failed and it was only after interim order was passed by Division Bench of this court, Respondent No. 1 had allowed the Petitioner to join the services. Much emphasis was laid by the learned Counsel appearing on behalf the Respondents on the letter written by the Petitioner dated 21-10-2002. It is contended that in the said letter, the Petitioner had, in terms, stated that the Petition filed by him against Mr. Randhawa and other in 1997 had become infructuous firstly because of his resignation from the services and, secondly, since he had agreed to work as junior-most Co-pilot. It is contended that effect of the said letter was that the Petitioner was estopped from challenging his resignation from services and the said admission was binding on him. It is submitted that the Petitioner also had accepted the position that he had resigned. It is submitted that his conduct also showed that there was severance of relationship of Master and Servant since the Petitioner had gone to USA along with his wife and had joined United Airlines and was working as Pilot in the said Airlines. It is submitted that, therefore, there was a complete severance of relationship of employer and employee. It is submitted that on this ground Petition is liable to be dismissed.

**24.** In our view, the said submission cannot be accepted. The contents of the said letter dated 21-10-2002 have to be taken into consideration in the circumstances under which the said letter was written. Petitioner, after withdrawing his resignation had returned to India and wanted to rejoin the


SCC Online Web Edition, Copyright © 2021
Page 13        Thursday, February 04, 2021
Printed For: Mr Abhishek Tewari
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Maharashtra Law Journal

---

30       RAKESH RAI vs. NATIONAL AVIATION CO.       [2014(1) Mh.L.J.

services. His elder brother was serious and he was desperate to join the services of Respondent No. 1. Almost for two years, despite earlier correspondence, on account of threat of strike given by the Union, Respondent No. 1 had not permitted the Petitioner to rejoin as a Co-pilot. The matter had reached the Conciliation Officer. It is obvious that under these circumstances, Petitioner was trying to allay the fear of Respondent No. 1 and of the Union and, in that context, the said letter was written. It is a well settled position in law that the said letter written under fortuitous circumstances cannot be considered as admission of resignation when legal position clearly reflects that his resignation was not accepted.

25. The contention of Respondents that there was severance of Master and Servant relationship between the Petitioner and Respondents cannot be accepted. The Petitioner sent a letter of resignation on 18-5-2000 which was to take effect form 31-5-2000. This resignation was not processed by the Respondents as there was conditional acceptance which is evident from two letters dated 13/14-6-2000 and 17-6-2000. Apart from that, a show-cause notice was also issued to the Petitioner by Respondent No. 1, asking him why his absence on two days should not be treated as misconduct. The Petitioner within two months thereafter by his letter dated 26-9-2000 informed Respondent No. 1 of his withdrawal of letter of resignation on account of non-acceptance of the conditions imposed by Respondent No. 1. The Petitioner, thereafter, was continuously requesting Respondent No. 1 to permit him to rejoin the services of Respondent No. 1. However, Respondent No. 1 permitted the Petitioner to rejoin the services only after a lapse of almost two years. This being the factual position, merely because the Petitioner had joined United Airlines after he left India, could not by itself be a ground to suggest that there was a severance of relationship of Master and Servant. At the highest, it could be said that it would amount to misconduct on the part of the Petitioner for having joined another service which was contrary to the Standing Order No. 35. The submission made by Mr. Talsania, the learned Senior Counsel appearing on behalf of Respondents of severance of status is without any substance.

26. So far as the judgment in *Steel Authority of India Ltd. vs. Union of India and others, (2006) 12 SCC 233* concerned, Mr. Talsania, the learned Senior Counsel invited our attention to para 28 of the said judgment. He submitted that as a result of letter dated 21-10-2002 written by the Petitioner stating therein that his resignation has been accepted, the Petition filed by him has become infructuous and he was estopped on the principle of estoppel, waiver and acquiescence. In our view, the said submission is without any substance. Para 28 of the said judgment reads as under :—

> "28. The workmen whether before the Labour Court or in writ proceedings were represented by the same union. A trade union registered under the Trade Unions Act is entitled to espouse the cause of the workmen. A definite stand was taken by the employees that they had been working under the contractors. It would, thus, in our opinion, not lie in their mouth to take a contradictory and inconsistent plea that they were also the workmen of the principal employer. To raise such a mutually destructive plea is impermissible in law. Such mutually destructive plea,



SCC Online Web Edition, Copyright © 2021
Page 14    Thursday, February 04, 2021
Printed For: Mr Abhishek Tewari
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Maharashtra Law Journal

> in our opinion, should not be allowed to be raised even in an industrial adjudication. Common law principles of estoppel, waiver and acquiescence are applicable in an industrial adjudication."

In the said case, a definite stand was taken by the employees that they had been working under the contractors and, at the same time, they had contended that they were also the workers of the principal employer. It was in this context the Apex Court observed that it was not permissible to raise such a mutually destructive plea. Ratio of the said judgment, in our view, is not applicable to the facts of the present case.

**27.** Mr. Talsania, the learned Senior Counsel also relied upon the judgments in *P. Lal vs. Union of India and others*, (2003) 3 SCC 393 and particularly on the observations made by the Apex Court in para 27. In the said case, a request was made by Respondent No. 3 by his letter dated 5-5-1993 that he should be allowed to retire voluntarily with immediate effect. He had also deposited ₹ 30,870/- in lieu of three months' notice. So, according to Respondent No. 3, the effective date of tendering his application for retirement was 5-5-1993. According to Rule 16(2-A) of the All India Services (Death-cum- Retirement Benefits) Rules, 1958, notice of retirement had to be accepted by Government of India and the Government accordingly had accepted the notice of retirement on 2-3-1995. It was in view of these facts, Apex Court has observed in para 27 as under :—

> "27............. The moment Government of India accepted the notice the retirement became effective. The relationship of master and servant came to an end. We are unable to accept the submission that the relationship of master and servant did not terminate till the acceptance was communicated to Respondent No. 3. It must be remembered that Rules 16(2) and 16(2A) enable a member to retire from service on giving the required notice. Once such a notice is given it merely has to be accepted by the Government of India. The moment it is accepted the retirement would become effective. If any other view is taken it would lead to absurd results. Such a view would mean that even though a member had given a notice for voluntary retirement stopped attending office and/or gone away abroad and/or taken up some other employment after a number of years of absence the member could claim to come back into service because the Government, for some unforeseen reasons, had not communicated its acceptance. Taken to its absurd length such a member could after superannuation claim that, as the services were not terminated, he was entitled to pension and gratuity on the basis that he had continued in service. The requirement of communication of acceptance would only arise in cases where, even after giving of a notice of voluntary retirement the member continues to work/perform his duties. In such cases the member would need to know from what date he can stop attending office. In cases where the member has by his own conduct abandoned service the severance of the relationship of master and servant takes place immediately on acceptance of notice. We are unable to accept the submission that the severance of relationship of master and servant cannot take effect until there is an Order by the


SCC Online Web Edition, Copyright © 2021
Page 15   Thursday, February 04, 2021
Printed For: Mr Abhishek Tewari
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Maharashtra Law Journal

President of India and the same is duly notified in the Gazette. Rules 16(2) and 16(2A) have been set out hereinabove........."

In our view, the said observation made by the Apex Court will have to be read in the facts and circumstances of the said case and, therefore, ratio of the said judgment will not apply to the facts of the present case.

**28.** Writ Petition is, therefore, allowed in the following terms. It is held that resignation of the Petitioner dated 18-5-2000 was never accepted by the Respondents and before it could be accepted conditionally, Petitioner had withdrawn his resignation by his letter dated 26-9-2000. However, in our view, Petitioner would not be entitled to get the salary from 1-6-2000 to June, 2003 since the Petitioner had not worked with Respondent No. 1. However, the said period shall be considered as if he was on duty for the purpose of continuity of service. Petitioner also would not be entitled to get seniority over the Officers who were appointed during the period from June, 2000 to June, 2003.

**29.** Writ Petition allowed in the aforesaid terms and the Rule is made absolute accordingly.

**30.** Writ Petition is disposed of.

*Petition allowed.*

---

### TRANSFER OF MATRIMONIAL PROCEEDINGS
*(S. S. Shinde, J.)*

KALPNA w/o PANKAJ ROZATKAR                                   *Applicant.*
           vs.
PANKAJ s/o SUPADU ROZATKAR                                  *Respondent.*

**Civil Procedure Code, S. 24** — *Transfer of proceedings — Applicant-wife residing at Jalgaon along with her four year child — Husband of the applicant instituted Hindu Marriage petition before Civil Judge (S.D.), Kalyan — Applicant would have to travel to Kalyan to defend proceedings at Kalyan which would be inconvenient to her — Proceedings directed to be transferred to Court of Civil Judge (S. D.), Jalgaon.* (2001) 10 SCC 41, Rel. (Paras 1 to 6)

For applicant : *Vinod P. Patil*

For respondent sole : *D. S. Pawar, holding for K. C. Sant*

**Case referred :**
1.  *Sumita Singh vs. Kumar Sanjay, (2001) 10 SCC 41*                    (Para 6)

**ORAL JUDGMENT :—** Rule. Rule made returnable forthwith. By consent, heard finally.

**2.** This application is filed for transfer of the proceedings of Hindu Marriage Petition No. 161 of 2007 pending before the Court of the Civil Judge, Senior Division, Kalyan to the Court of the Civil Judge, Senior Division, Jalgaon. Since the facts of the case are stated by the applicant in the application, as and when it is necessary this Court will refer the said facts, however, it is not necessary for the purpose of deciding this application to reproduce the facts.

**3.** The learned Counsel appearing for the applicant submits that, the distance between Jalgaon to Kalyan is more than 400 Kms. and therefore, it is inconvenient for the applicant-wife to travel from Jalgaon to Kalyan to attend the

---
Misc. Civil Appln. No. 53 of 2012 decided on 10-7-2013. (Aurangabad)